# Exhibit B

# EXHIBIT A B

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
-------------------------------X
                               :
BRIAN KING, ET AL.,            :
                               :
        Plaintiffs,            :
                               :
             v.                :     Civil No. 436977
                               :
SERV TRUST, ET AL.,            :
                               :
        Defendants.            :
                               :
-------------------------------X
```

EXCERPT FROM HEARING

Rockville, Maryland                              January 3, 2023

DEPOSITION SERVICES, INC.
P.O. BOX 1040
Burtonsville, Maryland 20866
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
------------------------------X
                              :
BRIAN KING, ET AL.,           :
                              :
        Plaintiffs,           :
                              :
             v.               :       Civil No. 436977
                              :
SERV TRUST, ET AL.,           :
                              :
        Defendants.           :
                              :
------------------------------X
```

Rockville, Maryland

January 3, 2023

WHEREUPON, the proceedings in the above-entitled matter commenced

    BEFORE:    THE HONORABLE DAVID W. LEASE, JUDGE

    APPEARANCES:

    <u>FOR THE PLAINTIFFS</u>:

    MAURICE B. VERSTANDIG, Esq.
    9812 Falls Road, No. 114-160
    Potomac, Maryland 20854

    <u>FOR THE DEFENDANTS</u>:

    ERIC PELLETIER, Esq.
    FRANCES WILBURN, Esq.
    Offit Kurman, P.A.
    7501 Wisconsin Avenue, Suite 1000W
    Bethesda, Maryland 20814

    FRANK J. MASTRO, Esq.
    Schlossberg, Mastro & Scanlan
    P.O. Box 2067
    Hagerstown, Maryland 21742

```
 1                     P R O C E E D I N G S
 2            THE COURT:  And under the Frow doctrine you can,
 3   either one of two things:  you sort of abstain from going
 4   forward because you don't want to try it twice, or two, you can
 5   enter the judgment, but then it's a non-final judgment because
 6   anything that I do today in essence necessarily would be non-
 7   final because we don't have, we're not putting all of the
 8   claims against all the parties are not getting to an
 9   adjudication.  So we don't have a final judgment today under
10   any circumstance.
11            (End of requested portion of the proceeding.)
12            THE COURT:  The reason is sort of I would go forward
13   on their claim today, as opposed to waiting until the
14   defaulting parties, because I don't know when and if Mr. Myers
15   would ever be subject to actual determination in this court,
16   depending on what the bankruptcy courts decide.  They could
17   modify the claims or reduce the claims.
18            (End of requested portion of the proceeding.)
19
20
21
22
23
24
25
```

4

√ Digitally signed by Margaret L. vanEkeren

DIGITALLY SIGNED CERTIFICATE

**DEPOSITION SERVICES, INC.** hereby certifies that the attached pages represent an accurate transcript of the electronic sound recording of the proceedings in the Circuit Court for Montgomery County in the matter of:

Civil No. 436977

BRIAN KING, ET AL.

v.

SERV TRUST, ET AL.

By: *Margaret L. vanEkeren*

———————————————

Margaret L. vanEkeren
Transcriber

# Exhibit C

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

------------------------------X
                              :
BRIAN KING, ET AL.,           :
                              :
        Plaintiffs,           :
                              :
            v.                :   Civil No. 436977
                              :
SERV TRUST, ET AL.,           :
                              :
        Defendants.           :
                              :
------------------------------X

ORAL OPINION

Rockville, Maryland                                April 17, 2023

DEPOSITION SERVICES, INC.
PO Box 1040
Burtonsville, Maryland 20866
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
------------------------------X
                              :
BRIAN KING, ET AL.,           :
                              :
         Plaintiffs,          :
                              :
              v.              :      Civil No. 436977
                              :
SERV TRUST, ET AL.,           :
                              :
         Defendants.          :
                              :
------------------------------X
```

Rockville, Maryland

April 17, 2023

WHEREUPON, the proceedings in the above-entitled matter commenced

BEFORE:   THE HONORABLE DAVID W. LEASE, JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

MAURICE B. VERSTANDIG, Esq.
Verstandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland  20854

FOR 6789 GOLDSBORO, LLC:

FRANCES C. WILBURN, Esq.
ERIC J. PELLETIER, Esq.
Offit Kurman, P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, Maryland  20814

APPEARANCES, Continued:

FOR ROGER SCHLOSSBERG:

FRANK J. MASTRO, Esq.
Schlossberg, Mastro & Scanlan
P. O. Box 2067
Hagerstown, Maryland  21742

FOR SERV TRUST:

LAURIN H. MILLS, Esq.
Samek, Werther & Mills, LLC
2000 Tower Oaks Boulevard
Suite 200
Rockville, Maryland  20852

4

|  |  |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE BAILIFF: The Circuit Court for Montgomery County |
| 3 | is now in session, the Honorable David W. Lease presiding. |
| 4 | THE COURT: Good morning, everybody. Please be |
| 5 | seated. |
| 6 | THE CLERK: Calling Civil Case 436977V, Brian King, |
| 7 | et al v. Serv Trust, et al. |
| 8 | THE COURT: All right, good morning. If we could go |
| 9 | ahead and have the parties identify themselves, starting with |
| 10 | the King plaintiffs' attorneys and then Goldsboro's attorneys |
| 11 | and then for Serv Trust? |
| 12 | MR. VERSTANDIG: Good morning, Your Honor. Maurice |
| 13 | Verstandig on behalf of the King parties. |
| 14 | MS. WILBURN: Good morning, Your Honor. Frannie |
| 15 | Wilburn on behalf of 6789 Goldsboro. |
| 16 | MR. PELLETIER: Good morning, Your Honor. Eric |
| 17 | Pelletier here on behalf of 6789 Goldsboro. |
| 18 | MR. MASTRO: Good morning, Your Honor. Frank Mastro |
| 19 | on behalf of the Chapter 7 trustee, Roger Schlossberg, who is a |
| 20 | nominal defendant in this action. Mr. Schlossberg is with us |
| 21 | today as well. |
| 22 | THE COURT: Okay. |
| 23 | MR. SCHLOSSBERG: Good morning, Your Honor. Roger |
| 24 | Schlossberg, trustee. |
| 25 | THE COURT: All right, good morning. |

1

2          MR. MILLS:  And good morning, Your Honor, Lauren
3  Mills on behalf of Serv Trust.
4          THE COURT:  All right, good morning.  So this matter
5  is before the Court.  There are several open motions to address
6  today.  The primary motion that is of concern was the motion by
7  Serv Trust to in essence alter or amend judgment in the case.
8  And there was -- then there was lines to strike them by the
9  trustee, basically arguing that due to the Court's decision in
10 the case, finding that Serv Trust was the alter ego of Mr.
11 Myers, that once and immediately after that decision was made,
12 Serv Trust became an asset of the bankrupt estate, and
13 therefore the Court did not have -- I guess in essence lost
14 jurisdiction to address the motion for reconsideration or to
15 alter or amend without leave of the United States Bankruptcy
16 Court.
17         Serv Trust countered that by arguing that the Court
18 could hear the case, because it was a non-final judgment that
19 the Court does have authority under the Maryland rules to
20 address motions to alter or amend, especially if they've been
21 filed within the ten day time period which then stays the time
22 for which a party has to file an appeal, and certainly delays
23 the finality of any judgment entered by the Court.
24         We heard that motion back on February 27th.  I
25 apologize to the parties for taking such a long time to get

1  back to you.  But that's because whenever I had a free moment,
2  I was trying to do a very deep dive to determine if I could
3  find anything that remotely looked like this case with respect
4  to this initial issue where there was a non-final judgment that
5  had some effect on the bankrupt estate, and then there were
6  some attempts at post-judgment motions in the State court to
7  see how that would work out.
8         Frankly, I didn't find anything.  I took a fairly --
9  I wanted to find something, because otherwise it is a very sort
10 of unique issue that I understand really both sides' arguments
11 fairly well, and they both have some intuitive value to them.
12 So, in looking at it -- so with respect to the initial issue
13 here as to whether this Court can even reach the merits of the
14 motion to alter or amend, what I've decided -- and really,
15 there's much authority to it other than the Court has authority
16 under the Maryland rules to control its judgments that are non-
17 final.
18         I understand the bankruptcy issue, and it may well be
19 correct, but I just think in terms of the authority of the
20 state court, which under the federal system -- when you look at
21 the federalism here, even though bankruptcy would issue a stay,
22 because the asset becomes part of the bankruptcy estate because
23 of this Court's order -- and I believe that the Court does have
24 jurisdiction to consider the merits of the underlying final
25 order, since that is the triggering mechanism which provides

1  the bankruptcy court with the additional assets for the estate.
2  And therefore, based upon that, I would reach the merits of the
3  underlying motion in this case.
4        Therefore, I will -- there was a motion to strike the
5  trustee's line withdrawing Serv Trust's motion for new trial or
6  to alter or amend judgment.  Therefore, based on my ruling, I
7  will deny -- strike that -- I will grant that motion and strike
8  the line withdrawing the response.
9        So we next turn to the motion for new trial or to
10 alter or amend judgment in the case.  It really comes down to
11 one -- the defendant Serv Trust is arguing in essence a lack of
12 notice of the trial date in this case.  And, you know, again, I
13 went back, I looked at the docket entries in some detail,
14 because the first issue that came up was that there was no
15 docket entry setting the trial date in this case.  So I wanted
16 to make sure whether that was correct or not correct.
17       However, there is -- we had a hearing on October 6,
18 2022.  At that hearing, the Court set a trial date of January
19 3, 2023 for a three-day court trial.  There is docketed on
20 the -- in the docket -- the hearing sheet from that hearing
21 which sets forth both the trial date of January 3rd as well as
22 the pre-trial date.  Therefore, there was a docket entry
23 specifically addressing the trial in this matter and as I think
24 was pointed out by the plaintiffs in this case, the Court of
25 Appeals has been very clear about the fact that any party to a

1  litigation is deemed to have knowledge of the docket entries
2  and is charged with that knowledge.
3      Here, there was clearly a docket entry that noted the
4  court trial in this case. So I do think that there --
5  initially there's at least constructive notice of the court
6  trial by Serv Trust in this matter.
7      Additionally, as the trial was approaching on
8  November 28, 2022, there was a motion filed seeking to place
9  Serv Trust in default. That was a default that came about --
10 the fact that they had had a prior attorney -- and I'll just
11 note for the record that Serv Trust had actively participated
12 in the litigation -- significant participation. Counsel was
13 involved, filing motions. Counsel then withdrew their
14 appearance. Serv Trust was given notice that they had 15 days
15 to add a new counsel or that they could be deemed to be in
16 default in this case.
17     Serv Trust never sought to hire new counsel until
18 after the judgment in the case was entered. But with respect
19 to notice, the motion to default that was filed against Serv
20 Trust specifically noted the trial date in the motion. And
21 that motion was served on Daniel Ring as trustee of Serv Trust,
22 even though they did not have counsel in the case.
23     I would note also on December 20, 2022, a motion to
24 hold debtor's pending motions -- and those would be of the
25 debtor Mr. Myers in abeyance pending termination of the

9

1   automatic stay -- was also served on Daniel Ring as trustee for
2   Serv Trust.
3        The first numbered paragraph in that pleading lists
4   the trial date of January 3, 2023. Additionally, there was a
5   number of filings by Mr. Myers in the case. And I've looked at
6   them. They did not specifically address the trial date. They
7   were all served on Mr. Ring as trustee. So between all of
8   that, there's no doubt in the Court's mind that Mr. Ring as the
9   trustee had not only constructive knowledge of the trial date,
10  but actual knowledge of the trial date in this matter.
11       So, and lastly, the Court had found that Mr. Myers
12  was the alter ego of Serv Trust, and as the alter ego,
13  knowledge of Mr. Myers would certainly be imputed to Serv Trust
14  in this case. And so the request for a new trial or to alter
15  or amend judgment based on lack of notice to Serv Trust I don't
16  believe is with merit, given the facts as outlined -- as I've
17  just outlined them, that they had notice. I think what they
18  did is they waited until after the trial, and then when they
19  didn't like what had happened, or when Mr. Myers' efforts to
20  delay or prevent the trial from going forward were ultimately
21  unsuccessful and the plaintiffs were able to get a remand so
22  quickly from the Florida bankruptcy court in this matter, that
23  they then sought counsel and did what they should have been
24  doing back within 15 days of the original order when their
25  counsel left the case.

1    So we have a situation where I do believe that the
2    judgment was correct under the facts and I don't believe that
3    there's been anything set forth that would justify a new trial
4    or a motion to alter or amend the judgment in this case.
5    Therefore, I'll deny the motion to alter or amend or for new
6    trial in this matter.
7    All right?  I think there might be some -- I don't
8    know if there are other motions to strike.  Also, just so I
9    note, there was also a motion to stay pending the decision of
10   this case.  That motion will be denied as moot at this point.
11   All right?  And if there were other motions to strike, other
12   withdrawals, I'll address those as being granted in the sense
13   that the withdrawals will be just to clean up the docket and
14   file in the case.
15   All right?  So I think that concludes everything
16   unless anybody has any clarification of my ruling in the case.
17            (No response.)
18            THE COURT:  Hearing no response, I will -- yes,
19   ma'am?
20            MS. WILBURN:  Who will be handling the order?
21            THE COURT:  Excuse me?
22            MS. WILBURN:  The order -- will you do that?
23            THE COURT:  Yes, we'll do an order.  We'll just do
24   the order.  Okay.  We'll just do it.
25            MS. WILBURN:  Thank you, Your Honor.

1           THE COURT:  There's too many parties to try to figure
2  out who's going to draft it and circulate it.  I'll just do the
3  order myself and we'll get it done.
4           All right, so we'll get that order in.  I'm sure that
5  this won't be the last we'll hear of this matter.  So, I
6  appreciate everybody's -- I will just say this.  I appreciate
7  everybody's memoranda and pleadings.  I thought they were very
8  good.  Very helpful to the Court.  I think -- on that first
9  issue, I think there just isn't any law out there.  And so, I
10 don't know if this would be the case that makes that or not,
11 but I really wanted to find something, and I just couldn't.
12          But again, thanks everybody for your efforts.  I
13 appreciate it very much.  I hope you all have a pleasant rest
14 of your day.  All right?
15          ALL COUNSEL:  Thank you, Your Honor.
16          THE BAILIFF:  All rise.
17          (The proceedings were concluded.)
18
19
20
21
22
23
24
25

Digitally signed by Patricia H. Musso

### DIGITALLY SIGNED CERTIFICATE

**DEPOSITION SERVICES, INC.** hereby certifies that the attached pages represent an accurate transcript of the electronic sound recording of the proceedings in the Circuit Court for Montgomery County in the matter of:

Civil No. 436977

BRIAN KING, ET AL.

v.

SERV TRUST, ET AL.

By:

*[signature: Patricia H. Musso]*

Patricia H. Musso
Transcriber