# Exhibit H

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
-----------------------------X
                             :
BRIAN KING, ET AL.,          :
                             :
          Plaintiffs,        :
                             :
               v.            :          Civil No. 436977
                             :
SERV TRUST, ET AL.,          :
                             :
          Defendants.        :
                             :
-----------------------------X
```

HEARING

Rockville, Maryland                    December 16, 2022

DEPOSITION SERVICES, INC.
P.O. BOX 1040
Burtonsville, Maryland 20866
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
------------------------------X
                              :
BRIAN KING, ET AL.,           :
                              :
        Plaintiffs,           :
                              :
            v.                :          Civil No. 436977
                              :
SERV TRUST, ET AL.,           :
                              :
        Defendants.           :
                              :
------------------------------X
```

                                        Rockville, Maryland
                                        December 16, 2022

        WHEREUPON, the proceedings in the above-entitled

matter commenced

        BEFORE:    THE HONORABLE DAVID W. LEASE, JUDGE

        APPEARANCES:

        FOR THE PLAINTIFFS:

        MAURICE B. VERSTANDIG, Esq.
        9812 Falls Road, #114-160
        Potomac, Maryland 20854

        FOR THE DEFENDANTS:

        ERIC PELLETIER, Esq.
        FRANCES WILBURN, Esq.
        Offit Kurman, P.A.
        7501 Wisconsin Avenue, Suite 1000W
        Bethesda, Maryland 20814

        FRANK J. MASTRO, Esq.
        Schlossberg, Mastro & Scanlan
        P.O. Box 2067
        Hagerstown, Maryland 21742

        GREGORY MYERS, Pro se
        700 Gulf Shore Boulevard, North
        Naples, Florida 34102

3

1                     P R O C E E D I N G S

2          THE CLERK:  Calling Civil matter 436977, Brian King,

3    et al. versus Serv Trust, et al.

4          THE COURT:  All right, let's go ahead and have the

5    parties identify themselves, starting with Plaintiff's counsel,

6    please.

7          MR. VERSTANDIG:  Good morning, Your Honor.  Maurice

8    Verstandig on behalf of Brian King, Cristina King, and the

9    Cristina and Brian King Children's Trust.

10         THE COURT:  Sir, you might be muted.

11         MR. PELLETIER:  Good morning, Your Honor.  Sorry

12   about that.  Eric Pelletier and my partner, Frances Wilburn,

13   here on behalf of 6789 Goldsboro, LLC.

14         MS. WILBURN:  Good morning, Your Honor.

15         THE COURT:  Good morning.

16         MR. MASTRO:  Good morning, Your Honor.  Frank Mastro

17   on behalf of nominal defendant Roger Schlossberg, bankruptcy

18   trustee.

19         THE COURT:  All right.  All right, and in the

20   courtroom, just so we --

21         MR. MYERS:  Should I identify myself?

22         THE COURT:  Yes, please.

23         MR. MYERS:  Gregory Myers, Your Honor, pro se debtor.

24         THE COURT:  All right, so Mr. Myers is here in the

25   court.  And the matters against Mr. Myers have been stayed, in

1  that the matters proceeding to trial in January are the matters

2  against Serv Trust in this case.  So Mr. Myers is a party to

3  the case, but his matters have been stayed at this point in

4  time.

5          So what's the status of this matter?  I'll ask, I'll

6  start with counsel for the King parties.

7          MR. VERSTANDIG:  Thank you.  Your Honor, we are

8  prepared to proceed to trial on January 3rd.  Pre-trial

9  statements were filed a couple of years ago, prior to the last

10  bankruptcy stay, and are inclusive of all of the exhibits and

11  all of the witnesses we're planning to rely upon during our

12  trial in January.  It will be a more abbreviated list of

13  witnesses and exhibits because the claims against Mr. Myers are

14  stayed.

15          We reasonably anticipate that our portion of the

16  case, and I speak solely for my clients.  Mr. Pelletier and Ms.

17  Wilburn will speak for their portion of the case separately.

18  But we reasonably anticipate our portion of the case will

19  probably take the majority of the day, but not much more than

20  that.

21          We would also note that Serv Trust is not represented

22  by counsel at this point in time, and while we intend on

23  proceeding to trial, this will greatly resemble ex parte proof,

24  even though it will not take the actual form of ex parte proof.

25  Because of the absence of representation counsel, we don't

1  believe Serv Trust will be able to meaningfully participate in

2  the trial.

3          THE COURT:  Right.  Unlike ex parte proof, where if

4  you're on a default where you, the allegations in the complaint

5  are true and liability is determined, that would not be

6  determined and it would be your, still your burden to prove

7  that by a preponderance of the evidence, or by clear and

8  convincing if there's a fraud count.

9          MR. VERSTANDIG:  Yes, Your Honor.

10          THE COURT:  Okay.

11          MR. VERSTANDIG:  And we appreciate that distinction.

12  I did not mean to suggest otherwise.  I simply meant --

13          THE COURT:  No, I understand what you meant.

14          MR. VERSTANDIG:  -- (unintelligible).

15          THE COURT:  It's just the procedure's going to look

16  like that, because unless and until Serv Pro, but if Serv Pro

17  gets counsel before then, they can participate at trial.

18          MR. VERSTANDIG:  Yes, Your Honor.  And again, we have

19  our exhibits, we have our witnesses.  We are prepared to put on

20  our case, and certainly without pre-trying the case today, we

21  believe it is a convincing case and we believe we will meet our

22  burdens.

23          THE COURT:  All right.  Now all right, now anything

24  else?  How long do the Goldsboro LLC folks think it's going to

25  take for your case?

6

1          MR. PELLETIER:  Your Honor, it depends on whether or

2    not Serv Trust gets counsel.  I would assume if it does not get

3    counsel, an hour or an hour and a half.  If it does get

4    counsel, maybe a half day.

5          THE COURT:  Okay.  All right.  And counsel for Mr.

6    Schlossberg doesn't anticipate much trial time, if any, I

7    gather.

8          MR. MASTRO:  No trial time for us.  We're just a

9    nominal defendant --

10          THE COURT:  Right.

11          MR. MASTRO:  -- on the claim by Mr. Verstandig's

12    client.  Obviously if Mr. Verstandig prevails, then Serv Trust

13    will become an asset of the bankruptcy estate.

14          THE COURT:  Okay.  All right.

15          MR. MYERS:  May I speak, Your Honor?

16          THE COURT:  I will let you speak but remember the

17    matters against you are stayed in this case.

18          MR. MYERS:  Your Honor, you used the word matters.

19    The order from the bankruptcy court specifically says the

20    automatic stay shall remain in effect and is not lifted as to

21    any claims against Myers, the debtor.

22          I am a defendant in both of the King party claims.

23    They're not separately against Serv Trust.  We're both named as

24    defendants --

25          THE COURT:  Right, and the cases --

7

1          MR. MYERS:  -- so the claim can't proceed because I
2   would have liability.  If they prevail, I have liability, and
3   the last sentence in the order says but not for any purposes
4   which could impose individual liability upon the debtor.
5          THE COURT:  Okay.
6          MR. MYERS:  If King parties prevail in either of
7   their two counts, I have potential liability, individual
8   liability.  And if --
9          THE COURT:  Well, they would have to then --
10          MR. MYERS:  -- if you'd let me finish --
11          THE COURT:  -- they would have to prove those counts
12   against you in a separate trial and the matter would not be,
13   there would not be any collateral estoppel or res judicata,
14   because you did not participate in the case as a party.  You
15   were stayed and out of the case, so any --
16          MR. MYERS:  There would still be a ruling that would
17   impose liability upon me.
18          THE COURT:  There would not be a ruling that would
19   impose liability on you.  There would be a ruling that would
20   potentially impose liability on Serv Trust.  However, these
21   plaintiffs would have to, if they wanted to proceed against
22   you, would be required to try that matter again separately, and
23   there would not be any res judicata or collateral estoppel
24   issues, because you were not a party to that case --
25          MR. MYERS:  But I am a party.

1          THE COURT:  -- at that time because, well, you were

2   stayed, so you were not considered a party.

3          MR. MYERS:  How can the claim go forward against Serv

4   Trust?  Serv Trust is not an entity.  It is not a statutory

5   trust.  It's a Maryland common law trust.

6          THE COURT:  Well, it's, the allegation is it's a,

7   that it is a statutory trust.  The documents in the case

8   suggest that it's a statutory trust.

9          MR. MYERS:  No they don't.  There's no documents in

10  this case that suggest it's a statutory trust.  It's a, it says

11  right in the trust agreement that it's a Maryland common law

12  trust.

13         But let me move to something that eliminates this

14  discussion, Your Honor.  This Court lacks subject matter

15  jurisdiction.  I want to confirm --

16         THE COURT:  Well, you can raise that at any time, and

17  that is something that you can raise once the stay against you

18  is lifted.

19         MR. MYERS:  I can raise it right now.

20         THE COURT:  Well, not today, because this is not

21  before the Court.  It has not been, I understand you filed some

22  motions.  Those motions are not ripe or at issue at this time,

23  because --

24         MR. MYERS:  Subject matter can be raised at any time,

25  right?

1        THE COURT:  It can be, but you --

2        MR. MYERS:  Well, I'm raising it right now.

3        THE COURT:  Well, you've raised it in a motion.

4   These folks over here have an opportunity to read any motion

5   that you file and respond to it, before the Court makes a

6   ruling.  So anything --

7        MR. MYERS:  Well, you have a trial scheduled on

8   January 4 and 3, and so I would ask you to go ahead and

9   consider that, which is --

10        THE COURT:  Well, I may consider it at the beginning

11   of the trial, but I'm not going to consider it today.

12        MR. MYERS:  Well, then I would ask you to grant me

13   permission to go to the Maryland Court of Appeals, because

14   they'll stay this case in two seconds and dismiss it for lack

15   of subject matter jurisdiction.

16        THE COURT:  Well, I'm not going to grant you

17   permission to do it, but I'm not going to forbid you from doing

18   anything that you think you need to do to protect your rights.

19   You're entitled, if you think that you want to go to the

20   appellate courts and seek an emergency stay, then that's your

21   right to do that.  And I don't want to, certainly nothing I'm

22   going to say here is going to prevent you from doing that.  I

23   don't grant permission or deny permission for that.  That's

24   whatever you want to do.

25        MR. MYERS:  Okay.

1          THE COURT:  And again, the matters against you in

2   this case have been stayed.  Very clear with the parties

3   here --

4          MR. MYERS:  I don't know what you mean by the

5   matters.

6          THE COURT:  All claims against you in this case are

7   stayed.  There's no --

8          MR. MYERS:  Well, they can't be, because the claims

9   are going forward.

10          THE COURT:  Claims are going forward against Serv

11   Trust, and Serv Trust is a different --

12          MR. MYERS:  Well, then they would have to amend their

13   complaint.

14          THE COURT:  No, they would not.  We can break out the

15   fact that this case is going, and it is, you know, not the most

16   efficient use of resources, because to the extent that they

17   want to come back subsequently, depending on what happens in

18   the bankruptcy, and seek these claims against you, they're

19   going to be required to retry that case against you, without

20   the benefit of anything that occurred in the case against Serv

21   Trust.

22          MR. MYERS:  Your Honor, I can assure you that if they

23   were ever to come back, they would raise, and if I raise res

24   judicata, any decision would impose individual liability upon

25   me.

1          THE COURT:  Okay.

2          MR. MYERS:  Okay, the risk is there, and that's what

3   this order says cannot happen.

4          THE COURT:  What I'm saying is that collateral

5   estoppel, res judicata would not apply to you.  Given the fact

6   that you're not a party at this time because of the stay, that

7   you did not have --

8          MR. MYERS:  I am a party.

9          THE COURT:  -- a meaningful opportunity to

10  participate in the trial, and as such the doctrines of

11  collateral estoppel and res judicata would not apply.  And so

12  that when you go to trial, if you go trial, depending, I don't

13  know what's going to happen in your bankruptcy, but if these

14  claims survive the bankruptcy and come into court, then they'll

15  have to try them all over again.

16          MR. MYERS:  I don't understand what you mean, if

17  these claims survive the bankruptcy.

18          THE COURT:  Well, I don't, like I said, I'm not --

19          MR. MYERS:  What do you mean by that?

20          THE COURT:  I don't know if these claims --

21          MR. MYERS:  I don't understand.

22          THE COURT:  -- would be discharged in the, I'm not

23  familiar with your bankruptcy.  I don't know what it's about.

24  I know there's a stay, but in bankruptcy oftentimes claims can

25  be discharged, claims can be reduced, claims can be settled.

1          MR. MYERS:  There are no, they, the King parties,

2     it's already been ruled they have no claims against me.

3          THE COURT:  Okay.  Well then --

4          MR. MYERS:  Goldsboro has no claims against Serv

5     Trust.  I'm sorry, against me.

6          THE COURT:  Okay.

7          MR. MYERS:  Yet they're asking for a judgment where I

8     have a personal guarantee.  If you were to --

9          THE COURT:  Well --

10         MR. MYERS:  -- if you were to grant the relief

11    they're requesting, then I automatically have liability,

12    because I'm a guarantor of that debt.

13         THE COURT:  Okay.

14         MR. MYERS:  And I also want to point out that there's

15    a motion to disqualify you pending.

16         THE COURT:  I see that.

17         MR. MYERS:  Well, you need to address that first.

18         THE COURT:  Well, one is you're not a live party in

19    this case right now.

20         MR. MYERS:  Well, I'm alive, and --

21         THE COURT:  You don't have --

22         MR. MYERS:  -- I'm a party.

23         THE COURT:  Sir, you don't have standing, given the

24    fact that the matters against you are stayed.  If you want to

25    go to the bankruptcy court and have the bankruptcy court lift

`1   the stay so that you can participate in this case, have you --

2              MR. MYERS:   Your Honor --

3              THE COURT:   -- then you can --

4              MR. MYERS:   -- I think you misunderstand --

5              THE COURT:   -- then you can do that.

6              MR. MYERS:   -- the nature of an order of an automatic

7    stay or the bankruptcy court saying something's stayed.

8              THE COURT:   The bankruptcy court --

9              MR. MYERS:   It does not make me --

10             THE COURT:   -- explicitly said --

11             MR. MYERS:   May I finish?

12             THE COURT:   -- that the case against Serv Trust could

13   go forward.

14             MR. MYERS:   That doesn't mean I'm not a party.

15             THE COURT:   All right.

16             MR. MYERS:   An order from the bankruptcy court that

17   says the claims against me are stayed does not in effect make

18   me a non-party.

19             THE COURT:   Well, it makes you a non-party --

20             MR. MYERS:   The Court can't --

21             THE COURT:   -- for the purpose of the upcoming trial,

22   because the upcoming trial does not involve you.

23             MR. MYERS:   It does involve me.

24             THE COURT:   It does not.  I'm telling you --

25             MR. MYERS:   Well, if you grant them their relief,

1  then I have liability --

2          THE COURT:  Okay.

3          MR. MYERS:  -- so I'm not sure how you can say it

4  doesn't involve me.

5          THE COURT:  Okay.  Well, I'm, that is something --

6          MR. MYERS:  And I am a party.  Are you saying I'm no

7  longer a party to this case?

8          THE COURT:  You are stayed in this case.

9          MR. MYERS:  Then I'm a party.

10          THE COURT:  You're a party that's been stayed, so --

11          MR. MYERS:  Okay, then I still have standing.

12          THE COURT:  Well, you do not.

13          MR. MYERS:  Of course I do.

14          THE COURT:  The trial is going forward against Serv

15  Trust.  Now if Serv Trust gets counsel, they can participate at

16  the trial.  If they don't get counsel, then --

17          MR. MYERS:  Excuse me, that wasn't the issue.  You

18  said I didn't have standing in this case.

19          THE COURT:  Sir, I'm not going to debate you any

20  longer, and we're done right now.  So we're done talking.

21          MR. MYERS:  Well, I'd like you to rule on the

22  motion --

23          THE COURT:  I'm not going to rule on it.

24          MR. MYERS:  -- for disqualification.

25          THE COURT:  Sir, I'm not going to rule on it today.

1  This case --
2         MR. MYERS:  Then you can't proceed in this case,
3  because I'm a party and you need to rule on it first.
4         THE COURT:  I'm not ruling on it.  The case is going
5  to trial.  We're all set.  I think, is there anything else I
6  need from the parties in this matter?
7         MR. MYERS:  Well, I can assure you this case is not
8  going to trial.
9         THE COURT:  You are entitled --
10         MR. VERSTANDIG:  Nothing further from the King
11  parties, Your Honor.
12         THE COURT:  All right.  All right, thank you.
13         UNIDENTIFIED MALE SPEAKER:  Thank you, Your Honor.
14         THE COURT:  See everybody in court on, I think it's
15  the 3rd of January.  All right, see you then.
16         UNIDENTIFIED MALE SPEAKER:  Yes, Your Honor.
17         THE COURT:  Okay, thank you all.  Have a pleasant
18  day.
19         MS. WILBURN:  Thank you, Your Honor.
20         UNIDENTIFIED MALE SPEAKER:  Thank you, Your Honor.
21  Happy holidays.
22         THE COURT:  Okay.
23         (The proceedings were concluded.)
24
25

16

√ Digitally signed by Margaret L. vanEkeren

### DIGITALLY SIGNED CERTIFICATE

**DEPOSITION SERVICES, INC.** hereby certifies that the attached pages represent an accurate transcript of the electronic sound recording of the proceedings in the Circuit Court for Montgomery County in the matter of:

Civil No. 436977

BRIAN KING, ET AL.

v.

SERV TRUST, ET AL.

By:

Margaret L. vanEkeren

_____

Margaret L. vanEkeren
Transcriber

# Exhibit I

ORDERED.

**Dated:  June 29, 2021**

*Caryl E. Delano*

Caryl E. Delano
Chief United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 2:21-bk-00123-FMD |
| | ) | Chapter 13 |
| Gregory Brian Myers, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF
### OF CLAIM 3 FILED BY BRIAN KING & CRISTINA KING [DOC. NO. 84]

THIS CASE came for consideration upon the *Debtor's Objection to Claim No. 3 Filed By Brian King & Cristina King* [Doc. No. 84] (the "Objection"). The Court finds that the Objection was served on all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within thirty (30) days of the date of service. No party filed an objection within the time permitted. Accordingly, it is

**ORDERED:**

1.    The Objection to Proof of Claim 3 filed is SUSTAINED.

2.    The claim of Brian King & Cristina King is disallowed in its entirety.

Attorney Undine C. George, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.