IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.
_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.
_____/

Case No. 15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## SUGGESTION OF BANKRUPTCY

Gregory B. Myers ("Mr. Myers") hereby files this SUGGESTION OF BANKRUPTCY suggesting to the Court that all further proceedings in the above-captioned case be stayed, and in support, states as follows:

1. On February 26, 2025 (the "Petition Date"), Gregory Brian Myers filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia (Washington, D.C.), said petition being docketed as Bankruptcy Petition #: 25-00069-ELG (the "Myers Bankruptcy Petition" or "Myers Bankruptcy Case"). The Myers Bankruptcy Petition constitutes an order for relief pursuant to the provisions of the Bankruptcy Code and the Myers Bankruptcy Case has not been dismissed.

2. The property and claims upon which the above-captioned case is premised (or judgment if obtained) have been or will be duly scheduled in the Myers Bankruptcy Case.

3. The above-captioned case was filed prior to the Petition Date in the Myers Bankruptcy Case and the claims asserted in the above-captioned case may be asserted in the Myers Bankruptcy Case.

4. Pursuant to 11 U.S.C. § 362, the filing of the Myers Bankruptcy Petition acts as an automatic stay as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of

(1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

**WHEREFORE**, it is respectfully suggested that this Court, in accordance with the provisions of the Bankruptcy Code, enter an order staying all further proceedings in the above-

captioned case until such time as the automatic stay imposed by 11 U.S.C. § 362 in the Myers Bankruptcy Case is dissolved.

**RESPECTFULLY SUBMITTED** on this 6th day of March 2025.

_____
Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March 2025, a copy of the foregoing was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers