The order below is hereby signed.

Signed: March 26 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 25-00069-ELG |
| **Gregory Brian Myers,** | Chapter 13 |
| Debtor. | |

**ORDER GRANTING DISMISSAL AND RETAINING JURISDICTION**

The Court has before it the *Debtor's Motion Requesting This Case be Dismissed* (ECF No. 29) (the "Dismissal Motion"). Pursuant to § 1307(b)[1], the Debtor has the right to voluntarily dismiss his chapter 13 case at any time. However, such right may be subject to pending related motions such as both the Court's *Order to Show Cause* (the "Show Cause Order") (ECF No. 24) and *The Acting United States Trustee's Motion to Dismiss Case and Impose Additional Bar on Re-filing* (the "UST Motion") (ECF No. 13).[2] Both the Show Cause Order and the UST Motion set forth the Debtor's past and ongoing abuse of the bankruptcy system. Upon consideration of the

---

[1] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[2] *See In re Jackson*, 609 F.3d 647, 661 (5th Cir. 2010) ("We therefore decline to read § 1307(b) as an escape hatch . . . ."); *In re Minogue*, 632 B.R. 287 (Bankr. D.S.C. 2021) (collecting cases which have found that a chapter 13 debtor's right to dismiss his case can be conditioned on a finding of the debtor's good faith); *In re Jacob*, Case No. 24-10093, 2025 WL 830737 (Bankr. D. Me. Mar. 14, 2025) (noting that a chapter 13 debtor's right to voluntary dismissal is not absolute when there is bad faith conduct); *In re Neary*, Case No. 14-3117 HCD, 2014 Bankr. LEXIS 3533 (Bankr. N.D. Ind. July 17, 2014) (finding that when determining dismissal with or without prejudice, the court has authority to consider bad faith and abuse).

1

Dismissal Motion, the Show Cause Order, the UST Motion, and the language of § 1307(b), this Court will grant the Dismissal Motion but will retain jurisdiction as to certain questions in the Show Cause Order and UST Motion as more fully set forth herein.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. This case is **DISMISSED**. The Court retains jurisdiction to consider whether:

    a. This case was filed in bad faith and such dismissal will be with or without prejudice for the reasons set forth in the UST Motion and the Show Cause Order;

    b. The Debtor should be declared to be a vexatious litigant and/or should the Court enter an injunction prohibiting any person, entity related to, associated with, employed by, controlled by, or otherwise on his behalf from filing any further matters or removals in the United States Bankruptcy Court and United States District Court for the District of Columbia absent either (i) the prior authorization of the Court or (ii) the complaints, petitions, or removals are signed by an attorney in good standing with their applicable state bar and licensed to practice law in the United States District and Bankruptcy Courts for the District of Columbia; and

    c. Adversary Proceeding 25-10005-ELG should be dismissed with prejudice.

2. The hearing on the Show Cause Order shall go forward on April 16, 2025 at 1:00 p.m. (the "Hearing") in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001. The response deadline to the Show Cause Order remains April 2, 2025 and it not impacted by the dismissal of this Case.

      3.      Any party in interest may file a written response to this Order of no more than twenty (20) pages, including exhibits, no later than April 2, 2025.

[Signed and dated above.]

Copies to: recipients of electronic notification.