The order below is hereby signed.

Signed: March 20 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

In re:

**Gregory Brian Myers,**
**Debtor.**

Case No. 25-00069-ELG

Chapter 13

## ORDER TO SHOW CAUSE

The Court has before it the at least fifth personal bankruptcy case filed by Gregory Brian Myers since 2015 in the latest of the "sprawling tapestry of bad faith abuse of the bankruptcy process"[1] and "dilatory and abusive litigation tactics"[2] by Mr. Myers and his wife Barbara Ann Kelly. Just over three weeks into this case, and prior to the filing of any schedules, statements, or a chapter 13 plan, Mr. Myers continued his exploitation and manipulation[3] of the federal court system by filing adversary complaint 25-10005-ELG.[4] Similar to my sister courts, this Court will not allow the further perversion of the bankruptcy system and the federal courts by Mr. Myers.

This Court has the authority to protect the orderly and expeditious administration of justice in its cases. *See Urban v. United Nations*, 768 F.2d 1497, 1500, 248 U.S. App. D.C. 64 (D.C. Cir. 1985). Furthermore, this Court has the authority and duty to ensure that the Mr. Myers' pattern of "abusive litigation tactics"[5] and more than extraordinary "unfettered abuse and exploitation of the bankruptcy process" does not continue.[6] *See In re Powell*, 851 F.2d 427, 431, 271 U.S. App. D.C.

1

172 (D.C. Cir. 1988); *see also* Order, *Myers v. Naples Golf & Beach Club, Inc.,* No. 24-7180 (D.C. Cir. Feb. 5, 2025) (finding removal of appeal in bad faith and noting Mr. Myers' history of bad faith litigation in other courts). It appears that this chapter 13 case and the filing of the adversary proceeding is just the latest in the "interminable pattern of litigious behavior [holding] creditors hostage to numerous judicial processes and [forcing] them to incur legal fees to defend against frivolous lawsuits."[7] For all of the foregoing reasons, the Court finds that extensive cause exists to order Mr. Myers to show cause in this case as set forth herein.

Therefore, it is **ADJUDGED**, **ORDERED**, and **DECREED** that:

1) Adversary proceeding 22-10005-ELG is **STAYED GENERALLY**. A copy of this Order shall be docketed in the adversary proceeding.

2) Mr. Myers shall appear on April 16, 2025 at 1:00 p.m. in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001[8], and show cause why:

    a. Pursuant to 11 U.S.C. § 362(d)(1), the Court should not find cause that the automatic stay of 11 U.S.C. § 362(a) should be annulled retroactively to the petition date for bad faith and granting prospective relief from the automatic stay (if applicable) as to the NBC Entities[9] and all of the matters arising from or relating to litigation in state and federal courts in which Ms. Kelly and Mr. Myers claimed easement rights with respect to real property owned by the NBC Entities in any bankruptcy case filed in any jurisdiction of the United States by Mr. Myers. For clarity, this Order is not a finding or ruling on the pending Motion at docket number 14 in case number 25-00069-ELG, nor does it divest the United States District Court for the District of Columbia of its concurrent jurisdiction to determine the applicability and scope of the automatic stay under 11 U.S.C. § 362(a) as to the

       impact of the filing of this case upon the pending litigation in Case 24-cv-03127-ACR. A courtesy copy of this Order to Show Cause shall be provided to the District Court.

   b. This case should not be (i) dismissed as a bad faith filing in furtherance of Mr. Myers' unfettered abuse and exploitation of the bankruptcy process; (ii) impose a bar to refiling in any bankruptcy court of no less than ten years after the order imposing the filing bar becomes final and nonappealable due to his more than extraordinary abuse of the bankruptcy system; and (iii) that the filing of any case prior to the expiration of any bar would not cause the automatic stay to become operative in any bankruptcy case filed between now and 10 years after the order imposing the filing bar becomes final and nonappealable.

   c. This Court should not find Mr. Myers to be a vexatious litigant and/or enter an injunction prohibiting any person, entity related to, associated with, employed by, controlled by, or otherwise on his behalf from filing any further matters or removals in the United States Bankruptcy Court and United States District Court for the District of Columbia absent either (i) the prior authorization of the Court or (ii) the complaints, petitions, or removals are signed by an attorney in good standing with their applicable state bar and licensed to practice law in the United States District and Bankruptcy Courts for the District of Columbia.

3)    Any party in interest may file a written response to this Order of no more than 20 pages, including exhibits, no later than April 2, 2025.

[Signed and dated above.]

Copies to: recipients of electronic notification.

---

[1] Mem. Op. & Final Order Granting, in Part, Interested Parties' Exigent Mot. to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Inj., & for Sanctions Against the Beneficiaries of the Debtor & Counsel, & Providing Notice to Certain Courts & Clerks, *In re 700 Trust*, No. 24-10230-KKS (Bankr. N.D. Fla. Dec. 27, 2024), ECF No. 90. The United States Bankruptcy Court for the Northern District of Florida held:

> The filing of this case is yet another thread in the sprawling tapestry of bad faith abuse of the bankruptcy process by the principals of 700 Trust, Gregory Brian Myers ("Mr. Myers") and Barbara Ann Kelly ("Ms. Kelly"), and to a certain degree Debtor's counsel, to avoid adverse consequences of a myriad of legal actions spanning over a decade. Mr. Myers and Ms. Kelly have a long and well-documented history of abusing the Bankruptcy Code, the bankruptcy system, and other federal and state courts.
>
> The NBC Entities and Buyer implore this Court to enforce, and require Mr. Myers, Ms. Kelly, and their counsel to abide by the injunction and equitable servitude imposed by the United States Bankruptcy Court for the District of Maryland ("Maryland Bankruptcy Court"). That relief is due to be granted. This Court must give full faith and credit to the rulings of the Maryland Bankruptcy Court. Further, this Court does not intend to permit Mr. Myers' and Ms. Kelly's and their cohorts' abuse of the bankruptcy process to continue. Certainly not here.

*Id.*

[2] "Ms. Kelly and Mr. Meyers have exploited and subverted the bankruptcy process for over eight years." Mem. Op., *In re Barbara Ann Kelly*, No. 21-12700-MCR (Bankr. D. Md. Nov. 11, 2023), ECF No. 106.

[3] The Maryland Bankruptcy Court held:

> For eight years, Ms. Kelly and Mr. Myers have exploited, manipulated, and abused the bankruptcy process to hinder and delay creditors from enforcing their security interests or otherwise pursuing their claims all while forcing those same creditors to incur substantial legal fees to protect their interests in various state and federal courts. Ms. Kelly and Mr. Myers' pattern of filing bankruptcy cases, lawsuits, and appeals and subsequently abandoning those actions by either dismissing them or failing to meet filing requirements forces creditors to incur even more costs. Ms. Kelly and Mr. Myers have demonstrated a masterful ability to subvert and pervert the bankruptcy and litigation processes and, until now, have enjoyed great success at abusing, harassing, and harming innocent creditors and parties in interest. The relief being granted by the Court is long overdue. For the reasons set forth herein, the Court . . . will impose prospective relief designed to protect creditors and other parties in interest from further bad faith conduct by Ms. Kelly and, to the extent possible, by Mr. Myers.

*Id.*

[4] Despite earlier moving this Court for an order to "enforce the automatic stay" (ECF No. 14) based, in part, upon a need to devote his "time, attention, and available resources" to a chapter 13 plan, it appears Mr. Myers instead chose to use such "limited' time to instead file a pleading seeking essentially duplicative relief from his earlier motion. *Compare* Compl. & Demand for Trial by Jury, *Myers v. Napes Prop. Holding Co., LLC (In re Myers)*, AP No. 25-10005-ELG, Case No. 25-00069 (Bankr. D.D.C. Mar. 19, 2025), ECF No. 1, *with* Debtor's Emergency Mot. to Enforce Auto. Stay, *In re Myers*, Case No. 25-00069-ELG (Bankr. D.D.C. Mar. 14, 2025), ECF No. 14.

[5] "The Debtor has shown a pattern of abusive litigation tactics, . . ." Mem. to Parties in Interest Regarding Entireties & Exemption Issues Previously Litigated at 12, *In re Myers*, No. 15-26033-MCR (Bankr. D. Md. Apr. 30, 2021), ECF No 944.

[6] The Maryland Court further opined:

4

> Although the relief granted by the Court is extraordinary, Ms. Kelly and Mr. Myers' ongoing and largely unfettered abuse and exploitation of the bankruptcy process is far more extraordinary. . . . Ms. Kelly and Mr. Myers have demonstrated that they have no intention of using the bankruptcy process for the purpose for which it was intended and that their sole objective is to harass and frustrate creditors. Their actions extend far beyond anything contemplated or tolerated by the Bankruptcy Code or any other applicable law.

*Id.*

[7] *In re Barbara Ann Kelly*, No. 21-12700-MCR (Bankr. D. Md. Nov. 11, 2023), ECF No. 106.

[8] Parties intending to participate in the hearing should familiarize themselves with the Order Establishing Hearing Protocols Before Judge Gunn (available at https://www.dcb.uscourts.gov/sites/dcb/files/2023-09-19%20General%20Order%202023-01%20Finalized.pdf), particularly paragraph 5 regarding witnesses.

[9] Collectively, Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC, as Trustee; Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee; and NBC Club Owner, LLC.