**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing: NO
Exhibits Filed:  NO

PROCEEDING MEMO – CHAPTER 13

**Case: 24-00007-MCR**              Date: 05/07/2025 at 10:00 a.m.
**Brian King, et al. vs. Roger Schlossberg, Chapter 7 Trustee**
**of the Bankruptcy Estate of Gregory B. Myers**

Appearances:  Maurice Belmont VerStandig, counsel for Plaintiffs
Frank J. Mastro, counsel for Defendant
Gregory B. Myers, Debtor (pro se)

Also present:  Roger Schlossberg, Defendant/Chapter 7 Trustee

[1] Adversary case 24-00007. (91 (Declaratory judgment)) Complaint by Maurice Belmont VerStandig on behalf of Brian King, Cristina King, Cristina and Brian King Children's Trust against Roger Schlossberg.

   [13] Answer to Complaint Filed by Roger Schlossberg.

COMMENTS:    Counsel for the Trustee reported to the Court that the DC Bankruptcy Court granted the Debtor's motion to dismiss his DC bankruptcy case in late March, retained jurisdiction regarding whether to impose a bar to refiling, held a show cause hearing on 4/16/25, and held under advisement the question whether to impose a bar to refiling.

The Debtor reported that he filed objections to the King parties' claims yesterday and requested an evidentiary hearing.  He argued that the Court does not have subject matter jurisdiction over the adversary proceeding because the Court remanded the *Myers v. King* adversary proceeding (Adv. No. 19-00427) to the state court on 12/5/19.  (The Court remanded that proceeding because it previously elected to abstain from exercising jurisdiction over the underlying state court action.  See Order for Abstention entered in Adv. No. 18-00407 at Dkt. No. 28 on 1/30/19.)  He reported that he intends to file a motion to disqualify Mr. VerStandig, Offit Kurman, and the Trustee, a motion to intervene, possibly a motion to withdraw the reference, and possibly other motions.

Counsel for the King parties reported that the King parties' claims seek equitable relief, not money.

The Debtor requested that the Court resolve the claim objections first and then hear the settlement motion later so he has time to prepare.

        The Court reminded him that the settlement motion was filed more than four months ago and that the Court will hear the claim objections and settlement motion on the same day (though the Court will decide at a later date which will be heard first).  The Court also made clear that the next hearing will be an evidentiary hearing and that the Court will issue a new scheduling order if the settlement is not approved.

        The Trustee reported that mail to the Debtor has been returned as undeliverable.  The Debtor confirmed that the address on the docket is his current mailing address.

DISPOSITION:    Status conference held.  Evidentiary hearing on settlement motion and claim objections to be held on 6/30/25 and 7/1/25 beginning at 10:00 a.m. both days (in person hearing).  Court will issue a hearing notice.