The order below is hereby signed.

Signed: June 11 2025

*Elizabeth L. Gunn*
U.S. Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | Case No. 25-00069-ELG |
| **Gregory Brian Myers,** | Chapter 13 |
| Debtor. | |

### MEMORANDUM OPINION AND ORDER ON SHOW CAUSE

On March 20, 2025, the Court entered the *Order to Show Cause*[1] (the "Show Cause Order") requiring the Debtor to appear at a hearing on April 16, 2025 (the "Hearing") and show cause why (i) the automatic stay of 11 U.S.C. § 362(a)[2] should not be annulled retroactively to the petition date for bad faith and granting prospective relief from the automatic stay as to the NBC Entities[3]; (ii) this case should not be dismissed as a bad faith filing, with a bar to refiling in any bankruptcy court of no less than ten (10) years, such that the filing of any case prior to expiration of any bar would not cause the automatic stay to become operative; and (iii) this Court should not find the Debtor to be a vexatious litigant and/or enter an injunction prohibiting any person or entity

---

[1] ECF No. 24.
[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[3] Collectively, Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC, as Trustee; Naples Beach Club Phase II and III Land Trust Trustee, LLC, as Trustee; and NBC Club Owner, LLC.

**Trustee Ex. 11**

related to the Debtor from filing any further matters or removals in the United States Bankruptcy Court for the District of Columbia and/or the United States District Court for the District of Columbia absent certain enumerated circumstances. The Show Cause Order also stayed all proceedings in the adversary proceeding filed by the Debtor (the "Adversary Proceeding").[4] At the conclusion of the Hearing, the Court took the matter under advisement. This Memorandum Opinion and Order sets forth the Court's findings of fact and conclusions of law regarding the Show Cause Order.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.[5]

## II.  Background

*a.  The Debtor's D.C. Chapter 13*

The Debtor initiated this case by filing a voluntary petition for relief on February 26, 2025 (the "Petition Date"), just 37 days after the expiration of the two-year (2) refiling bar against the Debtor issued by the United States Bankruptcy Court for the Middle District of Florida.[6] On March 24, 2025, without ever filing schedules or a statement of financial affairs (though after filing a motion to enforce the automatic stay[7] and an adversary proceeding[8]) and while the Show Cause Order remained pending, the Debtor moved to voluntarily dismiss his chapter 13 case.[9] On March

---

[4] *Myers v. Naples Property Holding Company, LLC*, Case No. 25-10005-ELG.
[5] *See* Fed. R. Bankr. P. 7052.
[6] Voluntary Petition for Individuals Filing for Bankruptcy, ECF No. 1; *see In re Myers*, Case No. 2:21-bk-00123-FMD, 2023 WL 350183 at *5 (Bankr. M.D. Fla. Jan. 20, 2023)
[7] Debtor's Emergency Motion to Enforce Automatic Stay, ECF No. 14.
[8] Complaint and Demand for Trial by Jury, ECF No. 22.
[9] Debtor's Motion Requesting This Case be Dismissed, ECF No. 29.

2

26, 2025, the Court granted dismissal of the case under § 1307(b), but retained jurisdiction over the Show Cause Order as to the questions of whether (i) the case was filed in bad faith and whether the dismissal would be with or without prejudice for the reasons set forth in the Show Cause Order; (ii) the Debtor should be declared a vexatious litigant; and (iii) the Adversary Proceeding should be dismissed with prejudice (the "Dismissal Order").[10] On April 11, 2025, despite the stay of the Adversary Proceeding, the Debtor filed a *Notice of Dismissal Without Prejudice* attempting to have the Adversary Proceeding dismissed before the Court could address the issue of prejudice.[11]

Responses to the Show Cause Order were due on or before April 2, 2025. Timely responses were filed by the NBC Entities and the chapter 7 trustee (the "Chapter 7 Trustee") for the Debtor's still open and pending 2015 case in the United States Bankruptcy Court for the District of Maryland (the "Maryland Chapter 7").[12] The Debtor did not timely respond to the Show Cause Order (other than seeking to dismiss his case), however, the filings by the NBC Entities and Chapter 7 Trustee precipitated a filing of a Line by the Debtor apparently as a responsive pleading.[13] The Line does not address the issues raised by this Court in the Show Cause Order, instead addressing grievances with the Chapter 7 Trustee.

At the Hearing, the Court heard argument on the Show Cause Order from the Debtor, the Office of the United States Trustee (the "UST")[14], the NBC Entities, counsel for the chapter 13 trustee in this dismissed case, and counsel for the Chapter 7 Trustee.

---

[10] Order Granting Dismissal and Retaining Jurisdiction, ECF No. 30. On April 2, 2025, the Debtor filed an appeal of the Dismissal Order (without paying the filing fee). *See* Notice of Appeal, ECF No. 32.
[11] Adversary Proceeding, ECF No. 6.
[12] Response to Order to Show Cause, ECF No. 35; Response to Order to Show Cause by Interested Party, Roger Schlossberg, Chapter 7 Trustee, ECF No. 36. *See In re Myers*, Case No. 15-26033-MCR.
[13] Line, ECF No. 39.
[14] On March 11, 2025, the UST filed a Motion to Dismiss Case and Impose Additional Bar on Re-filing (ECF No. 13) (the "UST Motion"), requesting that the Court issue an order with a four-year (4) bar to refiling. The UST Motion was noticed and set for hearing on April 24, 2025. The UST provided argument at the Hearing and referenced both the Show Cause Order and the UST Motion. Due to the fulsome argument at the Hearing, the hearing on the UST Motion

3

      b.     *The Debtor's History of Abuse of the Bankruptcy Process and the Courts*

Since 2015, hundreds of pages of opinions from more than a dozen different courts (both federal and state) have been written regarding the legal machinations, "sprawling tapestry of bad faith abuse of the bankruptcy process,"[15] and "dilatory and abusive litigation tactics"[16] by the Debtor, his spouse, Barbara Ann Kelly ("Ms. Kelly"), and the entities they own, including the 700 Trust (as discussed below). The "long and sordid history of bankruptcy filings"[17] by the Debtor, Ms. Kelly, and/or their entities is well-documented in the opinions issued in bankruptcy cases, adversary proceedings, appeals, and removed matters involving the Debtor, Ms. Kelly, and/or their entities issued prior to the filing of this case, including, but certainly not limited to, the following selected opinions:

1) *In re Kelly*, Case No. 18-13244-WIL, 2018 WL 4354653 (Bankr. D. Md. Sep. 11, 2018).

2) *Myers v. United States Tr.*, No. 19-cv-00637-PX, 2020 WL 758157 (D. Md. Feb. 13, 2020) (noting that as of February 2020 "Myers ha[d] filed 15 bankruptcy appeals and five civil cases related to his 2015 bankruptcy action, the overwhelming majority of which have been dismissed either by the Court or by Myers voluntarily after he failed to designate the record, file a brief, or pay his filing fees").

3) *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 18-cv-03460-PX, 2020 WL 758151 (D. Md. Feb. 14, 2020) (noting that the "case represents one matter in a litany of litigation stemming from Myers' bankruptcy petition filed over four years ago" in 2015), *reconsideration denied*, No. 18-cv-03460-PX, 2020 WL 1064810 (D. Md. Mar. 5, 2020).

4) *Kelly v. McNamee*, Lead Case: GJH-21-1186, Members Cases GJH-21-1184; GJH-21-1185, 2022 WL 861395 (D. Md. Mar. 23, 2022).

5) *In re Myers*, Case No. 2:21-bk-00123-FMD, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023) (imposing a two (2) year bar to refiling as to Mr. Myers).

---

was continued pending issuance of this Memorandum Opinion and Order. Due to the relief granted in this Memorandum Opinion and Order, the relief sought in the UST Motion is duplicative and deemed resolved.

[15] *In re 700 Tr.*, Case No. 24-10230-KKS, 2024 WL 5242058, at *1 (Bankr. N.D. Fla. Dec. 27, 2024).
[16] *In re Kelly*, 656 B.R. 541, 548 (Bankr. D. Md. 2023).
[17] *Kelly v. Naples Prop. Holding Co., LLC*, Civ. No. DLB-24-184, 2025 WL 974345, at *1 (D. Md. Mar. 31, 2025).

4

6) *In re 700 Tr.*, Case No. 24-10230-KKS, 2024 WL 5242058 (Bankr. N.D. Fla. Dec. 27, 2024).

7) *In re Myers*, Case No. 2:22-v-478-JES, 2023 WL 5720739 (M.D. Fla. Sep. 5, 2023), *appeal dismissed*, No. 23-13408, 2024 WL 1827262 (11th Cir. Apr. 26, 2024).

8) *In re Kelly*, 656 B.R. 541 (Bankr. D. Md. 2023) (imposing a four-year (4) bar to refiling as to Ms. Kelly, among other sanctions), *aff'd*, Civ. No. DLB-24-184, 2025 WL 974345 (D. Md. Mar. 31, 2025), *appeal filed*, Case No. 25-1474 (4th Cir. Apr. 30, 2025).

9) *In re Myers*, Case No. 2:21-bk-00123-FMD, 2022 WL 2827475 (Bankr. M.D. Fla. July 15, 2022), *aff'd*, Case No. 2:22-cv-498-JES, 2023 WL 5697379 (M.D. Fla. Sep. 5, 2023), *appeal dismissed*, No. 23-13409, 2025 WL 1113148 (11th Cir. Apr. 15, 2025).

10) *Myers v. Naples Golf and Beach Club, Inc.*, 1:24-cv-03127-ACR (D.D.C. Nov. 19, 2024), *appeal dismissed*, No. 24-7180 (D.C. Cir. Feb. 5, 2025) (finding Mr. Myers "brought this appeal, and the underlying district court action, in bad faith and for an improper purpose," and imposing sanctions against Mr. Myers in the amount of appellees' attorney's fees and costs), *imposing additional sanctions*, No. 24-7180 (D.C. Cir. June 2, 2025) (potentially enjoining Mr. Myers from filing any appeals or initiating any proceedings in that court until proof submitted that sanctions had been paid).

11) *In re 700 Tr.*, Case No. 2:25-bk-00051-FMD (Bankr. M.D. Fla. May 12, 2025) (dismissing bankruptcy case and imposing a four (4) year bar as to Ms. Kelly, Mr. Myers, and the 700 Trust to refiling in any jurisdiction).[18]

The Court gives full faith and credit to the rulings of each of these courts (and any others not specifically mentioned herein) and, rather than repeating the thorough and substantial histories already set forth therein, only seeks to supplement in this Memorandum Opinion those facts that have occurred related to this case. For the avoidance of doubt, the Court joins the United States Bankruptcy Court for the District of Maryland and the United States Bankruptcy Court for the

---

[18] After this matter was taken under advisement, the United States Bankruptcy Court for the Middle District of Florida issued a ruling in the 700 Trust case barring the 700 Trust, the Debtor, and Ms. Kelly from filing a future petition in any bankruptcy court for a period of four (4) years after the date upon which Judge Ruark's order became final and non-appealable. *See In re 700 Tr.*, 2:25-bk-00051-FMD, ECF No. 141.

5

Middle District of Florida in their stated intention to preclude the Debtor from further abusing the bankruptcy process.[19]

   c. *Status of Other Cases Related to the Debtor as of the Petition Date*

In considering the Show Cause Order, it is beneficial to understand the status of the Debtor, Ms. Kelly, and the 700 Trust's various cases as of the Petition Date. In the days leading up to the filing of this case, the Debtor, Ms. Kelly, and the 700 Trust suffered significant setbacks in their pending cases. On November 8, 2024, 110 days before the Petition Date, the Debtor and Ms. Kelly purportedly caused the creation of the 700 Trust and executed a quitclaim deed which sought to convey the Debtor's and Ms. Kelly's former house in Naples, Florida to the 700 Trust, in part, in order to circumvent the existing filing bars (two (2) years as to the Debtor and four (4) years as to Ms. Kelly[20]). On December 27, 2024, the United States Bankruptcy Court for the Northern District of Florida entered an opinion finding that the case was "a thinly disguised attempt to continue several years' worth of bad faith litigation under cover of a 'business trust' formed, apparently, for the sole and exclusive purpose of continuing Mr. Myers' and Ms. Kelly's bad faith legal actions"[21] and put the Debtor and Ms. Kelly "on notice that the Court reserves jurisdiction to consider whether they should be deemed 'vexatious litigants,' possibly subject to an additional sanction in the form of a bar against future filings in this and other courts."[22] On January 10, 2025, the United

---

[19] *See Kelly*, 656 B.R. at 548 ("Ms. Kelly and Mr. Myers have exploited and subverted the bankruptcy process for over eight years. It is the intention of this Court that they be precluded from doing so any longer."); *see 700 Tr.*, 2024 WL 5242058 at *2 ("The Court takes no pleasure in imposing such extraordinary relief, but it is the duty of this Court to prevent further abuse of the bankruptcy process by Ms. Kelly. The Court determines that the relief granted is necessary and appropriate under the unique facts of this case to protect the integrity of the Court and the bankruptcy process.").

[20] Ms. Kelly's appeal of her bar order was pending in the United States District Court for the District of Maryland. As noted *supra*, the bar order was subsequently affirmed. Not deterred, Ms. Kelly has appealed the District Court order to the Fourth Circuit Court of Appeals. *See Kelly*, Case No. 25-1474, ECF No. 1. Ms. Kelly has already asked for an extension of the initial briefing deadline through and including June 26, 2025. *Id.*, ECF No. 5.

[21] *In re 700 Tr.*, 2024 WL 5242058 at *3.

[22] *Id.* at *7.

States Bankruptcy Court for the Northern District of Florida transferred the 700 Trust's chapter 11 bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida to stop the "Debtor's, its Trustees', and its counsel's continued, well-demonstrated mockery of and disdain for the entire judicial system."[23] A hearing in the United States Bankruptcy Court for the Middle District of Florida on a motion to dismiss the 700 Trust case with prejudice was set for hearing on March 5, 2025.[24]

On January 7, 2025, the Eleventh Circuit Court of Appeals affirmed the district court denying reconsideration of its order to remand the Debtor's and Ms. Kelly's easement lawsuit against the NBC Entities to Florida state court.[25] In late January 2025 and early February 2025, the Eleventh Circuit also dismissed several appeals filed by the Debtor against the NBC Entities.[26] On February 5, 2025, the Court of Appeals for the District of Columbia Circuit issued a per curiam order dismissing the Debtor's appeal for lack of jurisdiction (related to the removal of an action from Florida state court as to the NBC Entities to the United States District Court for the District of Columbia) and ordering sanctions in the amount of reasonable attorneys' fees and costs against the Debtor.[27] Further, the United States District Court for the District of Columbia set a status conference in the case underlying the denied appeal for March 10, 2025.[28]

In the face of resuming litigation with the NBC Entities in either state court or the United States District Court, the continued decade-long administration of the Maryland Chapter 7, and the expiration of the two (2) year bar, the Debtor chose to again file a skeletal petition to obtain the benefit of the automatic stay—this time in the United States Bankruptcy Court for the District

---

[23] *In re 700 Tr.*, Case No. 24-10230-KKS, 2025 WL 77751, at *6 (Bankr. N.D. Fla. Jan. 10, 2025).
[24] *In re 700 Tr.*, Case No. 2:25-bk-0051-FMD, ECF No. 133.
[25] *In re Myers*, No. 23-11906, 2925 WL 39995 (11th Cir. Jan. 7, 2025).
[26] *See Myers v. City of Naples, Fla.*, No. 24-14007-AA, 2025 WL 752488 (11th Cir. Jan. 28, 2025); *see Myers v. City of Naples, Fla.*, No. 25-10179-A, 2025 WL 1155805 (11th Cir. Feb 11, 2025).
[27] *See Myers*, No. 24-7180, Doc. #2098926.
[28] See *Myers*, 1:24-cv-03127-ACR.

7

of Columbia, a court the Debtor may have presumed to be unfamiliar with his, Ms. Kelly's, and their entities' byzantine and copious filing history. The Debtor was mistaken.[29]

        d.     *The Debtor's History of Use of Bankruptcy Filings as a Sword and Delay Tactic*

Since 2018, the Debtor and/or Ms. Kelly have filed at least eight (8) individual chapter 13 petitions across four (4) different jurisdictions seeking to take advantage of the automatic stay for litigation purposes.[30] Additionally, since 2015, the Debtor, Ms. Kelly, and the 700 Trust have filed at least three (3) chapter 11 petitions across two jurisdictions for the same reason.[31] This chapter 13 case is no different from its predecessors. The Debtor and Ms. Kelly are not "honest but unfortunate debtors," but instead seek only to utilize the bankruptcy system as a sword to delay unfavorable litigation results and frustrate their creditors. This abuse of the bankruptcy system is particularly acute here where the Debtor filed a skeletal petition, without any statements or schedules, and yet utilized his bankruptcy case number to file at least four Suggestions of Bankruptcy in an attempt to stall or otherwise delay proceedings, including proceedings before the United States District Court for the District of Columbia and United States Court of Appeals for the District of Columbia Circuit.[32]

---

[29] The Court recalls that the Debtor in this case previously filed a chapter 11 petition in this jurisdiction for his entity the 1712 Property Holding Trust on June 19, 2022. *See* 22-00104-ELG, ECF No. 1. On July 1, 2022, the Court dismissed the case for failure to pay the balance of the chapter 11 filing fee. *See id*. at ECF No. 15.

[30] The totality of the Debtor's and Ms. Kelly's chapter 13 bankruptcy history, as well as the outcomes of those cases, are briefly recited herein: *See In re Barbara Ann Kelly*, Case No. 18-13244-LSS (Bankr. D. Md.) (dismissed for exceeding chapter 13 jurisdictional debt limit); *In re Barbara Ann Kelly*, Case No. 18-07142-FMD (Bankr. M.D. Fla.) (Debtor voluntarily dismissed); *In re Gregory B. Myers*, Case No. 19-10392-BLS (Bankr. D. Del.) (dismissed for improper venue); *In re Gregory B. Myers*, Case No. 19-17428-LSS (Bankr. D. Md.) (Debtor voluntarily dismissed); *In re Barbara Ann Kelly*, Case No. 19-24525-LSS (Bankr. D. Md.) (Debtor voluntarily dismissed); *In re Gregory B. Myers*, Case No. 21-00123-FMD (Bankr. M.D. Fla.) (dismissed with prejudice as a bad faith filing and two (2) year refiling bar imposed); *In re Barbara Ann Kelly*, Case No. 23-12700-MCR (Bankr. D. Md.) (Debtor voluntarily dismissed and bankruptcy court imposed prospective relief including modifying the automatic stay, imposing a four (4) year equitable servitude, and prospectively lifting the automatic stay), *aff'd on appeal*, Civ. No. DLB-24-184 (Mar. 31, 2025); *In re Gregory B. Myers*, Case No. 25-00069-ELG (Bankr. D.D.C.).

[31] *See In re* Myers, Case No. 15-26033-MCR (Bankr. D. Md.) (converted to chapter 7 and still pending); In *re Barbara Ann Kelly*, Case No. 23-11566-LSS (Bankr. D. Md.) (dismissed *sua sponte* by the court); *In re 700 Tr.*, Case No. 25-00051-FMD (Bankr. M.D. Fla.) (dismissed, initially filed in Bankr. N.D. Fla. as Case No. 24-10230-KKS).

[32] *See* Suggestion of Bankruptcy, *In re 700 Tr.*, Case No. 25-00051-FMD (Bankr. M.D. Fla. Mar. 4, 2025), ECF No. 130; Suggestion of Bankruptcy, *In re Myers (King v. Schlossberg)*, Case No. 15-26033-MCR, Adv. No. 24-00007

8

No further clarity of the intent or purpose for the Debtor's bankruptcy case as anything other than a continuation of the Debtor's decade long crusade to evade creditors was offered at the Hearing. Despite the fact that the Debtor had not filed a responsive pleading, the Court provided the Debtor with all the time he wanted (ultimately, over two hours) to address the merits of the case and the Show Cause Order. However, instead of addressing the purpose of his bankruptcy case, the Debtor accused the Court of bias and disparaged the other parties in interest present. Further, at the Hearing, the Court repeatedly asked the Debtor why he had filed a chapter 13 petition in this jurisdiction. The Debtor refused to provide a straightforward answer and insisted on casting aspersions on the integrity of sister bankruptcy courts. Instead of providing any clarity as to the purpose for his bankruptcy filing or any basis upon which the Court might find a modicum of good faith, the Debtor instead chose to maintain, as he has in his previous bankruptcy cases, that he is being unfairly targeted and receiving unequal treatment from the American judiciary. Notably, the Debtor did not show remorse for his past bankruptcy filings or take any responsibility for his behavior in this or any past cases, instead continuing to try to paint himself as a "victim." The only victims here are the bankruptcy system itself in the thousands of hours of judicial resources expended upon the Debtor's filings and the innocent creditors who have sought for years, or in some cases over a decade, to exercise their rights.

### III.    Legal Analysis

In considering whether cause exists to sanction the Debtor, and if so, what sanctions are appropriate, the Court finds persuasive the District Court of Maryland's recent memorandum opinion[33] affirming the order dismissing Ms. Kelly's 2023 chapter 13 case and granting

---

(Bankr. D. Md. Mar. 6, 2025), ECF No. 25; Suggestion of Bankruptcy, *Myers v. Naples Golf and Beach Club, Inc.*, Case No. 24-03127-ACR (D.D.C. Mar. 7, 2025), ECF No. 23; Suggestion of Bankruptcy, *Myers*, No. 24-7180, Doc. #2105042.
[33] *Kelly*, 2025 WL 974345.

9

prospective relief (the "Opinion"). In the Opinion, the court found that absent sanctions "Kelly and Myers will continue to manipulate the bankruptcy system to prevent the foreclosure of [their] properties and harm their innocent creditors."[34] The Court wholeheartedly agrees and, for the reasons stated herein and as stated by sister courts, finds that sanctions are appropriate in this case as to the Debtor. The question is: If the previous two (2) year and four (4) year bars were insufficient to stop the Debtor, Ms. Kelly, and their entities from manipulating the bankruptcy system, then what *will* stop them? The Show Cause Order raised three proposed sanctions, each discussed herein.

  *a. Bar to Refiling*

The Debtor cannot avoid an adverse ruling or bar to refiling simply by requesting voluntary dismissal of this case.[35] The Court retained jurisdiction on the question of a bar to refiling in the Dismissal Order and finds, as the United States Bankruptcy Court for the Middle District of Florida has found on two separate occasions, that a bar to refiling is appropriate. Sections 105(a) and 349(a) of the Bankruptcy Code authorize the Court to issue a lengthy bar, for cause. As the United States Bankruptcy Court for the District of Maryland found as to Ms. Kelly, "[i]f ever there were a case that screams out for the extraordinary relief allowed by Sections 105(a) and 349(a), this is it."[36] The Debtor has more than demonstrated that he can manipulate the litigation process to take several years (or a decade or more) to obtain a final order. Thus, it is necessary and appropriate that the bar to refiling be effective immediately, but the bar time period shall not begin until the date that this Memorandum Opinion and Order becomes final and nonappealable.

---

[34] *Id*. at *20.
[35] *Id*. at *11.
[36] *See Kelly*, 656 B.R. at 607.

The question is: what is the correct time period? The Show Cause Order required the Debtor to show cause as to why a ten (10) year bar to refiling should not be entered. Relying on *In re Balmer*,[37] the Chapter 7 Trustee urges the Court to impose a ten (10) year bar on the Debtor. In *Balmer*, after a period of eight (8) years of abuse of the bankruptcy system by the debtor, the bankruptcy court barred the debtor for eight (8) years—a period equal to the duration of the debtor's abuse of the bankruptcy system.[38] Based upon the totality of the circumstances, including but not limited to (i) the Debtor's abuse of the bankruptcy system spanning a decade beginning in 2015 with his first chapter 11 filing (which remains open to this date as a chapter 7 and is the basis for over a dozen written opinions in the main case and associated adversary proceedings); (ii) the apparent unpersuasive nature of the previous two (2) year bar as to the Debtor and the existing four (4) year bar as to Ms. Kelly; (iii) the consistent and persistent burden on the bankruptcy system by the Debtor; (iv) the Debtor's lack of recognition or perception of his ongoing and unfettered abuse of the bankruptcy system; and (v) the Debtor's apparent incapacity to understand or abide by an adverse ruling, the Court finds that a ten (10) year bar to refiling in any court is appropriate beginning on the date that this Memorandum Opinion and Order becomes final and nonappealable. For avoidance of any doubt, the bar is effective immediately, however, the ten-year (10) period will not begin to run until after any and all appeals of this Memorandum Opinion and Order have been exhausted.

    b. *Annulment of the Stay*

The Show Cause Order also required the Debtor to show cause why the automatic stay should not be annulled retroactively to the Petition Date for bad faith and why the Court should not grant prospective relief from the automatic stay as to the NBC Entities in any bankruptcy case

---

[37] No. 1:03-BK-19058 E, 2003 WL 22658196 (Bankr. E.D. Ark. Oct. 10, 2003).
[38] *Id*. at *4.

filed in any jurisdiction by the Debtor. However, because the Debtor voluntarily dismissed this chapter 13 case, the question of annulment of the stay is moot. Furthermore, given the ten (10) year bar to refiling, the Court finds that prospective relief from the stay is unnecessary and may be duplicative.

   c. *Vexatious Litigant Pre-Filing Injunction*

A vexatious litigant injunction is an "extreme sanction and should be imposed in only the most egregious cases."[39] Prior to imposing such a sanction, courts must look to (i) whether there have been numerous, similar actions filed by the party; (ii) whether the party's previous filings were adjudicated as frivolous filings and completely lacked substantive allegations; (iii) whether the party is seeking to harass a certain adversary; and (iv) whether the administration of justice has been impeded so that a vexatious litigant injunction is required.[40] Despite the Debtor's prolific and abusive filing history across multiple jurisdictions as described herein, the Court finds that due to the bar imposed herein and at this time and case posture (solely based upon the filings in this Court), the Debtor is not a vexatious litigant.[41]

   d. *Dismissal of the Adversary Proceeding with Prejudice*

Dismissal with prejudice is "an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process."[42] Despite the stay of the Adversary Proceeding, the Debtor filed a *Notice of Dismissal Without Prejudice* attempting to dismiss the Adversary Proceeding to avoid an adverse ruling less than one month after the matter was filed.[43]

---

[39] *Duru v. Mitchell*, 289 F. Supp. 3d 112, 117 (D.D.C. 2018) (citing *In re Powell*, 851 F. 2d 427, 434 (D.C. Cir. 1988)).
[40] *Id*.
[41] It is also not clear that such prohibition would have the desired impact on the Debtor in any event. The United States Bankruptcy Court for the Middle District of Florida imposed a bar against filing any further matters absent either the prior authorization of the Court or such filing be signed by an attorney in good standing with the bar. Notwithstanding this requirement, the Debtor caused an attorney to file the 700 Trust case and recently sanctions were entered against the Debtor and the attorney. *See in re 700 Tr.*, Case No. 2:25-bk-00051-FMD, ECF No. 140.
[42] *In re Ebersole*, 452 B.R. 920, 922 (Bankr. W.D. Va. 2011).
[43] Adversary Proceeding, ECF No. 6.

This tactic echoes those used previously by the Debtor to evade adverse rulings and warranted repercussions and to preserve future avenues of legal abuse resulting in harm to innocent creditors and a waste of judicial resource. No such escape route is available to the Debtor in this case. The Adversary Proceeding is another example of the Debtor's contumacious actions and abuse of the bankruptcy process.[44] Thus, the Court shall dismiss the Adversary Proceeding, with prejudice.

### IV. Conclusion

Therefore, for the reasons stated herein, the Court finds that cause exists to sanction the Debtor. Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Debtor, Gregory Brian Myers, is barred from filing any case under any chapter of the Bankruptcy Code for a period of ten (10) years in any jurisdiction, effective immediately, but with such ten-year (10) period beginning on the date that this Memorandum Opinion and Order becomes final and nonappealable.

3. By separate order, the Adversary Proceeding (25-10005-ELG) shall be dismissed with prejudice.

[Signed and dated above.]

Copies to: recipients of electronic notification.

---

[44] Adversary Proceeding, ECF No. 1 (pleading a cause of action under § 362(k) and a tort claim originating from alleged stay violations and seeking damages in the millions of dollars).