Entered: May 6th, 2025
Signed: May 5th, 2025



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:

GREGORY B. MYERS,

      Debtor.

Case Number:  15-26033-MCR
(Chapter 7)

BRIAN KING, ET AL.,

      Plaintiffs,

v.

ROGER SCHLOSSBERG,

      Defendant.

Adversary Number:  24-00007-MCR

<u>MEMORANDUM TO PARTIES</u>

On April 26, 2024, the Court entered a Scheduling Order [Dkt. No. 15] in this adversary

proceeding setting various deadlines, scheduling a final pretrial conference for May 7, 2025,

and scheduling a two-day trial for May 13-14, 2025.  On December 30, 2024, the Plaintiffs

filed the *Trustee's Motion for Approval of Proposed Compromise and Settlement with King*

*Plaintiffs* [Dkt. No. 17] (the "<u>Settlement Motion</u>").  On January 21, 2025, Gregory B. Myers

(the "<u>Debtor</u>") filed a Preliminary Objection [Dkt. No. 20] to the Settlement Motion, to which the Trustee filed a Motion to Strike [Dkt. No. 20] on January 31, 2025.  On February 4, 2025, the Debtor filed a Supplement [Dkt. No. 22] to his Preliminary Objection, and on February 24, 2025, the Debtor filed a Response in Opposition to the Motion to Strike [Dkt. No. 23] (together, the "<u>Debtor's Responses</u>")  On February 27, 2025, the Trustee filed a Reply [Dkt. No. 24] to the Debtor's Responses.

On March 6, 2025, the Debtor filed a Suggestion of Bankruptcy [Dkt. No. 25] indicating that he filed a new Chapter 13 bankruptcy case on February 26, 2025 in the United States Bankruptcy Court for the District of Columbia (Case No. 25-00069-ELG) (the "<u>D.C. Bankruptcy Case</u>").  The Suggestion of Bankruptcy requests that all further proceedings in this adversary proceeding be stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362(a).  On April 3, 2025, the Trustee filed a Response [Dkt. No. 26] to the Suggestion of Bankruptcy explaining that the D.C. Bankruptcy Case was dismissed by an order entered on March 26, 2025 (the "<u>D.C. Dismissal Order</u>"), a copy of which is attached to the Trustee's Response.  A review of the D.C. Dismissal Order makes clear that the D.C. Bankruptcy Case was dismissed at the Debtor's request and that the D.C. Bankruptcy Court was retaining jurisdiction to determine pending motions requesting that the dismissal of the D.C. Bankruptcy Case be subject to a bar to refiling.

In light of the Suggestion of Bankruptcy, the Court has not scheduled a hearing to consider the Settlement Motion or taken any other action in this matter since entry of the Scheduling Order.  At the May 7, 2025 pretrial conference, the Court will request that the Trustee and/or Debtor update the Court regarding the status of the D.C. Bankruptcy Case.

On May 1, 2025, the presiding judge's courtroom deputy sent an email to all parties involved in this adversary proceeding reminding them that the pretrial conference is scheduled for May 7, 2025 by videoconference and attaching a copy of the presiding judge's Protocol for Videoconference Hearings.

On May 2, 2025, the Debtor sent an email to the presiding judge's courtroom deputy stating the following:

> In response to your email, and with respect to a hearing in *King, et al. vs. Schlossberg* (24-00007-MCR), Rule 2002 of the Federal Rules of Bankruptcy Procedure provides that "the clerk or the court's designee **must** give the debtor, the trustee, all creditors, and all indenture trustees **at least 21 days' notice** by mail of: ... (3) a hearing to approve a compromise or settlement… ."
>
> Accordingly, "the clerk or the court's designee **must** give the debtor, the trustee, all creditors, and all indenture trustees **at least 21 days' notice** by mail of: ... (3) a hearing to approve a compromise or settlement" in the case of *King, et al. vs. Schlossberg* (24-00007-MCR).
>
> Thank you for respecting the Federal Rules of Bankruptcy Procedure.

The boldfaced text appears as boldfaced text in the email.  On May 5, 2025, the Debtor sent a second email to the presiding judge's courtroom deputy forwarding his first email and stating "Ms. Whitfield ??" in an apparent attempt to prompt a response.

The Debtor's communications with chambers are improper.  Parties in interest may communicate with the presiding judge's staff about the date, time, and location of a hearing. Any other communications regarding a bankruptcy case and/or adversary proceeding must be made through a pleading filed with the Court or in oral argument at a hearing.  Accordingly, the presiding judge's chambers will take no further action with respect to the Debtor's improper

communications, and the Court cautions the Debtor against further improper communications

with Court personnel.

cc:    All parties
        All counsel
        Office of the United States Trustee

**END OF MEMORANDUM**