IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.
_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, Trustee,

    Defendant.
_____/

Case No. 15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## **MOTION TO INTERVENE IN ADVERSARY PROCEEDING**

Gregory B. Myers ("Mr. Myers"), pursuant to Rule 24 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7024 of the Federal Rules of Bankruptcy Procedure, respectfully moves the Court for an order allowing him to intervene in Adversary Proceeding No. 24-00007 ("Adversary Proceeding 24-00007"). In support, Debtor states as follows:

1. On January 10, 2024, Brian King ("Mr. King"), Cristina King ("Mrs. King"), and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (the "Trustee of the Children's Trust," with the trust itself being known as the "Children's Trust")) (Mr. King, Mrs. King, and the Trustee of the Children's Trust being collectively known as the "Plaintiffs" and each sometimes being known as a "Plaintiff"), commenced Adversary Proceeding 24-00007 by filing a

1

COMPLAINT FOR DECLARATORY RELIEF [Adv. Proc. Dkt. #1] (the "Complaint") against Roger Schlossberg, in his official capacity as Chapter 7 Trustee of Mr. Myers's bankruptcy estate (the "Trustee" or "Defendant").

2. Pursuant to Federal Rule 24(a)(2), Mr. Myers has an absolute right to intervene in Adversary Proceeding 24-00007 as he arguably possesses constitutionally protected rights and interests relating to the subject matter of Adversary Proceeding 24-00007, the disposition of which may, as a practical matter, impair or impede Mr. Myers's ability to protect his rights and interests. Moreover, it is certain that Mr. Myers's rights and interests will **not** be adequately represented by the Trustee in Adversary Proceeding 24-00007.

3. Mr. Myers also possesses claims and defenses that share "a common question of law or fact" with the matters articulated in Adversary Proceeding 24-00007. Thus, even assuming the factors for intervention as of right under Federal Rule 24(a)(2) are not satisfied here (which they are), Mr. Myers should be permitted to intervene pursuant to Federal Rule 24(b).

4. Because Mr. Myers satisfies the requirements set forth in Federal Federal Rule 24(a) and (b), this motion should be granted. If this Court were to deny Mr. Myers's request to intervene in Adversary Proceeding 24-00007, Mr. Myers would be severely prejudiced.

**WHEREFORE**, Mr. Myers respectfully requests that the Court enter an order authorizing him to intervene in Adversary Proceeding 24-00007 and grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** on this 26th day of June, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.

Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2025, a copy of the foregoing was furnished to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_/s/ Gregory B. Myers_
Gregory B. Myers, *pro se*