IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | |
| GREGORY B. MYERS, | Case No. 15-26033-MCR<br>(Chapter 7) |
| Debtor. | |
| _____/ | |
| BRIAN KING, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. No. 24-00007 |
| ROGER SCHLOSSBERG, Trustee, | |
| Defendant. | |
| _____/ | |

## MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY

Gregory B. Myers ("Mr. Myers"), moves to dismiss the above-captioned adversary proceeding for failure to join an indispensable party, and states:

On December 5, 2019, the United States Bankruptcy Court for the District of Maryland (Simpson, J) entered an order remanding State Court Case Nos. 436977-V and 451611-V (the "State Court Case") back to the Circuit Court for Montgomery County, Maryland ("State Court"):

> **ORDERED**, that the above-captioned adversary proceeding is **remanded** to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. 1452(b).

(Adv. No. 19-00427, Dkt. No. 5). A copy of December 5, 2019, Order entered by Judge Simpson is attached hereto as **Exhibit A**. Accordingly, and contrary to this Court's (Ruark, J) Order entered in Case 15-26033 (Doc 1029), neither this Court nor Roger Schlossberg, the Chapter 7 trustee

1

("Schlossberg" or the "Trustee") appointed to administer the Chapter 7 bankruptcy estate of Gregory B. Myers, has the authority or jurisdiction to *"establish a procedural mechanism for resolving litigation pending in state court"* (i.e., the State Court Case) among Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), Serv Trust, and the Trustee (who was named as a nominal defendant)."

It is the State Court—not this Court—that has "authority under the Maryland Rules to control its judgments that are non-final." *Id*. Any such *"procedural mechanism"* purportedly established by this Court (Ruark, J) *"for resolving litigation pending in state court"* was/is a violation of the *Rooker-Feldman* doctrine. Simply put, the King Parties have to find a state court remedy to their claims (i.e., a <u>final state court judgment</u>) or obtain relief from the U.S. Supreme Court; *not* come into this Court which has no jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine.

On September 23, 2019 in the State Court Case, Mr. VerStanding (counsel for the King Parties) made the following representations to The Honorable Debra L. Dwyer, Judge of the Montgomery County Circuit Court:

> MR. VERSTANDIG: Thank you, Your Honor. Maurice Verstandig, again on behalf of the King parties. \*\*\* **We joined Mr. Myers as a "necessary party" because we're seeking declaratory judgment and Serv Trust is an alter ego.** \*\*\* **Maryland has a compulsory joinder rule.** \*\*\* **And I had to join Mr. Myers,** which is why they are here.

(Emphasis added). A copy of the September 23, 2019 hearing transcript is attached hereto as **Exhibit B**.

On December 16, 2022, a hearing was held in the State Court Case at which time the State Court (Lease, J) made the following rulings:

> MR. MYERS: There would still be a ruling that would impose

2

liability upon me.
THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately, and there would not be any res judicata or collateral estoppel issues, **because you were not a party to that case**…at that time because, well, you were stayed, **so you were not considered a party**.
\*\*\*
THE COURT: Well, one is **you're not a live party in this case right now**.
\*\*\*
THE COURT: Well, **it makes you a non-party…for the purpose of the upcoming trial**, because the upcoming trial does not involve you.

(Alterations and emphasis supplied).[1] Because the State Court (Lease, J) ruled on December 16, 2022, that Mr. Myers was "**not a party**" to the State Court Case ("**it makes you a non-party…for the purpose of the upcoming trial**"), the January 12, 2023, ORDER ENTERING PARTIAL JUDGMENT AND STAY is void and unenforceable for failure to join an indispensable party as required by Maryland law.

---

[1] On December 18, 2018, The Honorable Anne K. Albright found that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), concluding that Mr. King's actions "**would amount to constructive fraud**." Here, this Court **(Ruark, J)** has willfully aided in the execution of this fraudulent scheme, including without limitation, by entering the December 11, 2023, Order (Case 15-26033; Doc 1029) facilitating "the mechanism" by which the Trustee and the King Parties are now seeking to **defraud Mr. Myers and Serv Trust**. See *Etgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418. Notably, the Federal Tort Claims Act (FTCA) allows private parties to sue the United States in federal court for torts committed by persons (i.e., Ruark, J) acting on behalf of the government. 28 U.S.C. § 2674.

3

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

In any event, the State Court (Lease, J) is barred by the principles of res judicata and collateral estoppel from entering an order contrary to the findings of fact in the Memorandum Opinion and Order Entering Judgment issued by this Court (Lipp, J) on September 28, 2018 [Adv. No. 17-00193, Dkt. No. 94; Dkt. No. 93], which state in pertinent part:

### I. Findings of Fact

The following facts are relevant to the issues at hand and are either uncontroverted or are supported by the evidence in this case. [FN2: To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any conclusions of law constitute findings of fact, they are so adopted.] *** Serv Trust is a trust that was created by Myers' mother for the benefit of Myers' five children. Serv Trust was funded with an initial deposit of $1,000.00 from Myers' mother. Myers and Daniel Ring are the co-trustees of Serv Trust. *** Myers testified that Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC ("Goldsboro"). *** Goldsboro advanced significant sums of money to Serv Trust to enable Serv Trust to make substantial distributions to Myers and/or Kelly for the benefit of their children. *** Goldsboro continued to make post-petition advances to Serv Trust, which funds were then made available to Myers and/or Kelly to pay for their children's education and household expenses. *** It is **undisputed** that Serv Trust was established to pay educational and other expenses related to Myers' children. It is **also undisputed** that Myers is a co-trustee of Serv Trust with the authority to direct Serv Trust to make payments on

4

> behalf of its beneficiaries – the Myers' children. Myers was adamant at trial that every payment that he and/or Kelly ever received from Serv Trust was for the benefit of his children. \*\*\* If, **as irrefutably testified to by Myers**, every payment from Serv Trust to Myers and/or Kelly was for the benefit of their children, then it appears Serv Trust was serving its intended purpose – i.e., providing for Myers' children. Such payments would not be "loans" to Myers and/or Kelly. They would be distributions to the Trust's beneficiaries.

(Alterations and emphasis supplied).

**WHEREFORE**, Mr. Myers demands this Court enter an order dismissing Adversary Proceeding 24-00007, with prejudice, and grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** on this 27th day of June, 2025.

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2025, a copy of the foregoing was furnished to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers, *pro se*