**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS,

       Debtor.

Case No.  15-26033-MCR
(Chapter 7)

_____/

BRIAN KING, *et al.*,

       Plaintiffs,

    v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, Trustee,

       Defendant.

_____/

USBC-MD G FILED
1 JUL '25 PM 3:34

**DEBTOR'S MOTION TO DISQUALIFY COUNSEL**

DEBTOR, GREGORY B. MYERS ("MR. MYERS") HEREBY MOVES TO DISQUALIFY MAURICE B. VERSTANDIG ("VERSTANDIG"), THE VERSTANDIG LAW FIRM, LLC, ROGER SCHLOSSBERG, TRUSTEE, FRANK MASTRO, SCHLOSSBERG & ASSOCIATES, P.A. ("SCHLOSSBERG LAW") FROM ANY FURTHER PARTICIPATION IN CASE NO. 15-26033 AND ADVERSARY PROCEEDING NO. 24-0007 AS A RESULT OF VERSTANDIG'S PRIOR REPRESENTATION OF SERVTRUST, 6789 GOLDSBORO LLC, GREGORY B. MYERS, AND DANIEL J. RING, TRUSTEE OF SERVTRUST, FURTHER VERSTANDIG REPRESENTS THE KING PARTIES IN THE ABOVE ADVERSARY AT THE DIRECTION OF ROGER SCHLOSSBERG, TRUSTEE, WHICH IS A CLEAR CONFLICT OF INTEREST ("FRUIT OF THE POISONOUS TREE") MR. MYERS ADOPTS AND INCORPORATES HEREIN THE "DEBTOR'S MOTION TO DISQUALIFY" ATTACHED HERETO AS EXHIBIT "A", AND MADE A PART HEREOF FOR ALL PURPOSES.

84

RESPECTFULLY SUBMITTED on this 30th day of June, 2025.

_(handwritten: July 1,)_

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2025, a copy of the foregoing was furnished to the

_(handwritten: July 1,)_

following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                    Case No.: 2:21-bk-00123-FMD

Gregory Brian Myers,                                     Chapter 13

      Debtor.

_____/

## DEBTOR'S MOTION TO DISQUALIFY
### *(and Incorporated Memorandum of Law)*

Debtor, GREGORY BRIAN MYERS, respectfully moves this Court for an order disqualifying Maurice B. VerStandig ("Verstandig") and The VerStandig Law Firm, LLC as attorneys for non-creditors, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively the "King Parties") in this matter as a result of VerStandig's prior representation of the Debtor. In support thereof, the Debtor states as follows:

## I. INTRODUCTION

Debtor, Gregory Brian Myers ("Myers"), filed this bankruptcy proceeding on January 28, 2021. Mr. Myers has a long-standing reputation as a property developer and property manager engaged in projects of varying degrees of complexity. As a consequence of the Great Recession, long term medical and disability issues, and numerous business disputes and unsuccessful bankruptcies, Mr. Myers is making a good faith effort of exercising the rights afforded to him under state law and the U.S. Bankruptcy Code to protect his interests and achieve a fresh start.

## II. FACTUAL BACKGROUND

Mr. Myers is one of two co-trustees[1] of "Serv Trust" which is an irrevocable spendthrift trust established in 2010 by Myers' mother (now deceased) for the benefit of Myers' five children. Myers was not a grantor/trustor/settlor of Serv Trust, and Myers has never been a beneficiary of Serv Trust.

Serv Trust is presently involved in a business/legal dispute in connection with 6789 Goldsboro LLC, a Maryland Limited Liability Company, which dispute is currently pending in the Circuit Court for Montgomery County, Maryland in consolidated case nos. 436977-V and 451611-V (hereinafter the "Goldsboro Litigation"). The King Parties are defendants in the Goldsboro Litigation and are accused of fraud and other insidious behavior by Serv Trust.

The King Parties are not creditors of Myers and the King Parties have previously acknowledged in open court that they have no monetary or other claim against Myers.

With this backdrop, it is patently obvious that the King Parties' *Motion to Dismiss and Bar Debtor from Refiling for Five Years* (the "King Motion") is nothing more than an outlandish attempt to sully Myers' reputation to gain advantage in the Goldsboro Litigation which is wholly unrelated to this bankruptcy proceeding. To file the King Motion, the King Parties hired Maurice B. VerStandig and the VerStandig Law Firm, LLC who previously served as legal counsel to Myers, 6789 Goldsboro, LLC and Serv Trust, rendering legal advice on the same matters at issue in the King Motion, including at least eight (8) state court litigation cases and various appellate matters associated therewith, matters which VerStandig now disingenuously characterizes as evidence of vexatious litigation and bad faith conduct.[2]

---

[1] The other co-trustee of Serv Trust is Daniel J. Ring, CPA who had historically provided financial advice to Myers' mother.

[2] Which brings to question why VerStandig would have participated and acted as counsel of record at the time if he truly believed that those actions were in bad faith, frivolous or vexatious.

This is an impermissible conflict because it violates the Rules Regulating the Florida Bar's former client conflict of interest rule, and both VerStandig and The VerStandig Law Firm, LLC should be disqualified from representing the King Parties as a result.

VerStandig has been representing Myers in various endeavors and legal matters since as early as 2011, when he worked at Offit Kurman, P.A. ("Offit Kurman") in the Washington, D.C. area. On May 15, 2013, VerStandig, acting as attorney for Myers, admitted by email that he does "occasionally offer assistance with Greg's various legal matters…" and in the same email referred to Myers as "a longstanding firm client and an all around good guy." *See* **Exhibit "A",** a true and correct copy of email from VerStandig.

VerStandig also acted as legal counsel for Myers after he left Offit Kurman to open The VerStandig Law Firm, LLC, including working with Myers' bankruptcy counsel in the very same Maryland bankruptcy proceeding which VerStandig has now characterized in the King Motion as "abusive litigious undertakings" (King Motion, p.3). *See* **Exhibit "B",** a true and correct copy of email from VerStandig dated December 17, 2015. Furthermore, and troubling, VerStandig is currently Myers' attorney of record in a Walton County, Florida state court proceeding; *see* a true and correct copy of the clerk of court's docket reflecting same and attached as **Exhibit "C".**

VerStandig was also active legal counsel to Myers as co-trustee of Serv Trust and "Manager" of 6789 Goldsboro LLC which LLC was then owned 100% by Serv Trust. As referenced above, Serv Trust and 6789 Goldsboro LLC are presently in a legal dispute with the King Parties. Shockingly, VerStandig is now attempting to represent the King Parties as their attorney of record in the Goldsboro Litigation, notwithstanding a Motion to Disqualify VerStandig was filed by Serv Trust's counsel in that case, which Motion to Disqualify is still pending in that case. A copy of that Motion to Disqualify is attached hereto as **Exhibit "D"** and page 19 of Exhibit

D shows an invoice documenting VerStandig's participation in providing legal advice to Myers as a co-trustee of Serv Trust and as the "Manager" of 6789 Goldsboro LLC, dating back as far as May 20, 2013, before any involvement by the King Parties in 6789 Goldsboro LLC. As such, the issues raised in the King Motion are directly related to issues discussed during VerStandig's representation of Myers individually and as a co-trustee of Serv Trust and the "Manager" of 6789 Goldsboro LLC.

Critically, the arguments that VerStandig is advancing on behalf of the King Parties in this case are contrary to the positions and advice that VerStandig provided to Myers in his various capacities during their ongoing representation relationship. This is a significant conflict that will be further exacerbated if this matter proceeds to discovery and evidentiary hearing. VerStandig should not be permitted to continue to represent the King Parties in this matter as VerStandig and The VerStandig Law Firm, LLC are conflicted and should be disqualified.

### III. STANDARD OF REVIEW

"Motions to disqualify are governed by two sources of authority," the local rules of the court in which they appear" and "federal common law." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). If a district court bases its disqualification order on an allegation of an ethical violation," the court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.* Attorneys in the Middle District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* M.D. Fla. Local Rule 2090-1(d).

Here, the relevant ethical rule is Rule 4-1.9 (Conflict of Interest; Former Client) which prohibits a "lawyer who has <u>formerly represented a client</u> in a matter" from later "representing another person in the <u>same or substantially related matter</u> in which that person's interests are

materially adverse to the interests of the former client unless the former client gives underlined
consent." *R. Regulating Fla. Bar 4-1.9 (a) (emphasis added)*.

In order to succeed on a motion for disqualification on the basis of a conflict of interest, the party seeking disqualification must first show "the existence of a prior attorney/client relationship." *See Fenik v. One Water Place,* No. 3:06CV514/RV/EMT, 2007 WL 527997, at *4 (N.D. Fla. Feb. 14, 2007). "[O]nce the attorney-client relationship is established, there is an irrebuttable presumption the members of the firm have obtained confidential knowledge from the relationship." *Matter of Outdoor Prod. Corp.,* 183 B.R. 645, 648-49 (Bankr. M.D.Fla. 1995). Second, the movant must show that "the matter in which the law firm [is] subsequently represent[ing] the interest adverse to the former client [is] the same or substantially related to the matter in which it represented the former client." *United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC,* No. 12-81311-CV, 2013 WL 12082739, at *4 (S.D. Fla. Sept. 6, 2013).

## IV. ARGUMENT

VerStandig and the VerStandig Law Firm, LLC (collectively "VerStandig") should be disqualified from representing the King Parties in this action as a result of VerStandig's prior representation of Myers in his various capacities, pursuant to Rule Regulating the Florid Bar 4-1.9. Both factual elements necessary for disqualification are present here and VerStandig should be disqualified as a result.[3]

### A. An Attorney-Client Relationship Existed Between VerStandig and Myers

There can be no reasonable dispute that VerStandig represented Myers in his various capacities in connection with 6789 Goldsboro LLC now implicated in the Goldsboro Litigation,

---

[3] Where one lawyer in a firm is prohibited from representing a client under Rule 4-1.9, the entire firm is disqualified as well. *See* Fla. R. Prof'l Conduct 4-1.10.

as well as VerStandig's collaboration with Myers's Maryland counsel on filings in connection with Myers's Maryland bankruptcy proceeding (*see* **Exhibit A**). Legal advice was solicited by Myers and rendered by VerStandig. Exhibits A, B, C and D clearly document this fact; there was clearly an attorney-client relationship.

### B. VerStandig's Representation Was Substantially Related to the Issues in This Proceeding

"Matters are 'substantially related' for the purposes of this rule [Rule 4-1.9] if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." *Philip Morris USA Inc. v. Caro*, No. 4D16-2416, 2016 WL 7118833, *3 (Fla. 4th DCA Dec. 7, 2016) (citing R. Regulating Fla. Bar 4-1.9 comment); *see also Commodity Futures*, 2013 WL 12082739 at *4 (for an action to be substantially related, the matter "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved"). VerStandig's prior representation of Myers in his various capacities involved the same issues as the King Motion including various state court litigation cases and appeals (*see* Exhibits A and C), the Maryland bankruptcy proceeding (*see* Exhibit B), and the negotiation, drafting and enactment of the amended operating agreement for 6789 Goldsboro LLC between the King Parties and ServTrust for which Myers is a co-trustee, (*see* Exhibit D, p.19) and which is at the core of the King Motion. Moreover, it was an Offit Kurman attorney who, while representing Myers, introduced the King Parties to Myers and helped facilitate the King Parties involvement in 6789 Goldsboro LLC now implicated in the Goldsboro Litigation referenced in the King Motion (*see* Exhibit D).

Though Myers is not required to show that he is prejudiced by VerStandig's representation of the King Parties, there can be no doubt that he is, in fact, prejudiced by VerStandig's representation of the King Parties and said representation is a breach of

VerStandig's duties to Myers. As stated by the Supreme Court of Florida, "Our legal system cannot function fairly or effectively if an attorney has an informational advantage in the form of confidences gained during a former representation of his client's current opponent." *State Farm Mut.*, 575 So.2d at 632. Here, VerStandig has an informational advantage because of the confidences gained during his representation of Myers in his various capacities, which advantage VerStandig can and will use to Myers' detriment.

There is clearly, at the very least, "an appearance of impropriety – in the form of an undermining of the loyalty and trust upon which an attorney-client relationship is based" – which requires VerStandig's disqualification from representing King Parties in this litigation. *Brent v. Smithers*, 529 So.2d 1267, 1269 (Fla. 3rd DCA 1998) (law firm that previously represented one co-trustee of estate disqualified from defending the other co-trustee and beneficiaries).

## V. CONCLUSION

VerStandig and The VerStandig Law Firm, LLC should be disqualified from representing the King Parties in this proceeding as a result of VerStandig's prior and current representation of Myers. VerStandig has received confidential information from Myers and has provided confidential legal advice to Myers in his various capacities, which information and advice is materially related to the matters at issue in the King Motion. Significant discovery will have to be taken from VerStandig, including testimony from VerStandig. Myers' motion to disqualify VerStandig should be granted.

Dated: May 12, 2021    ANASTASIA LAW, P.L.

          */s/ Undine C. George*
          Undine C. George, Esquire
          FL Bar No. 16872
          107 A 11th Street
          St. Augustine, FL 32080
          (904) 236-6243

undine@anastasialaw.net
service@anastasialaw.net
*Attorney for Debtor*

## PROOF OF SERVICE

I hereby certify that on May 12, 2021, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system thereby serving all registered users in this case, including the Chapter 13 Trustee, Jon Waage, PO Box 25001, Bradenton, FL 34206-5001 and Maurice B. VerStandig, Esq., 1452 W. Horizon Ridge Pkwy, #665, Henderson, Nevada 89012, counsel for the King Parties, mac@mbvesq.com .

*/s/ Undine C. George*
Undine C. George, Esquire
FL Bar No. 16872
107 A 11th Street
St. Augustine, FL 32080

Exhibit A

 Gmail

**Undine George <undinec@gmail.com>**

## FW: Montgomery County Land Development Project
1 message

**Greg Myers** <gregbmyers@verizon.net>                                                      Mon, May 10, 2021 at 2:01 PM
To: undine george <undine@anastasialaw.net>
Cc: gregbmyers@verizon.net

> FYI
>
> -----Original Message-----
> From: VerStandig, Mac <mverstandig@offitkurman.com>
> Sent: Thursday, May 16, 2013 3:59 PM
> To: Greg Myers <gregbmyers@verizon.net>
> Cc: Erskine, William <werskine@offitkurman.com>; Lynch, Timothy <tlynch@offitkurman.com>; King, Lisa
> <lking@offitkurman.com>
> Subject: Re: Montgomery County Land Development Project
>
> Greg,
>
> Tomorrow is not going to work for scheduling reasons, but we would be delighted to meet at 2:00 Monday if you could
> come to Maple Lawn then.
>
> In the interim, I have given Bill the broadest of outlines of what you are contemplating, but he would appreciate it if you
> could send an email with a factual sketch - and any supporting docs (ie, old ordinances) - before the meeting.
>
> Vis a vis charge, please bring with you a check for $1,500.00 to cover the meeting.
>
> Thanks,
>
> Maurice "Mac" VerStandig
> Offit│Kurman
>            Attorneys At Law
>
> 4800 Montgomery Lane
> Suite 900
> Bethesda, Maryland 20814
>
> (240) 507-1714
>
> mailto:mverstandig@offitkurman.com
> http://www.offitkurman.com
> PRIVILEGED COMMUNICATION/PRIVACY NOTICE
>
> Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the
> individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that
> any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this
> communication in error, please immediately notify us by telephone and delete this communication.
> IRS CIRCULAR 230 DISCLOSURE
>
> To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in
> this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose
> of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party
> any transaction or matter addressed herein.
>
> Sent from my iPhone
>
> On May 16, 2013, at 7:44 AM, "Greg Myers" <gregbmyers@verizon.net<mailto:gregbmyers@verizon.net>> wrote:
>
> I am available to meet tomorrow, Friday 5/17, anytime from 11 AM on in Maples Lawn - please pick a time and let me

know.  I will email information about the property.

Thanks,
Gregory B. Myers
(301) 325-2312  Mobile


From: Erskine, William [mailto:werskine@offitkurman.com]
Sent: Thursday, May 16, 2013 6:47 AM
To: VerStandig, Mac
Cc: Greg Myers; Lynch, Timothy; King, Lisa
Subject: RE: Montgomery County Land Development Project

Mac,

I am happy to assist.  I am pretty flexible tomorrow or Monday.  Let me know if that works for you.  It would be helpful if Greg could email me as much information as possible about the property and the project being contemplated in advance so that I can have a base level understanding before we meet.

I look forward to seeing you.
William E. Erskine
Principal
Offit│Kurman
Attorneys At Law

From: VerStandig, Mac
Sent: Wednesday, May 15, 2013 11:44 PM
To: Erskine, William
Cc: Greg Myers; Lynch, Timothy
Subject: Montgomery County Land Development Project

Bill,

Tim Lynch represents a gentleman named Greg Myers, who I am copying on this e-mail, and I do what I can to occasionally offer assistance with Greg's various legal matters. Greg is a longstanding firm client and an all around good guy.

Greg has indicated that he is currently amidst the study period on a land acquisition deal in Montgomery County, and his review of both the subject real estate and various accompanying ordinances has served to create a situation where he believes there may be ample opportunity for a large scale development project. However, a good bit of this belief stems from Greg's reading of local code provisions (both current and historic in nature), and he would like to review much of this – and discuss various timelines and potential steps – before his study period expires and he is forced to make a final decision on how to proceed.

With this in mind, please let us know if you have some time in the coming week to sit down with Greg, Tim and/or myself, in Maple Lawn, to discuss this in some greater detail and offer some guidance on the matter. I know Greg prides himself on being available, but if you could kindly let us know when may be best for you, we can all see if our calendars sync up accordingly, and go from there.

Thanks,
Maurice "Mac" VerStandig
Attorney
Offit│Kurman
Attorneys At Law

240.507.1714 Washington
240.507.1735   Facsimile
www.offitkurman.com<http://www.offitkurman.com>

Washington
4800 Montgomery Lane  |  9th Floor  |  Bethesda, MD 20814

_____
PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that

any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit B

 Gmail

**Undine George** <undinec@gmail.com>

---

## FW: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521
1 message

**Greg Myers** <gregbmyers@verizon.net>                                  Mon, May 10, 2021 at 1:55 PM
To: undine george <undine@anastasialaw.net>
Cc: gregbmyers@verizon.net

FYI

**From:** Steven L. Goldberg <sgoldberg@mhlawyers.com>
**Sent:** Thursday, December 17, 2015 3:15 AM
**To:** 'Mac VerStandig' <mac@mbvesq.com>
**Cc:** 'Lynch, Timothy' <tlynch@offitkurman.com>; James M. Greenan <JGreenan@MHLawyers.com>; 'gregbmyers@verizon.net' <gregbmyers@verizon.net>;
'bakellymyers@verizon.net' <bakellymyers@verizon.net>
**Subject:** RE: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Thanks Mac.  I can only take little credit; the heavy lifting was yours.  It's good to hear from you.  Lets catch up soon.  Take care.

**From:** Mac VerStandig [mailto:mac@mbvesq.com]
**Sent:** Thursday, December 17, 2015 1:35 AM
**To:** Steven L. Goldberg
**Cc:** Lynch, Timothy; James M. Greenan; gregbmyers@verizon.net; bakellymyers@verizon.net
**Subject:** Re: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Thanks, Steve -- changes look good to me and help it a good bit. I'll file in the morning.

Nice to see your name pop up; it's been more than a few years...

Thanks,

Maurice "Mac" VerStandig, Esq.

The VerStandig Law Firm, LLC

12505 Park Potomac Avenue, Sixth Floor

Potomac, Maryland 20854

Phone: (301)444-4600

Cell: (240)351-6442

mac@mbvesq.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader
of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have
received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This
communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

On Dec 16, 2015, at 10:28 PM, Steven L. Goldberg <sgoldberg@mhlawyers.com> wrote:

Mac, Tim:  Good work on the Response.  It's excellent.  I added a few cases and made some minor revisions/additions for your consideration.  Nice job.

**From:** Lynch, Timothy [mailto:tlynch@offitkurman.com]
**Sent:** Wednesday, December 16, 2015 8:59 PM
**To:** James M. Greenan
**Cc:** gregbmyers@verizon.net; Steven L. Goldberg; bakellymyers@verizon.net; mac@mbvesq.com
**Subject:** RE: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

This is what we prepared while we were waiting to see if you had guidance.  If you want to review and share some insight – we are receptive to that. We are not asking you to redline but if this position is not consistent with the position that you all are taking for Greg – we are certain that Barbara Ann would not want to be inconsistent with his positions.

Please copy Mac on any response as I will be in trial all day tomorrow and this needs to be e-filed. Mac has agreed to do that.


Tim



**From:** James M. Greenan [mailto:JGreenan@MHLawyers.com]
**Sent:** Wednesday, December 16, 2015 4:56 PM
**To:** Lynch, Timothy <tlynch@offitkurman.com>
**Cc:** gregbmyers@verizon.net; Steven L. Goldberg <sgoldberg@mhlawyers.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521


Ok. We will have it ready tomorrow.

Good luck in your trial!

Jim


&lt;image001.jpg&gt;     James M. Greenan, Esq.

Principal*


6411 Ivy Lane, Suite 200

Greenbelt, Maryland 20770

(301) 441-2420 (P)

(301) 982-9450 (F)


888 Bestgate Road, Suite 402

Annapolis, Maryland 21401

(410) 266-9909 (P)

(410) 266-8425 (F)


www.mhlawyers.com

www.linkedin.com/in/jamesgreenan


*Admitted in Maryland

and the District of Columbia

The information contained herein is confidential and intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited. If you received this e-mail in error, please notify the sender immediately and delete the message.

Disclosure Required by IRS Circular 230:
In accordance with IRS requirements, we wish to inform you that, to the extent this communication contains tax advice, it is not intended or written to be used for the purpose of 1) avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service, or 2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Lynch, Timothy [mailto:tlynch@offitkurman.com]
**Sent:** Wednesday, December 16, 2015 4:53 PM
**To:** James M. Greenan
**Cc:** gregbmyers@verizon.net; Steven L. Goldberg
**Subject:** RE: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Not sure - maybe tomorrow. I am in trial in nyc

Sent from my Android phone using TouchDown (www.nitrodesk.com)

-----Original Message-----
**From:** James M. Greenan [JGreenan@MHLawyers.com]
**Received:** Wednesday, 16 Dec 2015, 2:37PM
**To:** Lynch, Timothy [tlynch@offitkurman.com]
**CC:** Greg Myers (gregbmyers@verizon.net) [gregbmyers@verizon.net]; Steven L. Goldberg [sgoldberg@mhlawyers.com]
**Subject:** RE: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Tim: Steve is going to prepare a response for you to file. When is it due?

Jim

&lt;image001.jpg&gt;    James M. Greenan, Esq.

Principal*

6411 Ivy Lane, Suite 200

Greenbelt, Maryland 20770

(301) 441-2420 (P)

(301) 982-9450 (F)

888 Bestgate Road, Suite 402

Annapolis, Maryland 21401

(410) 266-9909 (P)

(410) 266-8425 (F)

www.mhlawyers.com

www.linkedin.com/in/jamesgreenan

*Admitted in Maryland

and the District of Columbia

The information contained herein is confidential and intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any review, use, dissemination, distribution or copying of this message is strictly prohibited. If you received this e-mail in error, please notify the sender immediately and delete the message.

Disclosure Required by IRS Circular 230:
In accordance with IRS requirements, we wish to inform you that, to the extent this communication contains tax advice, it is not intended or written to be used for the purpose of 1) avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service, or 2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Lynch, Timothy [mailto:tlynch@offitkurman.com]
**Sent:** Monday, December 14, 2015 12:56 PM
**To:** James M. Greenan; Gregory Myers
**Cc:** bakellymyers@verizon.net; mac@mbvesq.com
**Subject:** FW: SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Here is the related filing.

**From:** eservice@myflcourtaccess.com [mailto:eservice@myflcourtaccess.com]
**Sent:** Monday, December 14, 2015 12:52 PM
**Subject:** SERVICE OF COURT DOCUMENT - CASE NUMBER 2D2015-4521

Notice of Service of Court Documents

Filing Information

| | |
|---|---|
| Filing #: | 35496130 |
| Filing Time: | 12/14/2015 12:51:39 PM ET |
| Filer: | Dean A. Morande 561-659-7070 |
| Court: | Second District Court of Appeal |
| Case #: | 2D2015-4521 |
| Court Case #: | 2D2015-4521 |
| Case Style: | GREGORY MYERS vs U. S. BANK NATIONAL ASOC. |

Documents

| Title | File |
|---|---|
| Response | 2015-12-14 - WF-Kelly & Myers - Appellee's Response to Order re Bankruptcy Stay.pdf |

E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Dean A. Morande | dmorande@cfjblaw.com |
| | kcasazza@cfjblaw.com |
| | wpbecf@cfdom.net |
| Gregory B. Myers | gregbmyers@verizon.net |
| Timothy Lynch | tlynch@offitkurman.com |
| Maurice VerStandig | mverstandig@offitkurman.com |
| Julie Anthousis | flcourtdocs@brockandscott.com |

E-service recipients deselected for service:

| Name | Email Address |
|---|---|
| Michael A. Gort | mike@gortlaw.com |
| Christopher C. Fogleman | cfogleman@gleason-law.com |
| Philip D. Storey | stb@aswpa.com |
| Hilda Cenecharles | hildacenecharles@yahoo.com |

| Name | Email Address |
|------|---------------|
| Alice Rios, LAA | arios@cfjblaw.com |
| Jason Perkins | jperkins@cfjblaw.com |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

The following identifier(s) are associated with this transaction:

request_id#:35496130;Audit#:122993561;UCN#:2D2015-4521;

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities. This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

<Myers Greg Memo re Stay.docx>

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

# Exhibit C



# Alex Alford   Clerk of Courts & County Comptroller

## "Providing exceptional service through innovation, quality and commitment."

New Search   Expand All



| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 662010CA000660CAAXMX [1000660CAAXMX] | 04/26/2010 | Circuit Civil 37-D | CLOSED CASE | NO | NO |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 04/26/2010 | RP/MF-NONHOMESTEAD RESD $250,000-MORE | NO | NO | 04/06/2015 |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| LEWIS, JEFFREY EDWARD | JUDGE | | |
| LEWIS, JEFFREY EDWARD | JUDGE AT DISPOSITION | | |
| BANK OF AMERICA NATIONAL ASSOC    Search This Party | PLAINTIFF | PERKINS, JASON ANDREW | 610852 |
| KELLY, BARBARA ANN    Search This Party | DEFENDANT | VERSTANDIG, MAURICE BELMONT | 76723 |
| MYERS, GREGORY B    Search This Party | DEFENDANT | VERSTANDIG, MAURICE BELMONT | 76723 |
| REGIONS BANK    Search This Party | DEFENDANT | GARRIDO, CARIDAD MONTERO | 814733 |
| WATERCOLOR COMMUNITY ASSOC INC    Search This Party | DEFENDANT | SHIPMAN, GARY ALLEN | 593435 |
| TENANT: #1    Search This Party | DEFENDANT | | |
| TENANT: #2    Search This Party | DEFENDANT | | |
| TENANT: #3    Search This Party | DEFENDANT | | |

### Dockets

Page : 1    10

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 587 | 02/17/2021 | SUGGESTION OF BANKRUPTCY | 3 |
| | 586 | 02/02/2021 | BY ORDER OF THE COURT FILED | 1 |
| | 585 | 01/05/2021 | BY ORDER OF THE COURT FILED | 1 |
| | 584 | 12/29/2020 | PAYMENT RECEIVED $924.00 RECEIPT NUMBER MX 138005 | |
| | 583 | 12/29/2020 | ASSESSMENT 27 ASSESSED AT SUM $924.00 | |
| | 582 | 12/11/2020 | BY ORDER OF THE COURT FILED | 1 |
| | 581 | 07/15/2020 | BY ORDER OF THE COURT FILED | 1 |
| | 580 | 07/02/2020 | BY ORDER OF THE COURT FILED | 1 |
| | 579 | 03/06/2020 | BY ORDER OF THE COURT FILED APPEAL DISMISSED 18-0690 | 1 |
| | 578 | 12/19/2019 | BY ORDER OF THE COURT FILED | 1 |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

# Exhibit D

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRIAN KING, et al.

    Plaintiffs / Counter Defendants,

v.

**Case No.: 436977-V**
**(Lead Case)**

SERV TRUST, et al,

    Defendants / Counter Plaintiff.

_____/

6789 GOLDSBORO LLC,

    Plaintiff,

**Case No.: 451611-V**

v.

SERV TRUST, *et al.*,

    Defendants.

_____/

### MOTION FOR DISQUALIFICATION OF COUNSEL

COMES NOW Defendant Gregory B. Myers, through undersigned counsel, and respectfully moves that this Court Disqualify the counsel of all Plaintiffs in the above captioned actions for conflict of interest, and in support thereof states:

### I.    INTRODUCTION

Counsel for both sets of Plaintiffs in this consolidated action must be disqualified from the above captioned case(s) because of their prior representation of Defendant Gregory B. Myers ("Myers"). Specifically, Maurice VerStandig ("Mr. VerStandig") and the VerStandig Law Firm ("VLF"), counsel for the 436977-V Plaintiffs Brian King, Cristina King, and the Cristina and Brian

1

King Children's Trust (together the "King Parties"); and Eric Pelletier ("Mr. Pelletier"), Frances Wilburn ("Mr. Wilburn"), and the law firm of Offit Kurman, counsel for the 451611-V Plaintiff 6789 Goldsboro LLC ("Goldsboro"), are prohibited by the Maryland Rules of Professional Conduct from appearing in this case adverse to Myers. Myers was a longstanding client of the firm Offit Kurman, and during that time Mr. VerStandig was an associate with that firm. Mr. VerStandig and multiple other attorneys at Offit Kurman represented Myers on a multitude of matters, including issues substantially related – if not in fact identical – to the issues presented in the current litigation. Therefore, as set forth in further detail below, any attorney associated with Offit Kurman cannot represent parties adverse to Myers in this case.

## II.    RELEVANT FACTS

The procedural history of the current litigation is convoluted and sordid, and the allegations and disputed issues are numerous. However, for the purposes of the current motion, the following cursory summary of the cases will suffice.[1]

Case No. 451611-V (the "Goldsboro Case") alleges breach by Serv Trust of a promissory note to 6789 Goldsboro LLC. It further alleges the existence and breach of a personal guarantee of that promissory note by Myers.

Case No. 436977-V (the "King Case") seeks declaratory judgment holding that, under the terms of the current operating agreement of Goldsboro LLC, the King parties, as Class A members, are entitled to redeem the interests of Serv Trust, the Class B member. This claim is based on the alleged contributions of the Class A members to the LLC, the value of the real property located at

---

[1] The facts recited herein are meant only as a summary of the various parties' positions, and are made without prejudice to any position that Myers takes, has taken, or will take with regard to these issues.

2

6789 Goldsboro Road Bethesda, MD 20817 (the "Goldsboro Property"), and the rights that Serv Trust has allegedly waived. Serv Trust has filed a counterclaim alleging various wrongdoings by Goldsboro and the King Parties, including breach of fiduciary duties with regards to developing the Goldsboro Property, and failure to close on a contract to purchase Serv Trust's interest in the Goldsboro Property. The King parties have alleged that Serv Trust is in fact an alter ego of Myers based on his and the trust's actions during their relationship with the King Parties.

## III. LEGAL STANDARD

It is a clear principle, both in the model rules of professional conduct and in Maryland in particular, that an attorney may not represent a party adverse to his former client in a substantially related matter. *See* Md. Rule 19-301.7 *et seq.* This is true regardless of whether the prior client was an actual client, or merely prospective. Md. Rule 19-301.18. The restrictions apply both to individual attorneys, and, more broadly, to their law firms. Md. Rule 19-301.10. These rules must be enforced by trial courts because "[o]ne of the Court's duties and responsibilities is to ensure that attorneys who appear before it preserve the public's confidence in the judicial system." *Buckley v. Airshield Corp.*, 908 F.Supp. 299, 303-04 (D. Md. 1995)(citations omitted). "[T]he guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings." *Stratagene v. Invitrogen Corp.*, 225 F.Supp.2d 608, 610 (D. Md. 2002)(citations omitted).

Disqualification of a party's chosen attorney is not to be taken lightly. However, this concern "is secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar." 908 F. Supp. at 308 (quoting *Tessier v. Plastic Surgery Specialists, Inc.,* 731 F. Supp. 724, 729 (E.D. Va. 1990)). In determining if disqualification is appropriate, courts look for a "substantial relationship" between

3

the conflicting representations. *Stitz v. Bethlehem Steel Corp.*, 650 F. Supp. 914, 916 (D. Md. 1987); *see also Davis v. Petito,* 197 Md. App. 487, 509 (2011) (applying the *Stitz* holding to civil cases in Maryland Circuit Courts). A substantial relationship is presumed if there is even "a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation." *Stitz*, 650 F. Supp. at 916. Furthermore, a "trial court is not to weigh the circumstances with 'hairsplitting nicety,' but, in the proper exercise of its supervisory power. . . is to resolve all doubts in favor of disqualification." *United States v. Clarkson,* 567 F.2d 270, 273 n.3 (4th Cir. 1977).

## IV.    ARGUMENT

The Maryland Rules provide that:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interest of the former client unless the former client consents after consultation; . . . .

Md. Rule 19-301.9. Application of this rule involves a two-step inquiry. First, there must be an attorney-client relationship with the former client. *Stratagene*, 225 F. Supp. 2d at 610. Second, the matter at issue in the former representation must be substantially related to that in the current action. *Id.* Even if no attorney-client relationship exists, an attorney and the associated law firm are subject to the same restrictions on representing a party adverse to a prospective client. Md. Rule 19-301.18. A prospective client is defined as "a person who discusses with an attorney the possibility of forming a client-attorney relationship with respect to a matter," and is entitled to the same rights as former clients under Rule 19-301.9. *Id.*

4

### A. Myers is a former and/or prospective Client of Mr. VerStandig and Offit Kurman.

There is no doubt that both Mr. VerStandig and Offit Kurman had an attorney client relationship with Mr. Myers. Mr. VerStandig directly confirmed as much in an email (sent in his capacity as an Offit Kurman associate to another attorney at Offit Kurman) in 2013 stating "Greg is a longstanding firm client . . . ." Erskine Emails, attached hereto as Exhibit A. The email also stated "I do what I can to occasionally offer assistance with Greg's various legal matters." *Id.* These matters included providing Mr. Myers with legal counsel in, *inter alia*, defending foreclosure proceedings against property owned by Mr. Myers and his wife, bankruptcy proceedings, and other civil actions by and against Mr. Myers in both Maryland and Florida courts. Offit Kurman's representation of Mr. Myers also included matters that did not ultimately result in litigation, or in which Offit Kurman did not serve as Mr. Myers's trial counsel. One such matter involved a dispute between Mr. Myers and his disability insurance carrier.

The duration, breadth, and depth of Offit Kurman's representation of Mr. Myers on these matters alone is sufficient to warrant their disqualification from representing adverse parties in this litigation. *See* Md. Rule 19-301.9. As general counsel to Mr. Myers from 2010 to 2015, Offit Kurman attorneys were privy to countless details regarding Mr. Myers's legal, financial, and personal information.[2] *Id.; see also Buckley*, 908 F. Supp. at 306 ("A confidence can be revealed on a related subject matter in a brief moment and without the client being charged a nickel.").

### B. Mr. VerStandig and Offit Kurman previously represented Myers regarding issues that are substantially related to this Litigation.

The need for this court to disqualify Mr. VerStandig and Offit Kurman is even clearer. While representing Mr. Myers, Offit Kurman was consulted regarding Mr. Myers's plans

---

[2] For instance, in negotiating with Mr. Myers's insurance carrier regarding a claim for benefits, Offit Kurman would have had access to highly detailed and confidential - and potentially embarrassing - medical records and reports.

and concerns for Serv Trust and the Goldsboro property. Moreover, Offit Kurman and Mr. VerStandig were Mr. Myers's attorneys at the time that the Promissory Note and Guaranty – the subject of Case No. 451611-V – were negotiated and executed. They were Mr. Myers's attorneys when he discussed with them the potential for rezoning and developing the Goldsboro property – details of which may well be dispositive of Case No. 436977-V.[3]

The issues discussed by Myers and his attorneys at Offit Kurman are reflected in their written communications. In May of 2013, Myers, in his capacity as the trustee of Serv Trust, was introduced by Mr. VerStandig to another Offit Kurman attorney, William Erskine, in order to go over plans and proposals that Myers was contemplating with regards to the Goldsboro property. Exhibit A. These discussions with Myers occurred in May of 2013 – prior to Offit Kurman being retained by Goldsboro LLC, which did not occur until late July 2013.[4] *See* Offit Kurman Invoices, attached hereto as Exhibit B, at p. 2; *see also* Engagement Letter, attached hereto as Exhibit C. Mr. Erskine's work with Myers on this subject continued until at least August of 2014. *See* Offit Kurman Invoices, Exhibit C, at p. 34.[5]

Offit Kurman attorneys – while representing Myers – also introduced Myers to King, and facilitated, *inter alia*, the drafting and enactment of the Goldsboro Operating agreement.[6] These are all key facts and issues in Case No. 436977-V, where Mr. VerStandig's current clients – the King Parties – are directly adverse to his former client Gregory Myers. In particular, Myers's

---

[3] Even if Offit Kurman ultimately did not represent Myers on these issues, he is still a prospective client with respect to these matters. There is no question that Myers requested consultations with Offit Kurman attorneys – with the reasonable expectation that an attorney-client relationship would result – on subjects now central to this litigation.

[4] Prior to July 18, 2013, Serv Trust was the sole member of 6789 Goldsboro LLC, with Gregory Myers acting as Manager of the LLC. After July 18, 2013, the King Parties comprised 50% of the membership of Goldsboro LLC, with Myers continuing to act as Manager until August 13, 2017.

[5] Note that all invoices are submitted to "gregbmyers@verizon.net" – the contact point for Mr. Myers.

[6] The King Parties allege that "Mr. Myers was introduced to Mr. King." First Am. Comp. at par. 32. They fail to mention, however, that it was Tim Lynch of Offit Kurman – who was then Myers's attorney – who introduced Myers to his adversary, and whom Offit Kurman attorneys now represent.

discussions with his counsel necessarily divulged his factual knowledge, legal theories, and plans or intentions for developing the Goldsboro property – a critical issue in this case.

The billing statements issued by Offit Kurman confirm that such confidential information was exchanged. On February 6, 2019, Offit Kurman attorney John Raftery billed for:

> Review research by Mac Verstandig [sic], otherwise **review Greg's outline of proposed projec**t (.4); **meeting with Greg to review and discuss project**; review statutes, case law and **extensive dialog on goals and methodology**; consider protected classes and other potential users of the facility (2.4)

Offit Kurman Invoices, Exhibit B, at p. 18 (emphasis added). Plainly, the attorneys of Offit Kurman had direct access to Myers's confidential information regarding development of the Goldsboro property. *Id.* It is clearly improper for that firm – or any attorneys associated therewith, to now oppose Myers in a dispute over these issues.

Subsequently, in October of 2014, Myers sought advice from his attorneys regarding a contemplated promissory note between Goldsboro LLC and Serv Trust. He was referred specifically to attorney Dave McRae,[7] who discussed the issue with Myers via telephone and email. *See* McRae Emails, attached hereto as Exhibit D. Mr. McRae also provided Myers with a redlined revision draft of the Promissory Note. *Id.* This Promissory Note, and the associated Personal Guarantee, are contracts at issue in the Goldsboro case, where Offit Kurman's new client – Goldsboro LLC – is directly adverse to its former client, Gregory Myers.

## C. If an Attorney in a Law Firm is Disqualified, All Attorneys Associated with that Attorney OR Firm are Similarly Barred.

Both the Maryland and model rules of professional conduct extend the prohibition on an individual attorney appearing adverse to a former client to that attorney's entire law firm:

---

[7] Although no longer associated with Offit Kurman, Mr. McRae was associated therewith at the time of his work for Myers.

7

> While attorneys are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 19-301.7 (1.7) or 19-301.9 (1.9), unless the prohibition is based on a personal interest of the prohibited attorney and does not present a significant risk of materially limiting the representation of the client by the remaining attorneys in the firm.

Md. Rule 19-301.10. It is immaterial whether any particular attorney is identified as having personally worked for the former client – they are plainly disqualified by dint of their association with a disqualified firm. *Id; The Nichols Agency, Inc. v. Enchanted Child Care, Inc.*, 537 F.Supp.2d 774, 777, n. 1 (D. Md. 2008) (Rule 1.10 states that none of the lawyers in a firm may represent a client if any of the lawyers in the firm is prohibited from such representation).

In this case, both Mr. VerStandig[8], counsel for the King Parties, and all attorneys of Offit Kurman, counsel for Goldsboro, must be disqualified. Although Mr. VerStandig has now separated from Offit Kurman and maintains a separate practice, it is undisputed that between 2010 and 2015 he was an associate of the Offit Kurman firm.[9] While at Offit Kurman, Mr. VerStandig was one of several attorneys who represented Mr. Myers on a wide variety of legal matters. Regardless, there is an irrefutable presumption that confidential information was conveyed to any and all attorneys associated with Offit Kurman at the time that it represented Myers. *Nichols*, 537 F. Supp. 2d at 779. Therefore all attorneys of Offit Kurman, including the former associate Mr. VerStandig and his current firm VLF, are prohibited from representing the Plaintiffs in this action, and so must be disqualified.

---

[8] And, by imputation, the VerStandig Law Firm. Md. Rule 19-301.10.

[9] Moreover Mr. VerStandig transitioned directly from his association with Offit Kurman to his current practice in 2015, as confirmed by his autobiographical information on the VLF website, and Maryland SDAT filings.

8

## V.    CONCLUSION

For the foregoing reasons, and any reasons that may arise on the hearing requested in this matter, Myers respectfully requests that the foregoing motion be granted in full, that Mr. VerStandig, the VerStandig Law Firm, and all attorneys of Offit Kurman be disqualified as counsel to any party adverse to Gregory B. Myers in the above captioned actions.

Respectfully submitted,

10/10/19

Roger C. Simmons, Esq.
Benjamin J. Andres, Esq.
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
(301) 662-9122
(301) 698-0392 (fax)
rsimmons@gordonsimmons.com
*Counsel for Gregory B. Myers*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 10th day of October, 2019, via email on:

Dominic Souza, Esq.
SOUZA LLC
2543 Housley Road
Annapolis, Maryland 21401
Tel.: (410) 571-8366
Fax: (410) 571-8367
E-mail: dsouza@souzalaw.com
**Counsel for Serv Trust**

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com
**Counsel for Brian King, Cristina King, and the Cristina and Brian King Children's Trust**

Eric Pelletier, Esq.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Phone: (240) 507-1700
Facsimile: (240) 507-1735
E-mail: epelletier@offitkurman.com
**Counsel for 6789 Goldsboro LLC**

Frank J. Mastro, Esq.
Schlossberg, Mastro & Scanlan
PO Box 2067
Hagerstown MD 21742
Phone: (301) 739-8610
Facsimile: (301) 791-6302
E-mail: fmastro@schlosslaw.com
**Counsel for Roger Schlossberg**

Benjamin J. Andres, Esq.

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRIAN KING, et al.

    Plaintiffs / Counter Defendants,

v.

                                  **Case No.: 436977-V**
                                  **(Lead Case)**

SERV TRUST, et al,

    Defendants / Counter Plaintiff.

_____/

6789 GOLDSBORO LLC,

    Plaintiff,

                                    **Case No.: 451611-V**

v.

SERV TRUST, *et al.*,

    Defendants.

_____/

## ORDER FOR DISQUALIFICATION OF COUNSEL

UPON CONSIDERATION of Defendant Gregory B. Myers's Motion for Disqualification of Counsel, any opposition and/or support thereto, it is, this ___ day of _____, 2019, by the Circuit Court for Montgomery County, Maryland, hereby:

ORDERED that the Motion for Disqualification is GRANTED; and it is further

ORDERED that the appearances of Maurice VerStandig, the VerStandig Law Firm, Eric Pelletier, Frances Wilburn, and Offit Kurman are hereby STRICKEN from the above-captioned case.

                                _____

                                JUDGE of the Circuit Court for Montgomery County, Maryland

# Exhibit A

Erskine Emails

## Kira Muren

| | |
|---|---|
| **From:** | Greg Myers <gregbmyers@verizon.net> |
| **Sent:** | Wednesday, October 9, 2019 10:31 PM |
| **To:** | Benjamin Andres |
| **Cc:** | gregbmyers@verizon.net |
| **Subject:** | FW: Montgomery County Land Development Project |

FYI

-----Original Message-----
From: Greg Myers <gregbmyers@verizon.net>
Sent: Friday, May 17, 2013 2:47 PM
To: 'Erskine, William' <werskine@offitkurman.com>; 'VerStandig, Mac' <mverstandig@offitkurman.com>
Cc: 'Lynch, Timothy' <tlynch@offitkurman.com>; 'King, Lisa' <lking@offitkurman.com>; 'King, Lisa'
<lking@offitkurman.com>
Subject: RE: Montgomery County Land Development Project

Bill - will do.

Thanks,
Gregory B. Myers
(301) 325-2312  Mobile

-----Original Message-----
From: Erskine, William [mailto:werskine@offitkurman.com]
Sent: Friday, May 17, 2013 9:23 AM
To: Gregory Myers; VerStandig, Mac
Cc: Lynch, Timothy; King, Lisa; King, Lisa
Subject: RE: Montgomery County Land Development Project

Greg,

Please be sure to forward me any information you have on the property and a description of you desired use.  I would
like to be able to review this information over the weekend in preparation for our meeting on Monday.

Thanks a lot.  I look forward to meeting you.

William E. Erskine Principal Offit|Kurman Attorneys At Law

-----Original Message-----
From: Gregory Myers [mailto:gregbmyers@verizon.net]
Sent: Thursday, May 16, 2013 5:25 PM
To: VerStandig, Mac
Cc: Erskine, William; Lynch, Timothy; King, Lisa; Gregory Myers
Subject: Re: Montgomery County Land Development Project

OK - see everyone Monday.

1

Sent from my iPhone

On May 16, 2013, at 3:59 PM, "VerStandig, Mac" <mverstandig@offitkurman.com> wrote:

> Greg,
>
> Tomorrow is not going to work for scheduling reasons, but we would be delighted to meet at 2:00 Monday if you could come to Maple Lawn then.
>
> In the interim, I have given Bill the broadest of outlines of what you are contemplating, but he would appreciate it if you could send an email with a factual sketch - and any supporting docs (ie, old ordinances) - before the meeting.
>
> Vis a vis charge, please bring with you a check for $1,500.00 to cover the meeting.
>
> Thanks,
>
> Maurice "Mac" VerStandig
> Offit | Kurman
>       Attorneys At Law
>
> 4800 Montgomery Lane
> Suite 900
> Bethesda, Maryland 20814
>
> (240) 507-1714
>
> mailto:mverstandig@offitkurman.com
> http://www.offitkurman.com
> PRIVILEGED COMMUNICATION/PRIVACY NOTICE
>
> Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.
> IRS CIRCULAR 230 DISCLOSURE
>
> To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>
> Sent from my iPhone
>
> On May 16, 2013, at 7:44 AM, "Greg Myers" <gregbmyers@verizon.net<mailto:gregbmyers@verizon.net>> wrote:
>
> I am available to meet tomorrow, Friday 5/17, anytime from 11 AM on in Maples Lawn - please pick a time and let me know.  I will email information about the property.
>
> Thanks,
> Gregory B. Myers
> (301) 325-2312  Mobile

2

>
>
> From: Erskine, William [mailto:werskine@offitkurman.com]
> Sent: Thursday, May 16, 2013 6:47 AM
> To: VerStandig, Mac
> Cc: Greg Myers; Lynch, Timothy; King, Lisa
> Subject: RE: Montgomery County Land Development Project
>
> Mac,
>
> I am happy to assist.  I am pretty flexible tomorrow or Monday.  Let me know if that works for you.  It would be helpful if Greg could email me as much information as possible about the property and the project being contemplated in advance so that I can have a base level understanding before we meet.
>
> I look forward to seeing you.
> William E. Erskine
> Principal
> Offit|Kurman
> Attorneys At Law
>
> From: VerStandig, Mac
> Sent: Wednesday, May 15, 2013 11:44 PM
> To: Erskine, William
> Cc: Greg Myers; Lynch, Timothy
> Subject: Montgomery County Land Development Project
>
> Bill,
>
> Tim Lynch represents a gentleman named Greg Myers, who I am copying on this e-mail, and I do what I can to occasionally offer assistance with Greg's various legal matters. Greg is a longstanding firm client and an all around good guy.
>
> Greg has indicated that he is currently amidst the study period on a land acquisition deal in Montgomery County, and his review of both the subject real estate and various accompanying ordinances has served to create a situation where he believes there may be ample opportunity for a large scale development project. However, a good bit of this belief stems from Greg's reading of local code provisions (both current and historic in nature), and he would like to review much of this – and discuss various timelines and potential steps – before his study period expires and he is forced to make a final decision on how to proceed.
>
> With this in mind, please let us know if you have some time in the coming week to sit down with Greg, Tim and/or myself, in Maple Lawn, to discuss this in some greater detail and offer some guidance on the matter. I know Greg prides himself on being available, but if you could kindly let us know when may be best for you, we can all see if our calendars sync up accordingly, and go from there.
>
> Thanks,
> Maurice "Mac" VerStandig
> Attorney
> Offit|Kurman
> Attorneys At Law
>
> 240.507.1714  Washington
> 240.507.1735   Facsimile

3

> www.offitkurman.com<http://www.offitkurman.com>

>

> Washington

> 4800 Montgomery Lane | 9th Floor | Bethesda, MD 20814

> _____ PRIVILEGED COMMUNICATION/PRIVACY

> NOTICE Information contained in this transmission is attorney-client

> privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this

message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this

communication is strictly prohibited. If you have received this communication in error, please immediately notify us by

telephone and delete this communication.

>

> IRS CIRCULAR 230 DISCLOSURE

> To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained

in this communication (including any attachments) is not intended or written to be used and cannot be used for the

purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to

another party any transaction or matter addressed herein.

>

# Exhibit B

Offit Kurman Invoices



**WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA**

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net
·

| | |
|---|---|
| Invoice Date | 08/07/2013 |
| Client Number | 00220225 |
| Invoice Number | 376914 |
| Services Through | 07/31/2013 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| **00220225.00001** | **Development Project** | | | | | |
| | $0.00 | $0.00 | $0.00 | $0.00 | $1,480.00 | $1,480.00 |
| | $0.00 | $0.00 | $0.00 | $0.00 | $1,480.00 | $1,480.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD  20759

Tax I.D.:52-1518021

## INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 08/07/2013 |
| Client Number | 00220225 |
| Invoice Number | 376914 |
| Services Through | 07/31/2013 |

**00220225.00001  Development Project**

**ACCOUNT SUMMARY**

**PRIOR CHARGES**

| | | |
|---|---|---|
| NET BALANCE FORWARD | | $0.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $1,480.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $1,480.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$1,480.00** |

**DETAIL OF CURRENT CHARGES**

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 05/20/2013 | Meeting with Greg Myers and Mac VerStandig re: development potential of Goldsboro Road property. | 1.70 | 400.00 | 680.00 |
| 05/20/2013 | Review of email correspondence and attached documents received from Greg Myers.  Review of Montgomery County Zoning Code; preparation for meeting with client. | 2.00 | 400.00 | 800.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 3.70 | | 1,480.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 3.70 | | 1,480.00 |
| | TOTAL CURRENT CHARGES: | | | $1,480.00 |

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|---|---|---|
| William E. Erskine | 3.70 | 1,480.00 |
| | 3.70 | $1,480.00 |

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA



**Offit | Kurman**
Attorneys At Law

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 10/14/2013 |
| Client Number | 00220225 |
| Invoice Number | 385140 |
| Services Through | 09/30/2013 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $1,480.00 | ($1,480.00) | $0.00 | $0.00 | $450.00 | $450.00 |
| | $1,480.00 | ($1,480.00) | $0.00 | $0.00 | $450.00 | $450.00 |

Balance due within 30 days of the invoice date

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759

301.575.0300



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 10/14/2013 |
| Client Number | 00220225 |
| Invoice Number | 385140 |
| Services Through | 09/30/2013 |

**00220225.00001  Development Project**

**ACCOUNT SUMMARY**

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $1,480.00 | |
| Payments since last invoice | -1,480.00 | |
| NET BALANCE FORWARD | | $0.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $450.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $450.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$450.00** |

**DETAIL OF CURRENT CHARGES**

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **Timothy C. Lynch** | | | | |
| 08/27/2013 | Meet with Myers re: review of code and discuss next steps with planning and possible litigation; memo to file re: same | 1.00 | 450.00 | 450.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 1.00 | | 450.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 1.00 | | 450.00 |
| | TOTAL CURRENT CHARGES: | | | $450.00 |

5

### TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|---|---|---|
| Timothy C. Lynch | 1.00 | 450.00 |
| | 1.00 | $450.00 |



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

8789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 11/14/2013 |
| Client Number | 00220225 |
| Invoice Number | 388296 |
| Services Through | 10/31/2013 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $450.00 | $0.00 | $0.00 | $450.00 | $0.00 | $450.00 |
| | $450.00 | $0.00 | $0.00 | $450.00 | $0.00 | $450.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| Invoice Date | 12/19/2013 |
| Client Number | 00220225 |
| Invoice Number | 391908 |
| Services Through | 11/30/2013 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $450.00 | $0.00 | $0.00 | $450.00 | $11,979.00 | $12,429.00 |
| | $450.00 | $0.00 | $0.00 | $450.00 | $11,979.00 | $12,429.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



## Offit|Kurman
### Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 12/19/2013 |
| Client Number | 00220225 |
| Invoice Number | 391908 |
| Services Through | 11/30/2013 |

00220225.00001  Development Project

## ACCOUNT SUMMARY

### PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $450.00 | |
| NET BALANCE FORWARD | | $450.00 |

### CURRENT CHARGES

| | | |
|---|---|---|
| Total Services  (details follow) | $11,979.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $11,979.00 |
| TOTAL BALANCE NOW DUE FOR THIS MATTER: | | $12,429.00 |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 11/13/2013 | Meeting with client re: development options for Goldsboro Road property. | 2.00 | 425.00 | 850.00 |
| 11/18/2013 | Review of documentary materials provided by Greg Myers re: proposed multi-family development of Goldsboro Road property. Review of Montgomery County zoning regulations and case law re: development of pre- 1958 Lot of Record under regulations in effect at time lot was created.  Review of current and proposed R-60 zoning regulations. | 4.10 | 425.00 | 1,742.50 |
| 11/19/2013 | Continue analysis of redevelopment opportunities for Goldsboro Road property.  Begin review of Council Resolution 17-601 (2012-2016 Subdivision Staging Policy).  Review of Preliminary Plan approval process and exceptions for deeded parcels of record prior to June 1, 1958. | 3.10 | 425.00 | 1,317.50 |

9

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| 11/20/2013 | Review of Bethesda/Chevy Chase Master Plan. | 1.50 | 425.00 | 637.50 |
| 11/23/2013 | Research and analysis of Montgomery County Zoning Regulations, subdivision regulations and Maryland case law re: development of Goldsboro property as multi-family housing. | 3.20 | 425.00 | 1,360.00 |
| 11/25/2013 | Draft and edit Memorandum to client re: assessment of opportunities to develop multi-family housing on subject property. PRepare for meeting with client. | 3.40 | 425.00 | 1,445.00 |
| 11/25/2013 | Meeting with client to discuss potential for multi-family development on subject property.  Telephone call with Dave Woessner (Bohler Engineering) re: scheduling meeting with client to discuss engineering of project. | 2.50 | 425.00 | 1,062.50 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 19.80 | | 8,415.00 |
| **Lisa M. King** | | | | |
| 11/19/2013 | Discussion with W. Erskine re: research; telephone call with Megan at MNCPPC re: zoning and development for subject property; review master plan for Bethesda-Chevy Chase and zoning ordinance; email W. Erskine re: same. | 2.60 | 180.00 | 468.00 |
| 11/20/2013 | Continue research re: potential avenues of development (cluster development); discuss same with W. Erskine. | 0.90 | 180.00 | 162.00 |
| 11/26/2013 | Exchange emails with D. Woessner (Bohler Engineering) re: Goldsboro Road property. | 0.30 | 180.00 | 54.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 3.80 | | 684.00 |
| **Timothy C. Lynch** | | | | |
| 11/04/2013 | Meeting with Myers re: next steps; review of info from land use atty and strategize next steps | 2.00 | 450.00 | 900.00 |
| 11/13/2013 | Meet with Greg and Erskine re: planning and next steps; memo to Erskine re:  same | 1.90 | 450.00 | 855.00 |
| 11/25/2013 | Review memo from Erskine re: land use issues; meet with client and Erskine re: same and next steps | 2.50 | 450.00 | 1,125.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 6.40 | | 2,880.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 30.00 | | 11,979.00 |

TOTAL CURRENT CHARGES:  $11,979.00

### TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| William E. Erskine | 19.80 | 8,415.00 |
| Lisa M. King | 3.80 | 684.00 |
| Timothy C. Lynch | 6.40 | 2,880.00 |
| | 30.00 | $11,979.00 |



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net

| | |
|---|---|
| Invoice Date | 01/09/2014 |
| Client Number | 00220225 |
| Invoice Number | 393560 |
| Services Through | 12/31/2013 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $12,429.00 | $0.00 | $0.00 | $12,429.00 | $3,725.00 | $16,154.00 |
| | $12,429.00 | $0.00 | $0.00 | $12,429.00 | $3,725.00 | $16,154.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759

301.575.0300

11



**WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA**

**8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759**

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 01/09/2014 |
| Client Number | 00220225 |
| Invoice Number | 393560 |
| Services Through | 12/31/2013 |

**00220225.00001  Development Project**

## ACCOUNT SUMMARY

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $12,429.00 | |
| | | |
| NET BALANCE FORWARD | | $12,429.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $3,725.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $3,725.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$16,154.00** |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 12/02/2013 | Review of file.  Telephone call with Dan Duke re: overview of site and description of needs for engineering services. | 0.80 | 425.00 | 340.00 |
| 12/09/2013 | Review and reply to email from Greg Myers re: potential development of a group home.  Review of case law pertaining to FHA protection of group home's from discrimination. | 1.20 | 425.00 | 510.00 |
| 12/09/2013 | Meeting with Greg Myers; Tim Lynch and Dan Duke re: development process for Goldsboro Road property.  Discussion of various development options. | 1.90 | 425.00 | 807.50 |
| 12/11/2013 | Telephone call with Greg Myers re: potential development of Goldsboro Road property with an assisted living facility or a religious facility.  Telephone calls and emails to Steve Gaylor and Gloria Brock re: development of assisted living facility and memory unit. | 1.40 | 425.00 | 595.00 |

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| | Email and telephone call with Steve Ferrandi re: market for religous facility properties in Bethesda area. | | | |
| 12/16/2013 | Meeting with Steve Ferrandi (KLNB) re: potential development of site with a religious facility or very high end town houses. | 0.50 | 425.00 | 212.50 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 5.80 | | 2,465.00 |
| **Timothy C. Lynch** | | | | |
| 12/09/2013 | Meeting with engineer and clients re: planning issues and next steps for development | 2.80 | 450.00 | 1,260.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.80 | | 1,260.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 8.60 | | 3,725.00 |
| | TOTAL CURRENT CHARGES: | | | $3,725.00 |

### TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| William E. Erskine | 5.80 | 2,465.00 |
| Timothy C. Lynch | 2.80 | 1,260.00 |
| | 8.60 | $3,725.00 |



Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 02/14/2014 |
| Client Number | 00220225 |
| Invoice Number | 397780 |
| Services Through | 01/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $16,154.00 | $0.00 | $0.00 | $16,154.00 | $1,245.00 | $17,399.00 |
| | $16,154.00 | $0.00 | $0.00 | $16,154.00 | $1,245.00 | $17,399.00 |

Balance due within 30 days of the invoice date

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759

301.575.0300



**Offit | Kurman**
Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD  20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net

| | |
|---|---|
| Invoice Date | 02/14/2014 |
| Client Number | 00220225 |
| Invoice Number | 397780 |
| Services Through | 01/31/2014 |

**00220225.00001   Development Project**

## ACCOUNT SUMMARY

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $16,154.00 | |
| NET BALANCE FORWARD | | $16,154.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $1,245.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $1,245.00 |
| TOTAL BALANCE NOW DUE FOR THIS MATTER: | | $17,399.00 |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 01/02/2014 | Review of engineering proposals from Bohler Engineering and Ecotone.  Email to Greg Myers. | 0.60 | 425.00 | 255.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 0.60 | | 255.00 |
| **Timothy C. Lynch** | | | | |
| 01/29/2014 | Meet with Greg re: FHA claims; review of professional contracts; edit same | 1.80 | 450.00 | 810.00 |
| 01/31/2014 | Memo to Raftery re: prep for client meeting on FHA issues | 0.40 | 450.00 | 180.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.20 | | 990.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 2.80 | | 1,245.00 |

15

TOTAL CURRENT CHARGES: $1,245.00

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|---|---|---|
| William E. Erskine | 0.60 | 255.00 |
| Timothy C. Lynch | 2.20 | 990.00 |
| | 2.80 | $1,245.00 |

16



Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 03/10/2014 |
| Client Number | 00220225 |
| Invoice Number | 399148 |
| Services Through | 02/28/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $17,399.00 | $0.00 | $0.00 | $17,399.00 | $4,070.00 | $21,469.00 |
| | $17,399.00 | $0.00 | $0.00 | $17,399.00 | $4,070.00 | $21,469.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**

17



**Attorneys At Law**

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 03/10/2014 |
| Client Number | 00220225 |
| Invoice Number | 399148 |
| Services Through | 02/28/2014 |

00220225.00001   Development Project

## ACCOUNT SUMMARY

### PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $17,399.00 | |
| NET BALANCE FORWARD | | $17,399.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $4,070.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $4,070.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$21,469.00** |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **Timothy C. Lynch** | | | | |
| 02/06/2014 | Meet with Raftery re: next steps in FHA matter | 0.40 | 450.00 | 180.00 |
| 02/13/2014 | Call with Greg re: next steps on deal | 0.30 | 450.00 | 135.00 |
| 02/19/2014 | Call with Greg re: next steps; call with Raftery re: same | 0.50 | 450.00 | 225.00 |
| 02/20/2014 | Call with King re: next steps; call with Greg re: same | 0.80 | 450.00 | 360.00 |
| 02/26/2014 | Meet with Greg and Raftery re: litigation and next steps; meet with Greg re: same; memo to Raftery re: next steps; begin review of case law on relevant issues | 2.00 | 450.00 | 900.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 4.00 | | 1,800.00 |
| **John B. Raftery** | | | | |
| 02/06/2014 | Review research by Mac Verstandig, otherwise review Greg's | 2.80 | 400.00 | 1,120.00 |

18

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| | outline of proposed project (.4); meeting with Greg to review and discuss project; review statutes, case law and extensive dialog on goals and methodology; consider protected classes and other potential users of the facility (2.4) | | | |
| 02/26/2014 | meeting with Greg Myers and Tim Lynch to discuss and review case law and applicability of FHA to potential project; discuss end users and potential to boot strap arguments to FHA protected class and reasonable accommodation applicable to disabled potential residents. | 1.50 | 400.00 | 600.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 4.30 | | 1,720.00 |

**Maurice B. VerStandig**

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| 02/05/2014 | Research Fair Housing Act treatment of municipal age restrictions; Assess treatment of family status under same statutory scheme; Extensive review of case law governing same; Draft memo to J. Raftery re: same; Review and revise memo | 2.00 | 275.00 | 550.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.00 | | 550.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 10.30 | | 4,070.00 |

TOTAL CURRENT CHARGES:      $4,070.00

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| Timothy C. Lynch | 4.00 | 1,800.00 |
| John B. Raftery | 4.30 | 1,720.00 |
| Maurice B. VerStandig | 2.00 | 550.00 |
| | 10.30 | $4,070.00 |



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Attorneys At Law

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 04/11/2014 |
| Client Number | 00220225 |
| Invoice Number | 404402 |
| Services Through | 03/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $21,469.00 | ($17,399.00) | $0.00 | $4,070.00 | $5,240.00 | $9,310.00 |
| | $21,469.00 | ($17,399.00) | $0.00 | $4,070.00 | $5,240.00 | $9,310.00 |

Balance due within 30 days of the invoice date

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759

301.575.0300



**Offit | Kurman**
Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD  20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 04/11/2014 |
| Client Number | 00220225 |
| Invoice Number | 404402 |
| Services Through | 03/31/2014 |

00220225.00001  Development Project

## ACCOUNT SUMMARY

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $21,469.00 | |
| Payments since last invoice | -17,399.00 | |
| NET BALANCE FORWARD | | $4,070.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $5,240.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $5,240.00 |
| TOTAL BALANCE NOW DUE FOR THIS MATTER: | | $9,310.00 |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 03/05/2014 | Telephone call with Greg Myers re: potential for developing property as a residence for disabled people. | 1.30 | 425.00 | 552.50 |
| 03/10/2014 | Prepare for and attend meeting with Greg Myers and Brian King re: review of development options for Goldsboro Road property. | 2.90 | 425.00 | 1,232.50 |
| 03/14/2014 | Meeting with Tim Lynch re: development strategy for Goldsboro Road property. | 0.40 | 425.00 | 170.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 4.60 | | 1,955.00 |
| **Timothy C. Lynch** | | | | |
| 03/03/2014 | Meet with King re: next steps; memo to Raftery re: same | 0.30 | 450.00 | 135.00 |
| 03/04/2014 | Meet with Greg re: status and architect issues and next steps; emails with Raftery re: next steps | 0.50 | 450.00 | 225.00 |

21

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| 03/10/2014 | Meet with Erskine re: prep for meeting with Myers | 0.40 | 450.00 | 180.00 |
| 03/11/2014 | Call with Greg and with Brian re: summary and next steps | 1.40 | 450.00 | 630.00 |
| 03/14/2014 | Meet with Erskine and Raftery re: research issues and next steps; memo to clients re: same | 1.50 | 450.00 | 675.00 |
| 03/21/2014 | Call with Greg re: plan moving forward; begin review of FHA memo; call with Raftery re: same | 0.60 | 450.00 | 270.00 |
| 03/30/2014 | Review Carter memo; review key cases cited therein; draft memo to Myers re: same | 1.90 | 450.00 | 855.00 |
| 03/31/2014 | Meet with Greg re: review of FHA memo and discussion of next steps | 0.70 | 450.00 | 315.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 7.30 | | 3,285.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 11.90 | | 5,240.00 |

TOTAL CURRENT CHARGES:     $5,240.00

### TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| William E. Erskine | 4.60 | 1,955.00 |
| Timothy C. Lynch | 7.30 | 3,285.00 |
| | 11.90 | $5,240.00 |



Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | | |
|---|---|---|
| Invoice Date | 05/14/2014 |
| Client Number | 00220225 |
| Invoice Number | 407987 |
| Services Through | 04/30/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $9,310.00 | $0.00 | $0.00 | $9,310.00 | $7,982.00 | $17,292.00 |
| | $9,310.00 | $0.00 | $0.00 | $9,310.00 | $7,982.00 | $17,292.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



## Offit | Kurman
Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD  20759

Tax I.D.:52-1518021

# INVOICE

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 05/14/2014 |
| Client Number | 00220225 |
| Invoice Number | 407987 |
| Services Through | 04/30/2014 |

**00220225.00001  Development Project**

**ACCOUNT SUMMARY**

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $9,310.00 | |
| NET BALANCE FORWARD | | $9,310.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $7,982.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $7,982.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$17,292.00** |

**DETAIL OF CURRENT CHARGES**

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **Matthew T. Carter** | | | | |
| 03/11/2014 | Review emails and case law from Raftery, begin research on fair housing issues | 2.70 | 295.00 | 796.50 |
| 03/12/2014 | Continue research on fair housing issues | 3.80 | 295.00 | 1,121.00 |
| 03/13/2014 | Continue research and drafting memo | 3.00 | 295.00 | 885.00 |
| 03/14/2014 | Continue research and drafting of memo re zoning and FHA issues | 2.80 | 295.00 | 826.00 |
| 03/17/2014 | Revise memo. | 6.20 | 295.00 | 1,829.00 |
| 04/01/2014 | Review email from Lynch, review memo and case law | 0.70 | 295.00 | 206.50 |
| 04/07/2014 | Review email from Lynch, review memo, review infor re case law | 0.90 | 295.00 | 265.50 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 20.10 | | 5,929.50 |

24

| Date | Services | Hours | Rate | Amount |
|------|----------|-------|------|--------|
| **William E. Erskine** | | | | |
| 04/11/2014 | Review FHA memorandum of law; review related federal and state case law. | 1.60 | 425.00 | 680.00 |
| 04/17/2014 | Telephone call with Tim Lynch to review FHA memo and prospects for successful litigation against Montgomery County based on asserted violations of FHA. | 0.60 | 425.00 | 255.00 |
| 04/21/2014 | Review and reply to email from Tim Lynch re: assessment of FHA memorandum and impact on development of housing for elderly/diabled persons. | 0.30 | 425.00 | 127.50 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.50 | | 1,062.50 |
| **Timothy C. Lynch** | | | | |
| 04/01/2014 | Memo to Raftery and Erskine re: next steps on research and land use issues | 0.50 | 450.00 | 225.00 |
| 04/17/2014 | Meet with Erskine re: Carter memo and next steps; prepare memo to Greg re:same and next steps | 1.30 | 450.00 | 585.00 |
| 04/21/2014 | Call from BK re: status and next steps; email to Greg re: same | 0.40 | 450.00 | 180.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.20 | | 990.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 24.80 | | 7,982.00 |

TOTAL CURRENT CHARGES: $7,982.00

### TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| Matthew T. Carter | 20.10 | 5,929.50 |
| William E. Erskine | 2.50 | 1,062.50 |
| Timothy C. Lynch | 2.20 | 990.00 |
| | 24.80 | $7,982.00 |

25



Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net

| | | |
|---|---|---|
| Invoice Date | 06/10/2014 |
| Client Number | 00220225 |
| Invoice Number | 410031 |
| Services Through | 05/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | Development Project | | | | | |
| | $17,292.00 | $0.00 | $0.00 | $17,292.00 | $4,005.00 | $21,297.00 |
| | $17,292.00 | $0.00 | $0.00 | $17,292.00 | $4,005.00 | $21,297.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



Offit|Kurman

Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net

| | |
|---|---|
| Invoice Date | 06/10/2014 |
| Client Number | 00220225 |
| Invoice Number | 410031 |
| Services Through | 05/31/2014 |

00220225.00001  Development Project

## ACCOUNT SUMMARY

### PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $17,292.00 | |
| **NET BALANCE FORWARD** | | **$17,292.00** |
| **CURRENT CHARGES** | | |
| Total Services  (details follow) | $4,005.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $4,005.00 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$21,297.00** |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 05/05/2014 | Telephone call with Greg Myers re: status of preliminary engineering and environmental constraints study. | 0.60 | 425.00 | 255.00 |
| 05/07/2014 | Prepare for and attend meeting with Greg Myers re: review of status of environmental constraints study.  Discussion of strategy to obtain approval of townhouse development. | 2.70 | 425.00 | 1,147.50 |
| 05/09/2014 | Review of engineering proposal.  Review of Bethesda magazine article on upscale assisted living group homes.  Email Greg Myers. | 0.70 | 425.00 | 297.50 |
| 05/27/2014 | Prepare for and attend meeting with Greg Myers; Brian King and engineering consultants re: subdivision concept plan for Goldsboro Road property.  Review of Montgomery County subdivision regulations re: appealability of informal pre-submission determinations made by planning board. | 3.20 | 425.00 | 1,360.00 |

27

| | | | | |
|---|---|---|---|---|
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 7.20 | | 3,060.00 |
| **Timothy C. Lynch** | | | | |
| 02/17/2014 | Park road - Call with client re: specific performance claim; review document and evidence re: same | 0.60 | 450.00 | 270.00 |
| 02/18/2014 | Park road - Review and revise specific performance memo; email to Greg re: same | 0.70 | 450.00 | 315.00 |
| 02/20/2014 | Park road - Call with King re: next steps; call with Greg re: same | 0.80 | 450.00 | 360.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 2.10 | | 945.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 9.30 | | 4,005.00 |

| | |
|---|---|
| TOTAL CURRENT CHARGES: | $4,005.00 |

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|---|---|---|
| William E. Erskine | 7.20 | 3,060.00 |
| Timothy C. Lynch | 2.10 | 945.00 |
| | 9.30 | $4,005.00 |



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

**Offit Kurman**
Attorneys At Law

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 07/07/2014 |
| Client Number | 00220225 |
| Invoice Number | 411630 |
| Services Through | 06/30/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $21,297.00 | $0.00 | $0.00 | $21,297.00 | $0.00 | $21,297.00 |
| | $21,297.00 | $0.00 | $0.00 | $21,297.00 | $0.00 | $21,297.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



**Offit | Kurman**
Attorneys At Law

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net
'

| | | |
|---|---|---|
| Invoice Date | 08/13/2014 |
| Client Number | 00220225 |
| Invoice Number | 417743 |
| Services Through | 07/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $21,297.00 | $0.00 | $0.00 | $21,297.00 | $4,825.00 | $26,122.00 |
| | $21,297.00 | $0.00 | $0.00 | $21,297.00 | $4,825.00 | $26,122.00 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



**Offit | Kurman**
Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

6789 Goldsboro, LLC
EMAIL INVOICE
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 08/13/2014 |
| Client Number | 00220225 |
| Invoice Number | 417743 |
| Services Through | 07/31/2014 |

00220225.00001  Development Project

**ACCOUNT SUMMARY**

PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $21,297.00 | |
| NET BALANCE FORWARD | | $21,297.00 |
| CURRENT CHARGES | | |
| Total Services  (details follow) | $4,825.00 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $4,825.00 |
| TOTAL BALANCE NOW DUE FOR THIS MATTER: | | $26,122.00 |

**DETAIL OF CURRENT CHARGES**

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 07/18/2014 | Prepare for and attend meeting with Greg Myers and Tim Lynch to discuss development opportunities for subject property. | 2.20 | 425.00 | 935.00 |
| 07/31/2014 | Telephone call with Greg Myers re: discussion of legal arguments in support of being able to develop property as a minor subdivision. | 1.00 | 425.00 | 425.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 3.20 | | 1,360.00 |
| **Timothy C. Lynch** | | | | |
| 07/12/2014 | Call with client re: prep for meeting with counsel re: next steps; review memo from client re: same | 1.60 | 450.00 | 720.00 |
| 07/14/2014 | Review this emails  and materials in prep for meeting; conf call with counsel (2x) re: same; memo to file re: same | 4.00 | 450.00 | 1,800.00 |
| 07/18/2014 | Meet with client and Erskine re: plan and next steps; memo to | 2.10 | 450.00 | 945.00 |

31

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| | Erskine re: same | | | |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 7.70 | | 3,465.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 10.90 | | 4,825.00 |
| | TOTAL CURRENT CHARGES: | | | $4,825.00 |

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|---|---|---|
| William E. Erskine | 3.20 | 1,360.00 |
| Timothy C. Lynch | 7.70 | 3,465.00 |
| | 10.90 | $4,825.00 |



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | | |
|---|---|---|
| Invoice Date | 09/06/2014 |
| Client Number | 00220225 |
| Invoice Number | 418668 |
| Services Through | 08/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $26,122.00 | $0.00 | $0.00 | $26,122.00 | $2,052.50 | $28,174.50 |
| | $26,122.00 | $0.00 | $0.00 | $26,122.00 | $2,052.50 | $28,174.50 |

**Balance due within 30 days of the invoice date**

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

8171 Maple Lawn Blvd., Suite 200, Maple Lawn, MD 20759

Tax I.D.:52-1518021

# INVOICE

**6789 Goldsboro, LLC**
**EMAIL INVOICE**
gregbmyers@verizon.net
,

| | |
|---|---|
| Invoice Date | 09/08/2014 |
| Client Number | 00220225 |
| Invoice Number | 418668 |
| Services Through | 08/31/2014 |

**00220225.00001   Development Project**

## ACCOUNT SUMMARY

### PRIOR CHARGES

| | | |
|---|---|---|
| Balance of last invoice | $26,122.00 | |
| **NET BALANCE FORWARD** | | **$26,122.00** |

### CURRENT CHARGES

| | | |
|---|---|---|
| Total Services  (details follow) | $2,052.50 | |
| Total Expenses  (details follow) | $0.00 | |
| TOTAL CURRENT CHARGES | | $2,052.50 |
| **TOTAL BALANCE NOW DUE FOR THIS MATTER:** | | **$28,174.50** |

## DETAIL OF CURRENT CHARGES

| Date | Services | Hours | Rate | Amount |
|---|---|---|---|---|
| **William E. Erskine** | | | | |
| 08/02/2014 | Review of potential for developing property as a minor subdivision. Review generally Montgomery County Code Chapters 19; 22A; 50 and 59. | 3.20 | 425.00 | 1,360.00 |
| 08/04/2014 | Preparation for conference call.  Telephone call with Greg Myers re: development options for Goldsboro Road property. | 1.10 | 425.00 | 467.50 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 4.30 | | 1,827.50 |
| **Timothy C. Lynch** | | | | |
| 08/04/2014 | Meet with Erskine re: next steps; call with client re: same. | 0.50 | 450.00 | 225.00 |
| | TOTAL CURRENT CHARGES FOR THIS TIMEKEEPER: | 0.50 | | 225.00 |
| | TOTAL CURRENT CHARGES FOR THIS MATTER: | 4.80 | | 2,052.50 |

34

**TOTAL CURRENT CHARGES:** $2,052.50

## TIMEKEEPER SUMMARY FOR THIS MATTER

| Timekeeper | Hours | Amount |
|------------|-------|--------|
| William E. Erskine | 4.30 | 1,827.50 |
| Timothy C. Lynch | 0.50 | 225.00 |
| | 4.80 | $2,052.50 |



**Offit** | **Kurman**
Attorneys At Law

Tax I.D.:52-1518021

## STATEMENT OF ACCOUNT

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | |
|---|---|
| Invoice Date | 01/08/2015 |
| Client Number | 00220225 |
| Invoice Number | 432010 |
| Services Through | 12/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | **Development Project** | | | | | |
| | $702.00 | $0.00 | $0.00 | $702.00 | $0.00 | $702.00 |
| | $702.00 | $0.00 | $0.00 | $702.00 | $0.00 | $702.00 |

Balance due within 30 days of the invoice date

Please return the Remittance Page (last page attached) with your payment and make payable to Offit Kurman

Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759

301.575.0300



**Offit | Kurman**
Attorneys At Law

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Tax I.D.:52-1518021

### * * * * REMITTANCE PAGE * * * *

### (Please return with payment)

6789 Goldsboro, LLC
**EMAIL INVOICE**
gregbmyers@verizon.net
'

| | | | | |
|---|---|---|---|
| Invoice Date | 01/08/2015 |
| Client Number | 00220225 |
| Invoice Number | 432010 |
| Services Through | 12/31/2014 |

| | Prior Balance | Payments Applied | Adjustment Applied | Net Balance Forward | Total Current Charges | Balance Due |
|---|---|---|---|---|---|---|
| 00220225.00001 | Development Project | | | | | |
| | $702.00 | $0.00 | $0.00 | $702.00 | $0.00 | $702.00 |
| | $702.00 | $0.00 | $0.00 | $702.00 | $0.00 | $702.00 |

**Balance due within 30 days of the invoice date**

Please return this Remittance Page with your payment and make payable to Offit Kurman

**Please remit to: Offit Kurman - 8171 Maple Lawn Boulevard | Suite 200 | Maple Lawn, MD 20759**

**301.575.0300**

# Exhibit C

Engagement Letter

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA



**Attorneys At Law**

Lisa T. Shattuck, *Client Relations Manager*
301.575.0364      Phone
301.575.0335      Facsimile
LShattuck@offitkurman.com

July 19, 2013

**VIA EMAIL ONLY:** brian@realestatedimensions.com
6789 Goldsboro, LLC
c/o Real Estate Dimensions, LLC
Attn: Brian King
3925 Beech Avenue
Baltimore, Maryland 21211

Re:     Engagement of Offit Kurman, P.A.; Confirmation of Fee Arrangement

Dear Mr. King:

The purpose of this letter is to confirm the terms of your engagement of Offit Kurman. In this regard, our firm has agreed to represent you on the following terms and conditions:

1.     Fees for services will generally be invoiced based upon the actual time spent on your account by attorneys in our office at the firm's standard hourly rates. The rate schedule attached to this letter lists the billing rates of each attorney, paralegal and law clerk in our firm. In the event that our rates increase in the future, the increased rates shall automatically take effect. Various portions of the representation may be delegated, as appropriate, to other firm lawyers, paralegal and law clerk personnel.

2.     On occasion, there may be circumstances where billing based upon our firm's standard hourly rates is not appropriate. In such circumstances, we will advise you that standard hourly billing is not appropriate and we will bill you for services on an alternative basis.

3.     Any and all activities conducted by the professional members of our staff, including, but not limited to, the making and receipt of telephone calls, drafting and review of correspondence and email, preparation and review of papers, agreements and memorandum, fact investigation, reading and analyzing written materials, travel to and from meetings and court appearances, research, preparation for meetings and court appearances, conferences with you, experts, or other attorneys, will be considered as billable time.

4.     Statements indicating the nature of the services performed and time spent will be forwarded to you periodically. Payment of all amounts invoiced is due within 30 days after the date stated on the invoice. Questions or objections to any statement for services rendered or costs advanced must be raised within 30 days of receipt, or you will be deemed to have approved the statement.

5.     During the course of our representation we may be required to incur certain expenses on your behalf, and the nature of and extent of such expenses will vary with the nature of the representation. We will be entitled to reimbursement for necessary and reasonable costs and expenses incurred in connection with our work in this matter. Examples of these costs and expenses include, but are not limited to, courier charges, outside copy charges, parking and travel expenses. Offit Kurman does not charge clients for internal costs associated with regular postage, internal copies, facsimiles and long distance calls, or for overnight delivery charges.

6.     In connection with our practice, we are often required to engage outside service providers on your behalf. You hereby authorize us to engage such outside vendors as are reasonable and necessary in connection with our work, and to instruct such vendors to bill you directly for their services. You will be responsible for direct and timely payment of those expenses for which you are directly invoiced. Examples of these costs include, but are not limited to, filing fees, expert witness fees, and transcript fees. Unless it is impractical because of exigent circumstances, we will discuss such expenses with you, and obtain your consent, in advance.



Attorneys At Law

7.      In furtherance of our continuing efforts to better serve our clients, the firm occasionally will work with outside counsel for some aspects of a particular representation when doing so is, in our opinion, economical and appropriate. The costs associated with the use of outside counsel may include charges for the supervision and administration of the outside counsel.

8.      It is impossible for us to project the amount of time that will be devoted by the firm to your needs. However, if at any time you decide that you desire that we cease further activity on your behalf, you should notify our firm in writing and, upon payment by you of the final statement for our services which will be rendered shortly after receipt by us of your intention to terminate our attorney-client relationship, copies of all pertinent papers in your file will be turned over to you or to any attorney of your selection.

9.      We may withdraw as counsel, terminate this Agreement, and be relieved of the responsibility of performing further work on your behalf, by notifying you in writing. Reasons for such termination may include, but are not limited to, failure on your part to pay fees or expenses under the terms of this Agreement in a timely manner, failure to cooperate with the firm in preparation and/or prosecution of your legal needs, reasons mandated by the rules of professional conduct governing lawyers, a significant disagreement arises as to legal strategy, or discovery of or analysis of facts and/or law which lead the firm to conclude that your matter should not be pursued. You agree to execute such documents as will permit the firm to withdraw from representing you and you agree to pay any remaining balance owed on your account.

10.     After our representation of you has ended, whether or not you have requested your file or any part of it, we may request that you or an authorized representative pick up your files or documents that have been produced during the course of the representation. Absent extenuating circumstances or those cases where our firm specifically agrees to hold certain documents for you, you agree to retrieve the documents within 90 days. If you do not want us to return these to you, please be advised that we may destroy all paper copies other than those that we determine original paper copies must be maintained. In addition, *if we have not heard back from you after the 90 day period has passed, the firm will assume that you have no objections to the destruction of your files or documents.*

11.     Should it ever become necessary for us to take legal action to collect our fees and/or any expenses due under this Fee Agreement, you agree to reimburse us fully for all costs of collection, including, but not limited to, reasonable attorneys' fees and a late fee on the unpaid balance to be calculated at the rate of twelve percent (12%) per annum.

Please countersign this letter in the space provided below for your signature to acknowledge acceptance of the terms and conditions of this engagement. Upon receipt of this countersigned letter we will commence services on your matter. On behalf of the firm, and holding aside the formality of this letter, we look forward to working with you.

Very truly yours,

*Lisa Shattuck*

Lisa T. Shattuck
*Client Relations Manager*

Cc:     Timothy C. Lynch, Esq.

Read & Accepted on behalf of 6879 GOLDSBORO, LLC by:

*Brian King*
Brian King

7/22/2013
Date

*Please sign and return this letter within 10 business days of receipt.*
00220225 00001

# Offit | Kurman

## Fee Schedule

| Attorney | Rate |
|---|---|
| Allman, Alex M. | $375 |
| Axenfeld, Robert J. | $375 |
| Beller, Joseph | $400 |
| Bellinger, Jr., Joseph J. | $450 |
| Berger, Jason C. | $350 |
| Berger, Russell B. | $325 |
| Brooks, Sandra A. | $335 |
| Brownstein, Adam R. | $325 |
| Cannon, William P. | $275 |
| Carter, Matthew T. | $295 |
| Casseres, Daniella | $300 |
| Coaxum, David S. | $330 |
| Conley, Michael | $500 |
| Currey, Gregory P. | $325 |
| Cutler, Gary B. | $350 |
| D'Andrea, Lindsay R.D. | $250 |
| Davis, III William C. | $440 |
| Delanoy, Jesse D. | $390 |
| Delawter, Meaghan L. | $210 |
| Denick, Bernard S. | $375 |
| Donnelly, Michael | $390 |
| Donohue, Sara M. | $450 |
| Elias, Mazin I. | $335 |
| Erskine, William E. | $425 |
| Ettelson, James S. | $450 |
| Finnerty, Meghan | $335 |
| Foster, Don P. | $450 |
| Goel, Rajiv K. | $385 |
| Gottlieb, Mark E. | $500 |
| Haley, Michael K. | $325 |
| Hepler, Cheryl L. | $500 |
| Heyman, William S. | $425 |
| Hoffman, Ira E. | $435 |
| Hoffman, James M. | $440 |
| Johnson, Gregory P. | $350 |
| Jones, Glenn M. | $500 |
| Just, Marjorie | $400 |
| Kamins, Rachel M. | $350 |
| Kamins, Scott V. | $425 |
| Karen, Ari | $450 |
| Kaufman, Gal N. | $440 |
| Kaufman, Stephen H. | $395 |
| Kay, Douglas R. | $375 |
| Kelting, Todd A. | $350 |
| Kotkin, Diane S. | $375 |
| Kurman, Howard K. | $450 |
| Loffredo, Brian A. | $350 |
| Lynch, Timothy C. | $450 |
| Marasciulo, Theodore | $400 |
| Mathis, Joseph B. | $250 |
| McQueen, Catherine H. | $330 |

| Attorney | Rate |
|---|---|
| McRae, David K | $390 |
| Mercurio, Michael N. | $400 |
| Neuhauser, Stanley J. | $350 |
| Nevins, Kristin M. | $350 |
| Niepraschk, Christi L. | $260 |
| Noll, Alison K. | $400 |
| Offit, Maurice L. | $450 |
| Offit, Theodore A. | $475 |
| Ogens, Ronald L. | $495 |
| Pallozzi, Angela D. | $235 |
| Pelino, Bryan J. | $330 |
| Pelletier, Eric J. | $395 |
| Pillsbury, William H. | $360 |
| Poppleton, Miller J. | $375 |
| Potler, B. Marvin | $350 |
| Raftery, John B. | $400 |
| Repczynski, Thomas W. | $375 |
| Rosenberg, Brian C. | $365 |
| Rothman, Alyssa S. | $225 |
| Rubenstein, Laura L. | $375 |
| Salmons, Brent T. | $400 |
| Sanders, Alan A. | $360 |
| Scaldara, John A. | $375 |
| Seitz, Douglas H. | $350 |
| Shand, Dina | $200 |
| Shane, Steve E. | $375 |
| Shapiro, Bart | $495 |
| Sherman, Bryn H. | $475 |
| Smith, Karen L. | $330 |
| Solomon, Glenn D. | $370 |
| Stadfeld, Max S. | $350 |
| Steiner, Julius M. | $475 |
| Stern, Seymour B. | $350 |
| Stone, Steven David | $400 |
| Strickland, Elyse | $295 |
| Thomas, William J. | $400 |
| Todman, Stanley I. | $295 |
| Tolchin, Edward J. | $375 |
| Turet, Craig F. | $375 |
| Ulman, Louis J. | $450 |
| VerStandig, Maurice B. | $275 |
| Vogler, Philip W. | $450 |
| Wachs, Jonathan R. | $370 |
| Wachter, Chris | $300 |
| Walsh, Donald J. | $395 |
| Walter, Harold M. | $450 |
| Walters, Revee M. | $235 |
| Wilburn, Frances C. | $325 |
| Wolf, Rachel M. | $335 |
| Yumkas, Charles | $375 |

| Paralegal/Clerk | Rate |
|---|---|
| Dixon, Candace O. | $175 |
| Fee, Carol A. | $100 |
| Jett, Doreen A. | $175 |
| Jonson, Samantha G. | $160 |
| Jordan, Roxanne P. | $165 |
| King, Lisa M. | $180 |
| Kovacevich, Anthony | $160 |
| Landicho, Kathiyn M. | $180 |
| LaScuola, Joseph C. | $160 |
| Lavin, Deborah A. | $155 |
| Montieth, Gina M. | $160 |
| Redmond, Lucia | $165 |
| Rowe, Kiersten S. | $160 |
| Trout, Janice C. | $155 |
| Whitlock, Katelynn P. | $160 |

# Exhibit D

McRae Emails

# Kira Muren

| | |
|---|---|
| **From:** | Greg Myers <gregbmyers@verizon.net> |
| **Sent:** | Wednesday, October 9, 2019 10:11 PM |
| **To:** | Benjamin Andres |
| **Cc:** | gregbmyers@verizon.net |
| **Subject:** | FW: Note and Guaranty |
| **Attachments:** | 141101_Promissory Note rev2 10-30-14 REDLINE.docx |

FYI

**From:** McRae, Dave <dmcrae@offitkurman.com>
**Sent:** Thursday, October 30, 2014 5:04 PM
**To:** Greg Myers <gregbmyers@verizon.net>
**Subject:** RE: Note and Guaranty

Greg,

Please see the attached further revised ("rev2") redline draft, and let me know if it is acceptable.  The only change is the insertion of Section 20.

Thanks,

Dave


**David K. McRae, Esquire**

**Offit | Kurman®**
Attorneys At Law

the perfect **legal partner**®

(301) 575-0378 - Direct
(410) 615-4727 - Mobile
(301) 575-0335 - Facsimile
dmcrae@offitkurman.com
www.offitkurman.com



**Baltimore/Washington**
8171 Maple Lawn Boulevard  |  Suite 200  |  Fulton, MD 20759

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Greg Myers [mailto:gregbmyers@verizon.net]
**Sent:** Thursday, October 30, 2014 4:31 PM
**To:** McRae, Dave
**Cc:** gregbmyers@verizon.net
**Subject:** RE: Note and Guaranty

Dave - can you add a Section 20 with appropriate language to convey that that under no circumstances is Daniel J. Ring personally or individually liable or responsible for any portion of the debt.

Thank you,
Greg Myers

**From:** McRae, Dave [mailto:dmcrae@offitkurman.com]
**Sent:** Thursday, October 30, 2014 2:30 PM
**To:** Greg Myers
**Subject:** RE: Note and Guaranty

Greg,

The redlined Promissory Note is attached. Regarding non-assignability, I thought it would be more effective (and more up-front with your investor partner) not to tinker with the "pay to the order of" language at the beginning of the Note, but rather, to add new Section 19 which plainly states that the Note may not be assigned without the Borrower's prior written consent.

Apart from making the foregoing change and adding the Guaranty signature line as we discussed, I saw no other areas of the Note that needed modification.

If you have any further questions or concerns, please let me know.

Thanks,

Dave


**David K. McRae, Esquire**

**Offit | Kurman®**
Attorneys At Law

the perfect **legal partner®**

(301) 575-0378 - Direct
(410) 615-4727 - Mobile
(301) 575-0335 - Facsimile
dmcrae@offitkurman.com
www.offitkurman.com



**Baltimore/Washington**
8171 Maple Lawn Boulevard | Suite 200 | Fulton, MD 20759

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential. It is solely intended for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this

communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**IRS CIRCULAR 230 DISCLOSURE**
To ensure compliance with requirements imposed by the IRS, we inform you that any US federal tax advice contained in this communication (including any attachments) is not intended or written to be used and cannot be used for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Greg Myers [mailto:gregbmyers@verizon.net]
**Sent:** Wednesday, October 29, 2014 6:01 PM
**To:** McRae, Dave
**Cc:** gregbmyers@verizon.net
**Subject:** Note and Guaranty

Dave - give me a call after you have looked these over.

Thank you,
Greg Myers
(301) 325-2312