# Exhibit A

Case 24-00007 Doc 43-1 Filed 06/27/25 Page 1 of 10



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | |
| GREGORY B. MYERS, | Case No. 15-26033-MCR (Chapter 7) |
| Debtor. / | |
| BRIAN KING, et al., | |
| Plaintiffs, | |
| v. | Adv. No. 24-00007 |
| ROGER SCHLOSSBERG, Trustee, | |
| Defendant. / | |

GREGORY MYERS

    Third-Party Plaintiff,

v.

JUDGE MARIA ELENA CHAVEZ-RUARK,
in her official capacity

    Third-Party Defendant,

and

6789 GOLDSBORO LLC

    Third-Party Defendant,

and

MAURICE B. VERSTANDIG

1

Third-Party Defendant,

THE VERSTANDIG LAW FIRM, LLC

Third-Party Defendant,

and

FRANK MASTRO

Third-Party Defendant,

and

SCHLOSSBERG & ASSOCIATES, P.A.

Third-Party Defendant,

## THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY

Comes now GREGORY B. MYERS ("Myers" or "Debtor" or "Third Party Plaintiff"), and pursuant to 11 U.S.C. § 1109(b)[1] and Federal Rule of Civil Procedure 14 made applicable to adversary proceedings pursuant to Bankruptcy Rule 7014, brings this Third Party Complaint and Demand for Trial by Jury (the "Third Party Complaint") against JUDGE MARIA ELENA CHAVEZ-RUARK, in her official capacity ("Ruark"), 6789 GOLDSBORO LLC ("Goldsboro"), MAURICE B. VERSTANDIG ("VerStandig"), THE VERSTANDIG LAW FIRM, LLC ("MBV Law"), FRANK MASTRO ("Mastro"), and SCHLOSSBERG & ASSOCIATES, P.A. ("Schlossberg Law") (with Ruark, Goldsboro, VerStandig, MBV Law, Mastro, and Schlossberg Law being collectively known as the "Third-Party Defendants" and each sometimes being known

---

[1] 11 U.S.C. § 1109(b) provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

as a " Third-Party Defendant"), and does allege as follows:

## INTRODUCTION

1. It is well established that "[c]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." *Hedges* v. *Dixon County*, 150 U. S. 182, 192 (1893). "A Court of equity cannot, by avowing that there is a right but no remedy known to the law, create a remedy in violation of law . . . ." *Rees* v. *Watertown*, 19 Wall. 107, 122 (1874). See also, *e. g., Thompson* v. *Allen County*, 115 U. S. 550, 555 (1885); 1 J. Story, Equity Jurisprudence § 19 (W. Lyon ed. 1918). See also *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S.Ct. 2210, 2216, 100 L.Ed.2d 882 (1988) (quoting *Hedges v. Dixon County*, 150 U.S. 182, 192, 14 S.Ct. 71, 74, 37 L.Ed. 1044 (1893)); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

2. Furthermore, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 42 (2021) (noting that in *Pulliam*, "the plaintiff sought an injunction only to prevent the judge from enforcing a rule of her own creation").

3. Former U.S. Attorney General John Ashcroft's remarks summarize the bankruptcy court corruption taking place in Adversary Proceeding No. 24-00007 (the "Adversary"):

> Bankruptcy court corruption is not just a matter of bankruptcy trustees in collusion with corrupt bankruptcy judges. The corruption is supported, and justice hindered by high-ranking officials in the United States Trustee Program. The corruption has advanced to punishing any and all who mention the criminal acts of trustees and organized crime operating through the United States Bankruptcy Courts. As though greed is not enough, the trustees, in collusion with others, intentionally go forth to destroy lives. Exemptions provided by law are denied debtors. Cases are intentionally and unreasonably kept open for years. Parties in cases are sanctioned to discourage

3

them from pursuing justice. Contempt of court powers are misused to coerce litigants into agreeing with extortion demands. This does not ensure integrity and restore public confidence.

## PARTIES

4. Myers is a natural person who is a citizen of the state of Florida.

5. Ruark is a bankruptcy judge of the United States Bankruptcy Court for the District of Maryland and is being sued in her official capacity.

6. Goldsboro is a Maryland LLC formed pursuant to the laws of the State of Maryland, with its principal place of business in the State of Maryland.

7. VerStandig is, upon information and belief, a citizen of Nevada and the owner of MBV Law.

8. MBV Law is, upon information and belief, a Maryland LLC formed pursuant to the laws of the State of Maryland, with its principal place of business in Maryland.

9. Mastro is, upon information and belief, a citizen of Maryland and and owner of Schlossberg Law.

10. Schlossberg Law is a partnership operating and organized under the laws of Maryland.

## FACTS

11. On November 18, 2015, Myers filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), Case 15-26033 (the "Myers Bankruptcy Case").

12. On February 22, 2017, the Myers Bankruptcy Case was converted from a case under chapter 11 to a case under chapter 7 and Schlossberg was appointed as chapter 7 trustee of the bankruptcy estate of Gregory B. Myers (the "Chapter 7 Trustee").

13. On November 13, 2019, Maurice VerStandig, in his personal capacity, filed a Notice of Removal in this Court—removing State Court Case Nos. 436977-V and 451611-V (collectively, the "State Court Case") from the Circuit Court for Montgomery County, Maryland to the United States Bankruptcy Court for the District of Maryland, thereby initiating Adversary Proceeding 19-00427 (Adv. Proc. 19-00427; Doc 1).

14. On December 5, 2019, the United States Bankruptcy Court for the District of Maryland (Simpson, J) entered an Order remanding the State Court Case back to the Circuit Court for Montgomery County, Maryland (the "Remand Order"), stating:

> ORDERED, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. 1452(b).

(Adv. No. 19-00427, Dkt. No. 5).

15. On December 11, 2023, the Bankruptcy Court (Ruark, J) entered an Order approving what the Bankruptcy Court describes as a "Settlement Procedure Motion" which "seeks to *establish a procedural mechanism* for resolving litigation pending in state court among Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the 'King Parties'), Serv Trust, and the Trustee [Roger Schlossberg] (who was named as a nominal defendant)." The "Settlement Procedure Motion"

16. On January 10, 2024, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), commenced Adversary Proceeding 24-00007 by filing a *Complaint For Declaratory Relief* [Adv.

5

Proc. Dkt. #1] (the "Complaint") against Roger Schlossberg, in his official capacity as Chapter 7 Trustee of Mr. Myers's bankruptcy estate ("Schlossberg" or "Trustee").

17. On January 10, 2024:

- Brian King filed a Proof of Claim (Claim 21-1) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007"
- Cristina King filed a Proof of Claim (Claim 22-1) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007"
- Cristina and Brian King Children's Trust filed a Proof of Claim (Claim 23-1) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007"

18. On June 25, 2025, Mr. Myers filed a Notice of Appeal (Doc xx), appealing to the to the United States District Court for the District of Maryland from the following orders entered in Case No. 15-26033-MCR by the United States Bankruptcy Court for the District of Maryland (Ruark, J):

- Order Denying Debtor's Motion To Strike Trustee's Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust (Doc. 1028)
- Order Granting Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust (Doc. 1029).

The referenced appeal was docketed in the United States District Court for the District of Maryland as Case 8:25-cv-02042-TDC.

19. On June 25, 2025, Mr. Myers filed a Notice of Appeal (Doc xx), appealing to the to the United States District Court for the District of Maryland from the following orders, memorandums, notices, and rulings entered in Adversary Case No. 24-00007 by the United States Bankruptcy Court for the District of Maryland (Ruark, J):

- Order Granting Stipulation And Motion To Extend Time (Adv. No. 24-00007; Doc. 7).
- Scheduling Order (Adv. No. 24-00007; Doc. 15).
- Memorandum To Parties (Adv. No. 24-00007; Doc. 27).
- Notice Of Evidentiary Hearing (Adv. No. 24-00007; Doc. 29).
- Order Dissolving Show Cause Order After Response (Adv. No. 24-00007; Doc. 32).
- Notice Of Evidentiary Hearing (Adv. No. 24-00007; Doc. 33).

The referenced appeal was docketed in the United States District Court for the District of Maryland as Case 8:25-cv-02103-TDC.

20. On June 30, 2025, in Adversary Proceeding 24-00007, Myers filed *Motion to Disqualify Judge Maria Elen Chavez-Ruark* (Case 24-00007; Doc 47) (the "Motion to Disqualify"). Judge Ruark refused to consider or rule on the Motion to Disqualify, constituting judicial misconduct and a violation of Myers's procedural due process rights.

21. On June 30, 2025, the Maryland Bankruptcy Court orally denied Myers's Motion to Intervene in Adversary Proceeding (Case 24-00007; Doc 43).

22. On June 30, 2025, the Maryland Bankruptcy Court orally denied Myers's *ore tenus* Motion to Stay [Adversary Proceeding 24-00007] Pending Appeal.

### COUNT I
### Constructive Fraud
### (All Third Party Defendants)

23. Plaintiff incorporates paragraphs 1 through 22 of the Third Party Complaint as though they were fully set forth within this count of the Third Party Complaint.

24. Third Party Defendants knowingly and purposefully acted outside the scope of their authority in a manner that is contrary to clearly established law where there was sufficient precedent at the time of their unlawful actions to put them on notice that their conduct was constructively fraudulent and constitutionally prohibited.

25. Third Party Defendants acted in concert and conspired to put in place a fraudulent

7

scheme (i.e., *"establish a procedural mechanism"*) to defraud Myers. All Third Party Defendants willfully aided in its execution. See *Etgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land W*ater *Co. v. Robinson*, 154 Cal. 36, 97 P. 10, 14."). Id. at 418.

26. Third Party Defendants held positions of public trust and owed a duty of good faith and fair dealing to all parties, including Myers.

27. Third Party Defendants breached their duty to uphold the public's trust intentionally with malice, and/or with reckless disregard for Myers's rights by willfully and intentionally participating in a fraudulent scheme to convert non-estate property without legal authority or justification.

28. Third Party Defendants breached their fiduciary duty to Myers intentionally with malice, and/or with reckless disregard for Myers's rights by willfully and intentionally participating in a fraudulent scheme to convert non-estate property without legal authority or justification.

29. Third Party Defendants actions were taken with support and cooperation of all Third Party Defendants, despite actual knowledge of all relevant law and facts.

30. As a result of the Third Party Defendants breach of their legal, public, and fiduciary 

duties, Myers has suffered material harm and material damages, and will continue to incur material harm and material damages due to ~~loss of the Escrow Funds.~~ the Third Party Defendants' fraudulent scheme aforesaid.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Third Party Defendants, jointly and severally, for actual damages in an amount not less than Ten Million Dollars ($10,000,000.00), award Third Party Plaintiff his attorneys' fees and suit costs incurred in connection with the prosecution of this matter and award any other relief it deems just and proper.

### DEMAND FOR JURY TRIAL

Third Party Plaintiff demands to exercise his right to a trial by jury on all claims or issues so triable.

Dated: July 2, 2025

Respectfully submitted,

_____
Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

9

I HEREBY CERTIFY that on July 2, 2025, a copy of the foregoing was furnished to the following parties:

Judge Maria Elena Chavez-Ruark
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

_____
Gregory B. Myers, *pro se*