IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| GREGORY B. MYERS, ) | Case No. 15-26033-MCR |
| ) | (Chapter 7) |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| BRIAN KING, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No.: 24-00007 |
| ) | |
| ROGER SCHLOSSBERG, TRUSTEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION
TO INTERVENE IN ADVERSARY PROCEEDING**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *Motion to Intervene in Adversary Proceeding* (the "*Motion to Intervene*"), [Dkt. #43], filed herein by the Debtor, Gregory B. Myers, on grounds that the Debtor has failed to comply with Fed. R. Civ. P. 24(c), and, more importantly, that the Debtor cannot satisfy the requirements necessary to intervene as of right in this adversary proceeding or, alternatively, for permissive intervention. In further support of this opposition, the Trustee respectfully represents as follows:

**I.    BACKGROUND**

1. On January 10, 2024, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Plaintiffs") commenced the instant adversary proceeding by filing

their *Complaint* herein. [Dkt. #1]. The Trustee thereafter filed an *Answer* on April 15, 2024. [Dkt. #13].

2. On December 30, 3024, the Trustee filed a *Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (the "*Rule 9019 Motion*"). [Dkt. #17]. The Trustee explained therein that the proposed settlement, if approved by the Court, would resolve the instant adversary proceeding.

3. The Debtor filed a preliminary objection to the Trustee's proposed settlement on January 21, 2025, [Dkt. #10], and a supplemental objection on February 4, 2025, [Dkt. #22].

4. On May 7, 2025, at a status conference attended by the Debtor and the parties to this adversary case, the Court scheduled a two-day evidentiary hearing on the *Rule 9019 Motion* for June 30-July 1, 2025. [Dkt. #28]. On May 8, 2025, the Court issued a *Notice* regarding the hearing. [Dkt. #29].

5. On June 27, 2025 at 5:19 p.m. – after the close of business on the last business day before the evidentiary hearing on the *Rule 9019 Motion* was set to begin – the Debtor filed the instant *Motion to Intervene*, [Dkt. #43], but made no effort to notify the parties of his filing in advance of the hearing. Rather, the Clerk provided electronic notice of the *Motion to Intervene* on June 30, 3025 at 7:25 a.m., shortly before the hearing was scheduled to commence.

6. The two-day hearing on the *Rule 9019 Motion* proceeded as scheduled and concluded on July 1, 2025. [Dkt. #52]. On July 3, 2025, the Court convened a further hearing, [Dkt. #51], at which it delivered an oral ruling approving the Trustee's proposed settlement. [Dkt. #59]. Later that day, the Court entered its written *Order* approving the settlement. [Dkt. #61].

7. As the Debtor did not move to shorten the time for a response to the *Motion to Intervene*, or for an expedited hearing thereon, *see* Local Rule 9013-6, responses to the *Motion to*

*Intervene* remained due on July 14, 2025. *See* Local Rule 9006-1(a). For the reasons set forth below, the *Motion to Intervene* must be denied.

II. **ARGUMENT**

    A. **The Debtor is Not Entitled to Intervene as of Right Because He Has Not Sufficiently Identified What Interest He Allegedly Possesses in the Subject Matter of this Adversary Proceeding and Has Not Attached a Pleading Setting Out the Claim or Defense for Which Intervention is Sought.**

As a preliminary matter, the Trustee observes that the *Motion to Intervene* fails to comply with Rule 24(c) as it does not attach "a pleading that sets out the claim or defense for which intervention is sought." *See* Fed. R. Civ. P. Rule 24(c), made applicable herein by Fed. R. Bankr. P. 7024; *Kelly v. Offit Kurman, P.A.*, 2021 WL 3725379, *8 (D. Md. Aug. 23, 2021) ("Unaccompanied by a pleading, Myers's motion does little to apprise the court or Offit Kurman of his proposed claims."). While this Court possesses the discretion to overlook a defect in compliance with the procedural requirements of Rule 24(c), *see Spring Constr. Co. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980), the Debtor's failure to attach a responsive pleading serves to highlight why the *Motion to Intervene* does not satisfy the requirements of either Rule 24(a) or Rule 24(b).

Under Rule 24(a), the Court must permit anyone to intervene who can show: (1) a timely application to intervene; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); Fed. R. Civ. P. 24(a). The party moving for intervention as of right "bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr. Inc. v. XL*

*Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004) (citing *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997)).

Here, given the lack of a pleading appended to the *Motion to Intervene*, it is unclear whether the Debtor seeks to intervene as a plaintiff or as defendant. Further, the substance of the Debtor's motion does little to illuminate the nature of the Debtor's interest in this adversary proceeding. The Debtor simply parrots the language of Rule 24(a) but fails to identify the specific "rights and interests" that he claims to possess which are related to the subject matter of this adversary proceeding.[1] Without a pleading attached to the *Motion to Intervene*, the Trustee is left to speculate as to what the nature of the Debtor's alleged interest may be. *See Kelly, supra*, 2021 WL at 3725379 at * 8 ("The motion [to intervene] simply asserts that Myers has an interest in the [subject] Agreement (even though, as the court has already explained, he is not a party to it) … and vaguely asserts that he has legal malpractice, negligence, and emotional distress claims against Offit Kurman without any explanation as to whether and how those claims relate to Kelly's claims regarding Offit Kurman's conduct with respect to the Agreement.").

B.  **The Debtor is Not Entitled to Intervene as of Right Because the *Motion to Intervene* is Untimely.**

Even if the Debtor had sufficiently disclosed an interest related to the subject matter of this adversary proceeding, intervention still would not be proper under Rule 24(a) because the *Motion to Intervene* clearly is untimely. The determination of whether a motion to intervene under Rule 24(a) is timely is committed to the court's discretion and is guided by three factors: (1) how far the underlying suit has progressed; (2) why the movant was tardy in filing its motion; and (3) the

---

[1] The Debtor vaguely states that "he arguably possesses constitutionally protected rights and interests related to the subject matter of Adversary Proceeding 24-00007, the disposition of which may, as a practical matter, impair or impede Mr. Myers's ability to protect his rights and interests."

4

prejudice any resulting delay might cause the other parties. *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). Here, all three factors militate against intervention.

First, the Debtor did not move to intervene until more than 18 months after the filing of the *Complaint* herein notwithstanding his knowledge of this action. Further, even though the Debtor was aware of the proposed settlement between the Trustee and the King Plaintiffs that stood to resolve the adversary case if approved, he waited for approximately six (6) months – until after the close of business on the last business day before the evidentiary hearing on the *Rule 9019 Motion* was set to begin – to file the *Motion to Intervene*. The Debtor provides no explanation in for his tardiness in seeking intervention. Further, now that the Trustee's settlement with the King Plaintiffs has been approved and the adversary case has been fully resolved, the parties would be unduly prejudiced if the Court were to "reopen" the adversary case to allow the Debtor – to the extent that he seeks to intervene as a plaintiff or counter-plaintiff – to file an undisclosed claim(s) which might take upwards of several years to litigate.[2]

      **C.**      **The Debtor is Not Entitled to Intervene as of Right Because He Has Not Shown That Any Interest He Has Relating to the Subject Matter of this Case Would Not Be Adequately Represented by the Trustee.**

Even if the Debtor had moved to intervene in a timely fashion and identified an interest relating to the subject matter of this litigation, he still would not be permitted to intervene as of right because he has not shown (and cannot show) that any interest he has would not be adequately represented by the Trustee.

As this Court is aware, the instant adversary case arose out of a dispute between the King Plaintiffs and Serv Trust, who each owned membership interests in 6789 Goldsboro, LLC. The

---

[2] At this point, there would seem to be no purpose to the Debtor intervening as a defendant given that the King Plaintiffs will be dismissing their *Complaint* with prejudice pursuant to the court-approved settlement. [Dkt. #61].

5

King Plaintiffs sought a declaration that they had redeemed Serv Trust's membership interest pursuant to the entity's operating agreement. As Serv Trust has been judicially determined to be the alter ego of the Debtor, the Trustee properly was named as a party-defendant. *See Angeles Real Estate Co. v. Kerxton*, 737 F.2d 416, 418 (4th Cir. 1984) (trustee stands in the shoes of the bankrupt and succeeds to the bankrupt's interest in property); 11 U.S.C. § 541; *see also* 11 U.S.C. § 323 (trustee, as representative of bankruptcy estate, has capacity to sue and be sued). Thus, there is no reason to believe that the Trustee would not be able to adequately represent the Debtor's interests herein (and no reason was articulated by the Debtor in the *Motion to Intervene*). Indeed, considering this Court's determination that the Trustee obtained the "best possible result" in his settlement with the King Plaintiffs, it cannot be said the Trustee did not adequately represent whatever interests the Debtor may have had in the subject matter of this adversary case.

### D.    The Debtor is Not Entitled to Permissive Intervention Because His Motion is Untimely and Intervention Will Unduly Delay and Prejudice the Rights of the Parties Herein.

If intervention of right is not warranted, a court may still allow a party to intervene permissively under Rule 24(b) if the party "has a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b). Permissive intervention, however, is subject to the filing of a timely motion. *See Alt, supra*, 758 F.3d at 590 n.2. Additionally, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013); Fed. R. Civ. P. 24(b)(3).

For the reasons previously discussed, the Debtor's *Motion to Intervene* is untimely. *See* discussion, *supra*, at § II.B. Additionally, as previously discussed, allowing the Debtor to intervene and inject new claims into the action after the original parties have resolved all causes of action

necessarily would result in undue delay and prejudice. *Id*. Thus, the Debtor should not be permitted to intervene herein.

### III.     CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Debtor's *Motion to Intervene* be DENIED.

                                            Respectfully submitted,

                                            SCHLOSSBERG | MASTRO

                                            By: __*/s/ Frank J. Mastro*__
                                                Frank J. Mastro #24679
                                                Roger Schlossberg
                                                P.O. Box 2067
                                                Hagerstown, MD 21742
                                                (301) 739-8610
                                                fmastro@schlosslaw.com
                                                *Attorneys for Defendant,*
                                                *Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **14th** day of **July 2025**, a copy of the *Trustee's Opposition to Debtor's Motion to Intervene in Adversary Proceeding* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

                                                  */s/ Frank J. Mastro*
                                                  Frank J. Mastro