IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: )<br>GREGORY B. MYERS, )<br>)<br>Debtor. )<br>_____ )<br>)<br>BRIAN KING, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROGER SCHLOSSBERG, TRUSTEE, )<br>)<br>Defendant. )<br>) | Case No. 15-26033-MCR<br>(Chapter 7)<br><br><br><br><br><br><br><br>Adv. No.: 24-00007 |

**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS
FOR FAILURE TO JOIN INDISPENSABLE PARTY**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *Motion to Dismiss for Failure to Join Indispensable Party* (the "*Motion to Dismiss*"), [Dkt. #45], filed herein by the Debtor, Gregory B. Myers, and respectfully represents as follows:

1. The Debtor is not a party to the instant adversary case and, therefore, lacks standing to file the instant *Motion to Dismiss*.[1]

2. To the extent that the Debtor seeks to intervene as a party herein in order to obtain standing, intervention should be denied for the multitude of reasons set forth in the *Trustee's*

---

[1] Curiously, nowhere in the *Motion to Dismiss* does the Debtor identify the person or entity who allegedly is "indispensable" to the adjudication of this adversary proceeding and must be joined as a party. Thus, the motion may be denied as vague and unintelligible.

*Opposition to Debtor's Motion to Intervene in Adversary Proceeding*, [Dkt. #68], filed contemporaneously herein, which is adopted and incorporated herein by reference.

3. In any event, this adversary proceeding has been rendered moot by the Court's approval of a settlement between the Trustee and the Plaintiffs, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Plaintiffs").[2] [Dkt. #61]. Pursuant to the settlement, the *Complaint* filed by the King Plaintiffs will be dismissed with prejudice. *Id*. Thus, even if the Debtor could obtain standing, the *Motion to Dismiss* still must be denied.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the *Motion to Dismiss* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Defendant,*
*Roger Schlossberg, Trustee*

---

[2] The Debtor filed the instant *Motion to Dismiss* on June 27, 2025 at 5:20 p.m. – after the close of business on the last business day before an evidentiary hearing on the Trustee's *Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (the "*Rule 9019 Motion*"), [Dkt. #17], was scheduled to begin. The Debtor made no effort to notify the parties of his filing in advance of the hearing. Rather, the Clerk provided electronic notice of the *Motion to Dismiss* on June 30, 3025 at 7:30 a.m., shortly before the hearing was scheduled to commence. However, as the Debtor did not move to shorten the time for a response to the *Motion to Dismiss*, or for an expedited hearing thereon, *see* Local Rule 9013-6, responses to the *Motion to Dismiss* remained due on July 14, 2025. *See* Local Rule 9006-1(a).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the *14th* day of *July 2025*, a copy of the *Trustee's Opposition to Debtor's Motion to Dismiss for Failure to Join Indispensable Party* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

                                                 */s/ Frank J. Mastro*
                                                  Frank J. Mastro