IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| BRIAN KING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Case No. 24-00007-MCR |
| v. | ) | |
| | ) | |
| ROGER SCHLOSSBERG, in His | ) | |
| Official Capacity as Chapter 7 Trustee | ) | |
| of the Bankruptcy Estate of Gregory B. | ) | |
| Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>JOINDER TO TRUSTEE'S OPPOSITION TO MOTION TO INTERVENE</u>**

Come now Brian King, Cristina King and the Cristina and Brian King Children's Trust (collectively, the "King Parties", by and through undersigned counsel, in opposition to the Motion to Intervene in Adversary Proceeding (the "Motion," as found at DE #43), and state as follows:

The King Parties adopt, fully, the arguments of Roger Schlossberg, the chapter 7 trustee and defendant in this action (the "Trustee"), in opposition to the Motion. *See* Trustee's Opposition to Debtor's Motion to Intervene in Adversary Proceeding, DE #68.

The King Parties additionally note that, as the Trustee urges in his opposition, the estate property implicated in this proceeding is helmed by the Trustee, not the debtor, and it is accordingly at-best unclear why the debtor believes he has any legally-cognizable right to intervene in this case. Such is particularly true given that chapter 7 debtors are ordinarily not

1

afforded leave to use intervention as a tool to meddle with a trustee's estate administration. *See, e.g.*, *Shapiro v. AmeriSave Mortg. Corp. (In re Woodberry)*, 2020 Bankr. LEXIS 3456, at *6 (Bankr. E.D. Mich. Dec. 10, 2020) ("The Court understands that the Debtor is appearing pro se but it is the burden of the party moving to intervene under Rule 24(a) to show that the rule's requirements are met. The Motion does not do that. Instead of addressing the criteria for intervention, the Motion just repeats baseless allegations against the Trustee and complaints about the handling of the Debtor's bankruptcy case that the Debtor has made many times before, in many different contexts. Those allegations and complaints do not give the Debtor a right to intervene in this adversary proceeding."); *Steege v. Smith (In re Kreisler)*, 2007 U.S. Dist. LEXIS 75013, at *3 (N.D. Ill. Oct. 4, 2007) (affirming a denial of intervention where the "[d]ebtor sought to obtain dismissal of the case on the ground that the Bankruptcy Court had no subject matter jurisdiction over the Utah property because it was a partnership asset.").

      WHEREFORE, the King Parties respectfully pray this Honorable Court deny the Motion and afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: July 14, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com
*Counsel for the King Parties*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all counsel in this adversary proceeding.

I DO FURTHER CERTIFY that on this 14th day of July, 2025, a copy of the foregoing was served via First Class Mail, postage prepaid, upon:

Gregory Myers
700 Gulf Shore Blvd. N
Naples, Florida 34102
*Debtor*

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3