IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| GREGORY B. MYERS, ) | Case No. 15-26033-MCR |
| ) | (Chapter 7) |
| Debtor. ) | |
| ) | |
| ) | |
| BRIAN KING, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No.: 24-00007 |
| ) | |
| ROGER SCHLOSSBERG, TRUSTEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINDER TO KING PARTIES' OPPOSITION TO
DEBTOR'S MOTION TO DISQUALIFY COUNSEL**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *Motion to Disqualify Counsel* (the "*Motion to Disqualify*"), [Dkt. #49], filed herein by the Debtor, Gregory B. Myers, and respectfully represents as follows:

1. The Trustee fully adopts and incorporates herein the arguments set forth in the *Opposition to Debtor's Motion to Disqualify Counsel*, [Dkt. #67], filed by Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties").

2. The Trustee further notes that the Debtor's request to disqualify undersigned counsel for the Trustee is expressly dependent upon the predicate disqualification of counsel for the King Parties. *See Motion to Disqualify* at 1. As disqualification of the King Parties is not

warranted, for the multitude of reasons expressed in the *King Parties' Opposition*, [Dkt. #67], it follows that the disqualification of undersigned counsel for the Trustee likewise is not warranted.

   3.  In any event, the Debtor presents no facts or evidence to support his fantastical assertion that Maurice B. VerStandig, Esq. "represents the King Parties in the above adversary [proceeding] at the direction of Roger Schlossberg, Trustee." *See Motion to Disqualify* at 1. Indeed, this assertion is forcefully refuted at page 13 of the *King Parties' Opposition*. Nevertheless, even if the Debtor could somehow show that Mr. VerStandig should be disqualified (which he has not done), there is no evidence (or legal basis) that would permit such a disqualification to be imputed to the Trustee's counsel.

   WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the *Motion to Disqualify* be DENIED.

               Respectfully submitted,

               SCHLOSSBERG | MASTRO

               By: */s/ Frank J. Mastro*
                 Frank J. Mastro #24679
                 Roger Schlossberg
                 P.O. Box 2067
                 Hagerstown, MD 21742
                 (301) 739-8610
                 fmastro@schlosslaw.com
                 *Attorneys for Defendant,*
                 *Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **15th** day of **July 2025**, a copy of the foregoing *Joinder to King Parties' Opposition to Debtor's Motion to Disqualify Counsel* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

                                                 */s/ Frank J. Mastro*
                                                 Frank J. Mastro