IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| BRIAN KING, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No.:  24-00007 |
| | ) | |
| ROGER SCHLOSSBERG, TRUSTEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPPOSITION TO DEBTOR'S SECOND MOTION TO DISQUALIFY JUDGE

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Local Rule 9006-1(a), hereby opposes the *Second Motion to Disqualify Judge Maria Ellena Chavez-Ruark* (the "*Second Motion to Disqualify*"), [Dkt. #57], filed herein by the Debtor, Gregory B. Myers, and respectfully represents as follows:

1.  The sole ground urged in the *Second Motion to Disqualify* is the Debtor's claimed filing of a "Third-Party Complaint and Demand for Jury Trial" in the above-captioned adversary proceeding against the Hon. Maria Ellena Chavez-Ruark and others. *See Second Motion to Disqualify* at 1 and Ex. 1 thereto.

2.  However, no such "Third-Party Complaint and Demand for Jury Trial" has been docketed in the above-captioned adversary proceeding. Indeed, the Debtor is not even a party to this adversary case and, therefore, lacks standing to file a third-party complaint herein. Thus, the

"Third-Party Complaint and Demand for Jury Trial" – which is not extant – does not supply a basis for disqualification under 28 U.S.C. § 455(b)(5)(iii) (which provides that a judge shall disqualify himself or herself "in any proceeding" where the judge "is a party to the proceeding").

3.      Further, as set forth in the Trustee's *Opposition to Debtor's Motion to Disqualify Judge*. [Dkt. #72], which is adopted and incorporated herein by reference, the mere threat of litigation against a judge is insufficient to warrant disqualification. *See, e.g., U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("a judge is not disqualified merely because a litigant sues or threatens to sue him"); *Davis v. Kvalheim*, 2007 WL 1602369, *2 (M.D. Fla. June 1, 2007) ("disqualification is not required where the litigant baselessly sues or threatens to sue the judge"). Thus, the possibility that Judge Chavez-Ruark might be sued by the Debtor does not warrant disqualification.

4.      Finally, even if the Debtor could manufacture a circumstance where Judge Chavez-Ruark is a defendant in the same proceeding in which she is the presiding judge, disqualification would not necessarily be required. "The Supreme Court has recognized that although the use of 'shall' in a statute is normally mandatory, there will be situations where 'practical necessity' permits the use of discretion even in the presence of a 'shall.'" *Mellow v. Sacramento County*, 2008 WL 2169447, *2 (E.D. Cal. May 23, 2008) (quoting *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 761-62 (2005)). Thus, "when a litigant vexatiously sues a judge, or judges, and advances unfounded, spiteful, or frivolous allegations against the judge, then the judge has the duty to say, 'Enough is enough'" and decline to recuse. *See Rochester v. Laubshire*, 2012 WL 2805717, *2 (D.S.C. July 10. 2012) (quoting *Mellow, supra*, 2008 WL 2169447 at *2) ("The recusal statutes do not have to be applied to their illogical extreme"); *accord Springer v. Hunt*, 2017 WL 3380675, *4 (D. Haw. Aug. 4, 2017) (declining to recuse where "[t]o recuse, given the facts of this case, would permit and encourage abuse and manipulation of the judicial system by

simply naming – with no support – a judge in an amended complaint after dismissal (or, as in this case, partial dismissal) of the original complaint."); *Davis supra*, 2007 WL 1602369 at *3 (concluding, in case where judge was included as putative defendant in *pro se* plaintiff's complaint against "upward of 100 defendants," that "allegations involving the undersigned are as frivolous as the remainder of the complaint, and recusal is therefore not required").

5.      Accordingly, the Debtor's *Second Motion to Disqualify*, like his first motion, is entirely without merit and insufficient to warrant disqualification for the reasons set forth herein and in the Trustee's prior *Opposition*. [Dkt. #72].

WHEREFORE, the Trustee respectfully requests that the *Second Motion to Disqualify* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:    */s/ Frank J. Mastro*
        Frank J. Mastro #24679
        Roger Schlossberg
        P.O. Box 2067
        Hagerstown, MD 21742
        (301) 739-8610
        fmastro@schlosslaw.com
        *Attorneys for Defendant,*
        *Roger Schlossberg, Trustee*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the **15th** day of **July 2025**, a copy of the foregoing *Opposition to Debtor's Second Motion to Disqualify Judge* and proposed Order was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

and via first-class, postage prepaid mail upon:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. North
Naples, FL 34102
*Debtor*

                                       */s/ Frank J. Mastro*
                                       Frank J. Mastro