

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

In re:

GREGORY B. MYERS,

        Debtor.

_____/

BRIAN KING, *et al.*,

        Plaintiffs,

    v.

ROGER SCHLOSSBERG, Trustee,

        Defendant.

_____/

Case No. 15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

## EMERGENCY MOTION FOR STAY PENDING APPEAL

Debtor and Third-Party Plaintiff Gregory B. Myers ("Mr. Myers") hereby moves pursuant to Fed. R. Bankr. P. 7062 and 8005 and Fed. R. Civ. P. 62 for a stay of the July 3, 2025, *Order Approving Trustee's Compromise and Settlement With King Parties* (Doc. 61) (the "Settlement Order"), pending appeal of the Settlement Order to the United States District Court for the District of Maryland ("District Court"). In support, Mr. Myers states as follows:

## I.    BACKGROUND

1.    On November 18, 2015, Gregory B. Myers ("Debtor") filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of the Bankruptcy Code in the

1

36

United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") [Case No.: 15-26033, Dkt. 1].

2.      On February 10, 2017, 6789 Goldsboro LLC ("Goldsboro") filed a response in Debtor's administrative case admitting, "Serv Trust...is a fifty percent owner of Goldsboro, a Maryland limited liability company."

3.      On February 22, 2017, the Bankruptcy Court entered an *Order Granting Motion to Convert Case to Chapter 7 or, In the Alternative, to Dismiss Case* [Case No.: 15-26033, Dkt. 316], and Roger Schlossberg was appointed as Chapter 7 Trustee (the "Chapter 7 Trustee") for the Debtor's bankruptcy estate [Case No.: 15-26033, Dkt. 319].

4.      On September 14, 2017, the King Parties filed a Complaint for Declaratory Judgment (the "King Declaratory Judgment Complaint") against Serv Trust in the Circuit Court for Montgomery County, Maryland (the "State Court") in the case styled *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Action").

5.      On December 19, 2017, during a hearing in the Debtor's administrative case [Case 15-26033; Doc 701], the following colloquy ensued between the Court (Lipp, J) and Counsel for the Chapter 7 Trustee (Paul Sweeney):

> THE COURT: All right, well, this is, though, an account of Serv Trust, right?
> MR. SWEENEY: Correct.
> THE COURT: Okay.
> MR. SWEENEY: That's correct.
> THE COURT: **Not his account?**
> MR. SWEENEY: **That is correct.**
> THE COURT: **All right**. *** **This is his kids' trust**.

(Emphasis added).

2

6.    On January 24, 2018, Goldsboro filed a Complaint against Serv Trust in the Circuit Court for Garrett County, Maryland in the case styled *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. C-11-CV-18-000018 (the "Goldsboro Action"). On July 24, 2018, the Circuit Court for Garrett County, Maryland transferred the case to the State Court, and the State Court assigned Case No. 451611-V to the case and consolidated it with the King Action (collectively, the "State Action").

7.    On October 29, 2018, Goldsboro filed a *Complaint for Declaratory Judgment* in the United States Bankruptcy Court for the District of Maryland against the Debtor, Serv Trust, and the Chapter 7 Trustee, initiating Adversary 18-00407 [Adv. 18-00407; Doc 1] (the "Goldsboro Adversary").

8.    On December 14, 2018, in the Goldsboro Adversary, Goldsboro filed a *Motion for Derivative Standing* [Case 18-00407; Doc 22] (the "Motion for Derivative Standing") in order "to pursue its Complaint for Declaratory Judgment filed [in the Goldsboro Adversary]" The Motion for Derivative Standing states "**Goldsboro has made a written demand on the Trustee to pursue the Complaint for Declaratory Judgment filed herein and the Trustee has declined**." A copy of the December 14, 2018, email from Frank Mastro, counsel for the Chapter 7 Trustee, to Greg Johnson/Offit Kurman, counsel for Goldsboro, is attached to the Motion for Derivative Standing as Exhibit 1, and states:

> **I am writing to advise you that the Trustee respectfully declines to pursue the cause of action set forth in this adversary proceeding.**

9.    On December 18, 2018, in the State Action, **The Honorable Anne K. Albright** (now sitting on the Appellate Court of Maryland), **found that Brian King as the Managing**

3

**Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members," and concluded that Mr. King's actions "would amount to constructive fraud."**

10.      On January 30, 2019, this Court (Lipp, J) entered an order abstaining from exercising jurisdiction over the claims and causes of action in the Goldsboro Adversary [Adv. 18-00407, Doc 28] (the "Abstention Order"). The Abstention Order stated that if the State Court determined that Serv Trust is not the alter ego of the Debtor, then the State Court Case would have little impact on the Debtor's bankruptcy case and there would be no basis for the Court to exercise jurisdiction over the Goldsboro Adversary.

11.      On December 5, 2019, the Court entered an order remanding the case back to the State Court based on the Debtor's dismissal of the counter-complaint and third-party complaint and the Court's prior Abstention Order [Adv. No. 19-00427, Dkt. No. 5].

12.      On January 10, 2019, Serv Trust filed its *Second Amended Counterclaim and Demand for Jury Trial* against the King Parties, and on January 28, 2019, the King Parties filed a *Motion to Dismiss the Second Amended Counterclaim*, which the State Court denied on April 19, 2019. The King Parties's answer was therefore due 15 days from that date (April 19, 2019) per Md. Rule 2-321(c). The King Parties, however, *never filed an answer* to the Second Amended Counterclaim. Accordingly, the facts asserted in Serv Trust's *Second Amended Counterclaim and Demand for Jury Trial* are now deemed admitted. *See Vanhook v. Merchants Mut. Ins. Co.*, 22 Md. App. 22, 27 (1974).

13.      On January 30, 2019, this Court (Lipp, J) entered an ORDER OF ABSTENSION [Adv. 18-00407; Doc 28] (the "Abstention Order"). The Abstention Order states at footnote 2, that

4

"Serv Trust is a trust created by the Debtor's mother for the benefit of the Debtor's children. The Debtor is one of two co-trustees of Serv Trust." *Id*. The Abstention Order further states "Although the Debtor and the Chapter 7 Trustee are named Defendants to this action, the Debtor is not a party to the State Court Litigation sought to be stayed." *Id*.

14.     On February 25, 2019, the Chapter 7 Trustee filed a WITHDRAWAL OF *DESIGNATION AS ASSET CASE AND REQUEST TO SET CLAIMS BAR DATE* [Case 15-26033; Doc 824] (the "Chapter 7 Trustee's Withdrawal"), stating:

> TO THE CLERK OF THE BANKRUPTCY COURT:
>
> The undersigned Roger Schlossberg, Trustee hereby withdraws that *Designation as Asset Case and Request to Set Claims Bar Date* (Dkt. No. 822; the "*Designation*") inadvertently filed herein on February 22, 2019. Upon consultation with the Clerk of this Court, the undersigned Trustee has been reminded that by that *Notice of Chapter 7 Bankruptcy Case — Proof of Claim Deadline Set* (Dkt. No. 319) issued herein on February 22, 2017, the instant case previously was designated as an asset case and a claims bar date then was established.

The *Notice of Chapter 7 Bankruptcy Case — Proof of Claim Deadline Set* [Case 15-26033; Doc 319] states: "Deadline for all creditors to file a proof of claim (except governmental units): Filing deadline: 6/20/17"

15.     On November 13, 2019, Maurice VerStandig "in his personal capacity" filed a Notice of Removal [Case 15-26033; Doc 861] (the "VerStandig Removal"), "giving notice of his removal of the State Action from the Circuit Court for Montgomery County, Maryland," thereby initiating Adversary Proceeding 19-00427 [Adv. 19-00427; Doc 1].

16.     On December 5, 2019, in Adversary Proceeding 19-00427, this Court (Simpson, J)

entered an Order remanding the State Action back to the Circuit Court for Montgomery County,

Maryland, stating:

> **[T]his Court having previously elected to abstain from exercising jurisdiction over the underlying Circuit Court Action** [*See* Order of Abstention (Docket Entry No. 28) entered on January 30, 2019, in Adversary Proceeding 18-00407], the Court will remand this matter to the Circuit Court for Montgomery County, Maryland. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby
>
> **ORDERED**, that the above-captioned adversary proceeding is remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. 1452(b).

[Adv. 19-00427; Doc 5] (the "Remand Order") (emphasis added).

17.     On January 28, 2021, Mr. Myers filed a Chapter 13 petition for relief under the

Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case

2:21-bk-00123-FMD (the "Florida Bankruptcy Case").

18.     On May 12, 2021, the King Parties filed a Proof of Claim (Claim 3) in Mr. Myers's

Florida Bankruptcy Case, Mr. Myers filed an objection, and on June 29, 2021, the Florida

Bankruptcy Court (Delano, J) entered an *Order Sustaining Debtor's [Myers's] Objection to Proof*

*of Claim 3 Filed by Brian King & Cristina King [Doc. No. 84]* [Case 2:21-bk-00123-FMD; Doc.

108] (the "Florida Order Sustaining Objection to Kin Parties Claim 3"), stating:

> 1. The Objection to Proof of Claim 3 filed is SUSTAINED.
> 2. The claim of Brian King & Cristina King is disallowed in its entirety.

19.     On May 31, 2022, Mr. Myers resigned as co-trustee of Serv Trust.

20.     On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a

pre-trial hearing in the State Action and ruled from the bench as follows:

> THE COURT: All right, so Mr. Myers is here in the court. And the
> matters against Mr. Myers have been stayed, in that the matters
> proceeding to trial in January are the matters against Serv Trust in
> this case. So Mr. Myers is a party to the case, but his matters have
> been stayed at this point in time. ***
> ***
>
> MR. MYERS: May I speak, Your Honor?
> THE COURT: I will let you speak but remember the matters against
> you are stayed in this case.
> MR. MYERS: Your Honor, you used the word matters. The order
> from the bankruptcy court specifically says the automatic stay shall
> remain in effect and is not lifted as to any claims against Myers, the
> debtor. I am a defendant in both of the King party claims. They're
> not separately against Serv Trust. We're both named as defendants
> --
> THE COURT: Right, and the cases --
> MR. MYERS: -- so the claim can't proceed because I would have
> liability. If they prevail, I have liability, and the last sentence in the
> order says but not for any purposes which could impose individual
> liability upon the debtor.
> THE COURT: Okay.
> MR. MYERS: If King parties prevail in either of their two counts, I
> have potential liability, individual liability. And if --
> THE COURT: Well, they would have to then…prove those counts
> against you in a separate trial and the matter would not be, there
> would not be any collateral estoppel or res judicata, because you did
> not participate in the case as a party. You were stayed and out of the
> case, so any --
> MR. MYERS: There would still be a ruling that would impose
> liability upon me.
> THE COURT: There would not be a ruling that would impose
> liability on you. There would be a ruling that would potentially
> impose liability on Serv Trust. **However, these plaintiffs would
> have to, if they wanted to proceed against you, would be
> required to try that matter again separately, and there would
> not be any res judicata or collateral estoppel issues, because you
> were not a party to that case…at that time because, well, you
> were stayed, so you were not considered a party**.
> ***

THE COURT: No, they would not. We can break out the fact that this case is going, and it is, you know, not the most efficient use of resources, **because to the extent that they want to come back subsequently, depending on what happens in the bankruptcy, and seek these claims against you, they're going to be required to retry that case against you, without the benefit of anything that occurred in the case against Serv Trust.**
\*\*\*

THE COURT: What I'm saying is that collateral estoppel, res judicata would not apply to you. **Given the fact that you're not a party at this time because of the stay,** that you did not have…a meaningful opportunity to participate in the trial, and as such the doctrines of collateral estoppel and res judicata would not apply. And so that **when you go to trial, if you go trial,** depending, I don't know what's going to happen in your [Florida] bankruptcy, **but if these claims survive the bankruptcy and come into court, then they'll have to try them all over again.**
\*\*\*

THE COURT: Well, one is **you're not a live party in this case right now.**
\*\*\*

THE COURT: Sir, you don't have standing, given the fact that the matters against you are stayed. \*\*\* Well, it makes you a non-party…for the purpose of the upcoming trial, **because the upcoming trial does not involve you.**

(Alterations and emphasis added).

21.     On January 3, 2023—without jurisdiction—the State Court convened a trial in the

State Action. Neither Serv Trust nor Mr. Myers were present at the trial. The Montgomery County

Circuit Court (Lease, J) made the following statement on the record at the beginning of the January

3, 2023 trial:

THE COURT: And under the Frow doctrine you can, either one of two things: you sort of abstain from going forward because you don't want to try it twice, or two, you can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be nonfinal because we don't have, we're not putting all of the claims against all the parties are not getting to an adjudication. **So we don't have a final judgment today under any circumstance.**

8

(Emphasis supplied).

22.     On January 3, 2023, Mr. Myers noticed an appeal in the State Action to the Appellate Court of Maryland ("ACM"), No. 1876, September Term 2022, ACM-REG-1876-2022 (the "ACM Appeal"). On April 18, 2023, in the ACM Appeal, Mr. Myers filed a motion for stay, and on April 28, 2023, the King Parties filed a response to Mr. Myers's motion for stay (the "King ACM Response") which Goldsboro and the Chapter 7 Trustee adopted and incorporated in their respective responses filed in the ACM Appeal, arguing:

> [T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below.
>
> **The order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter**. It therefore was not a final order[.]
>
> Here, the order below is, by its own titular designation, 'partial' in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered.
>
> [T]here remain unresolved causes of action in both cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

(Alterations supplied).

23.     On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—without jurisdiction—entered an *Order Entering Partial Judgment and Stay* in the State Action.

24.     On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the State Action and ruled that the "triggering mechanism" for bankruptcy jurisdiction would necessarily require entry of a **final judgment** in the State Action.

25.     On December 11, 2023, this Court (Ruark, J) entered a "Settlement Procedures Order" [Case 15-26033; Doc 1029] (the "Settlement Procedures Order"), which provides:

> (1) The King Parties and the Trustee shall jointly file a stipulation in the King Declaratory Judgment Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro LLC (the "Redemption Claim");
>
> (2) In consideration of the foregoing dismissal, the Trustee agrees to toll the statute(s) of limitation applicable to the Redemption Claim *nunc pro tunc* to September 14, 2017, the date the King Declaratory Judgment Case was filed in the State Court; and
>
> (3) The King Parties and the Trustee further agree to endeavor in good faith to negotiate a resolution to the Redemption Claim, and if negotiations are not successful, the King Parties shall refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days after the entry of an order approving this settlement.
>
> ***
>
> ORDERED, that the deadline for the King Parties to file a proof of claim against the bankruptcy estate is 30 days from the date on which this Order is entered.

(emphasis added). However, the King Parties never filed a motion to file a late-filed proof of claim in Case No. 15-26033. Moreover, the Settlement Procedures Order specifically states, "entry of this Order *is not a final judgment for purposes of finality* as it only approves settlement procedures." (Emphasis added).

26.     On January 10, 2024, Brian King filed a Proof of Claim (Claim 21) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007". Claim 21 was submitted "under penalty of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

10

27.     On January 10, 2024, Cristina King filed a Proof of Claim (Claim 22) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007". Claim 22 was submitted "under penalty of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

28.     On January 10, 2024, the Cristina and Brian King Children's Trust filed a Proof of Claim (Claim 23) in the amount of Zero Dollars and No Cents ($0.00) with "the basis of the claim" identified as "Equitable and statutory claim, as set forth in Case No. 24-00007". Claim 23 was submitted "under penalty of perjury" by Maurice B. VerStandig, Esquire and The VerStandig Law Firm, LLC.

29.     On January 10, 2024, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), commenced the instant Adversary Proceeding by filing a COMPLAINT FOR DECLARATORY RELIEF against the Chapter 7 Trustee (Doc 1) (the "Complaint"). The King Complaint was cross-filed in the administrative case [Case 15-26033; Doc 1039].

30.     On April 15, 2024, the Chapter 7 Trustee filed *Defendant's Answer To Complaint* (Doc 13) (the "Answer") filed by the King Parties. The Chapter 7 Trustee's "Affirmative Defenses" state "[t]he *Complaint*, in whole or in part, fails to state a claim upon which relief can be granted" and requests that the Court "Dismiss Plaintiff's *Complaint*;"

31.     On May 7, 2024, in the State Action, the King Parties and the Chapter 7 Trustee conspired to file a **fraudulent** "STIPULATION OF DISMISSAL" (the Stipulation"), which states:

> COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), and Defendant, Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the

11

Bankruptcy Estate of Gregory B. Myers, who is, by operation of law, now the sole legal representative of Serv Trust following this Court's judicial determination herein that Serv Trust is the alter ego of Gregory B. Myers, by and through their respective undersigned counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree that Count I of Plaintiffs' First Amended Complaint (Declaratory Judgment: Redemption of Interests) in Case No.: 436977-V shall be, and is hereby, DISMISSED.

32.     On December 30, 2024, the Chapter 7 Trustee filed *Trustee's Motion for Approval of Proposed Compromise and Settlement With King Plaintiffs* (Doc 17) (the "Settlement Motion").

The Settlement Motion states:

1. As is set forth in the *Notice of Proposed Compromise and Settlement with King Plaintiffs* filed contemporaneously herewith (the "*Notice*"), the Trustee proposes to enter into a compromise and settlement of a pending dispute with the parties named therein [King Parties]."

(Alterations supplied). The *Notice of Proposed Compromise and Settlement with King Plaintiffs* (Doc 17-1) (the "Notice"), states:

As the Adversary Case progressed, the King Plaintiffs and the Trustee resumed settlement negotiations. This latest round of negotiations ultimately proved to be fruitful as **the parties now have agreed to the following compromise and settlement**, subject to notice to creditors and approval by the Court, on the terms and conditions described below.

Proposed Compromise and Settlement

The Trustee and the King Plaintiffs have agreed as follows:

(1) The King Plaintiffs will pay to the Trustee, for the benefit of the Estate, the sum of $150,000.00 (the "Settlement Payment") upon Court approval of the settlement, in order to redeem the entirety of Serv Trust's interest in Goldsboro and settle the Redemption Claim in the Adversary Case;

(2) Upon successful negotiation of the Settlement Payment by the Trustee, the parties will file a Stipulation of Dismissal in the Adversary Case dismissing all claims therein with prejudice; and

(3) The King Plaintiffs also will reimburse the Trustee for all reasonable legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals taken by any party in the event that the *Settlement Motion* is granted by this Court (the "Appellate Legal Fees").

(Emphasis added). However, the Chapter 7 Trustee did not attach a copy of the signed settlement agreement.

33.　　On January 21, 2025, Mr. Myers filed *Gregory B. Myers's Preliminary Objection to the Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (Doc. 19) (the "Preliminary Objection").

34.　　On February 4, 2025, Mr. Myers filed *Supplement to Gregory B. Myers's Preliminary Objection to the Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (Doc. 22) (the "Supplemental Objection").

35.　　On May 8, 2025, the Court entered a *Notice of Evidentiary Hearing* (Doc 29), stating "that a hearing will be held on 6/30/25 at 10:00 AM & 7/1/2025 at 10:00 AM to consider and act upon [Doc 17; Doc 19; and Doc 22]."

36.　　On May 14, 2025, the Court entered a *Notice of Evidentiary Hearing* (Doc 33) "that a hearing will be held on 6/30/25 at 10:00 AM & 7/1/2025 at 10:00 AM to consider and act upon [Doc 20; Doc 23; and Doc 24]."

37.　　On June 25, 2025, Mr. Myers filed a *Notice of Appeal* (Doc xx), appealing to the United States District Court for the District of Maryland (the "District Court") from the following

13

orders entered by the United States Bankruptcy Court for the District of Maryland (Ruark, J) in

Case No. 15-26033-MCR:

- *Order Denying Debtor's Motion To Strike Trustee's Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (Doc. 1028);
- *Order Granting Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (Doc. 1029).

The referenced appeal was docketed in the District Court as Case 8:25-cv-2042-TDC.

38.     On June 25, 2025, Mr. Myers filed a *Notice of Appeal* (Doc 37), appealing to the to

the United States District Court for the District of Maryland from the following orders,

memorandums, notices, and rulings entered by the United States Bankruptcy Court for the District

of Maryland (Ruark, J) in Adversary Case No. 24-00007:

- *Order Granting Stipulation And Motion To Extend Time* (Adv. 24-00007; Doc. 7).
- *Scheduling Order* (Adv. 24-00007; Doc. 15).
- *Memorandum To Parties* (Adv. 24-00007; Doc. 27).
- *Notice Of Evidentiary Hearing* (Adv. 24-00007; Doc. 29).
- *Order Dissolving Show Cause Order After Response* (Adv. 24-00007; Doc. 32).
- *Notice Of Evidentiary Hearing* (Adv. 24-00007; Doc. 33).

The referenced appeal was docketed in the District Court as Case 8:25-cv-02103-TDC.

39.     On June 27, 2025, pursuant to Rule 24 of the Federal Rules of Civil Procedure as

made applicable to these proceedings by Rule 7024 of the Federal Rules of Bankruptcy Procedure,

Mr. Myers filed a *Motion to Intervene in Adversary Proceeding [24-00007]* (Doc 43) (the "Motion

to Intervene").

40.     On June 27, 2025, pursuant to  11 U.S.C. § 1109(b) and Federal Rule of Civil

Procedure 14 made applicable to adversary proceedings pursuant to Bankruptcy Rule 7014, Mr.

Myers filed a *Third Party Complaint and Demand for Trial by Jury* (Doc 43-1) (the "Third Party Complaint") against Judge Maria Elena Chavez-Ruark, in her official capacity ("Ruark"), 6789 Goldsboro LLC ("Goldsboro"), Maurice B. Verstandig ("VerStandig"), The Verstandig Law Firm, LLC ("MBV Law"), Frank Mastro ("Mastro"), and Schlossberg & Associates, P.A. ("Schlossberg Law").

41.    On June 27, 2025, Mr. Myers filed a *Motion to Dismiss [Adversary 24-00007] for Failure to Join Indispensable Party* (Doc. 45) (the "Motion to Dismiss").

42.    On June 30, 2025, pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(5)(iii)—before the start of the hearing in Adversary 24-00007—Mr. Myers filed a *Motion to Disqualify Judge Maria Elena Chavez-Ruark* from further participation in these proceedings (Doc 47) (the "Motion to Disqualify Judge Ruark") due to the filing of the *Complaint and Demand for Trial by Jury* on June 30, 2025, a copy of which was attached as Exhibit A to the Motion to Disqualify Judge Ruark.

43.    On June 30, 2025, the Chapter 7 Trustee testified under oath as follows:

> SCHLOSSBERG: **I cannot enter into an agreement binding non-estate property**.
>
> ***
>
> SCHLOSSBERG: **Your Honor, I never requested Mr. VerStandig at any time to do anything for me in any fashion**. *** He is not my attorney.
>
> ***
>
> SCHLOSSBERG: I'm the bankruptcy trustee trying to liquidate an asset that I have **and I'm happy to sell it – I'll sell it to anyone one of them or any combination of them if they bring me the money and the Court approves the proposed sale and purchase**.

(Emphasis added).

15

44.     On July 1, 2025, Mr. Myers filed *Debtor's Motion to Disqualify Counsel* (Doc 49) (the "Motion to Disqualify Counsel") and moved to disqualify Maurice B. VerStandig; The VerStandig Law Firm, LLC; Roger Schlossberg, Trustee; Frank Mastro; and Schlossberg & Associates, P.A. from any further participation in Case No. 15-26033 and Adversary Proceeding No. 24-00007. Counsel's conduct violates several cannons of the Model Rules of Professional Conduct, including Rule 1.2(d), which proscribes a lawyer from "counsel[ing] a client to engage, or assist[ing] a client, in conduct that the lawyer knows is criminal or fraudulent"; Rule 3.3(4) regarding candor toward the tribunal, which proscribes a lawyer from presenting a "[l]egal argument based on a knowingly false representation of law"; and Rule 3.3(12) which provides that "[l]awyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process[.]"

45.     On July 1, 2025, Mr. Myers filed a *Notice of Filing* (Doc 50) (the "Notice of Filing"), filing in the record of Adversary 24-00007, a copy of the January 3, 2023 "Court Trial" transcript in the State Action.

46.     On July 3, 2025, Mr. Myers filed *Supplemental Objection to Trustee's Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (Doc. 56) (the "Second Supplemental Objection").

47.     On July 3, 2025, pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(5)(iii), Mr. Myers filed a *Second Motion to Disqualify Judge Maria Elena Chavez-Ruark* from further participation in these proceedings (Doc 57) (the "Second Motion to Disqualify Judge Ruark") due to the June 27, 2025 filing of the THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL

BY JURY in Adv. No. 24-00007 (Doc 43-1) (the "Third Party Complaint"), a copy of which was

attached as Exhibit A to the Second Motion to Disqualify Judge Ruark

48.     On July 3, 2025, the Court (Ruark, J) made the following statements during its oral

ruling:

> Before the Court is a motion to approve a settlement filed by the
> Chapter 7 Trustee in the debtor's main bankruptcy case and the
> debtor's objections to 3 claims filed in his bankruptcy case. The
> Court will overrule the debtor's objections to the settlement motion,
> grant the settlement motion and approve the settlement. The claims
> are being withdrawn in connection with the settlement, so the
> objections to those 3 claims will be overruled as moot.
>
> \*\*\*
>
> "I want to be clear, even if this were not so, it would not impact the
> court's approval of the proposed settlement because the Trustee is
> settling and transferring the bankruptcy estate's rights and interests
> with respect to Goldsboro LLC, whatever those rights and interests
> may be. At the outset of the Court's ruling, the Court stated that it is
> not required to conduct a mini-trial or conclusively determine the
> claims that are the subject of the compromise. The sole issue for the
> Court is whether the proposed settlement falls below the lowest
> point of reasonableness. In doing so, the Court does not substitute
> its judgment for that of the Trustee. The Court is not required to
> determine the validity and merits of the claims, and the Court is not
> required to define the rights and interests being settled and/or
> transferred. The Court is only approving a settlement and/or transfer
> with regard to the bankruptcy estate's rights and interests as to
> Goldsboro LLC, whatever those rights and interests may be."

(Emphasis added).

49.     On July 3, 2025, after the Court (Ruark, J) finished its Oral Ruling ("That is the

ruling of the Court"), the Chapter 7 Trustee made an *ore tenus* motion to amend the Court's

"ruling" as follows:

> SCHLOSSBERG: Your Honor, very quick question. The obligation
> of the King Parties to bear the expense of any appeals I believe was

> contemplated among the King Parties' counsel and counsel for the
> Trustee to include any proceedings on motions for reconsideration.
> **May we so amend the order to that affect?**
> THE COURT: You may.
> SCHLOSSBERG: Thank you.

(Emphasis added). However, the Chapter 7 Trustee was required to filed a Rule 59(e) motion to

alter or amend, with statutory notice to all parties in interest and a hearing, but didn't.

50.     On July 3, 2025, this Court (Ruark, J) entered a written *Order Approving Trustee's*

*Compromise and Settlement With King Parties* (Doc. 61) (the "Settlement Order") which states:

> Before the Court is the *Motion for Approval of Proposed
> Compromise and Settlement with King Plaintiffs* (the "*Rule 9019
> Motion*"), [Dkt. No. 17], filed by Roger Schlossberg, the Chapter 7
> Trustee herein, and the objections thereto filed by the Debtor,
> Gregory B. Myers, [Dkt. Nos. 19 and 22]. The Court conducted an
> in-person evidentiary hearing on June 30, 2025 and July 1, 2025.
> The Court then convened a virtual hearing on July 3, 2025 to orally
> issue its findings of fact and conclusions of law, and to deliver its
> ruling. For the reasons stated on the record at the aforementioned
> virtual hearing on July 3, 2025, it is by the United States Bankruptcy
> Court for the District of Maryland, hereby
>
> **ORDERED**, that the *Rule 9019 Motion* shall be, and the same
> hereby is, **GRANTED**; and it is further
>
> **ORDERED**, that the compromise and settlement set forth below,
> which is described in the *Rule 9019 Motion* and which was clarified
> and affirmed by the Trustee and the King Parties at the evidentiary
> hearing on June 30, 2025 and July 1, 2025, shall be, and the same
> hereby is,
>
> **APPROVED**:
>
> (1) The King Parties shall pay to the Trustee, for the benefit of the
> Estate, the sum of $150,000.00 (the "Settlement Payment") which
> shall be accepted by the Trustee as full consideration for: (i) the
> transfer by the Trustee to the King Parties of all of the right, title and
> interest of the Trustee, the Debtor and the bankruptcy estate in and
> to any and all membership interest in or property of 6789 Goldsboro

LLC; and (ii) settlement of all claims asserted by the King Parties in the above-captioned adversary case;

(2) Upon successful negotiation of the Settlement Payment by the Trustee, the parties shall file a Stipulation of Dismissal with prejudice all claims asserted in the above-captioned adversary case;

(3) The King Parties shall reimburse the Trustee for all reasonable and necessary legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals, and any motions for reconsideration or motions to alter/amend judgment, taken by any party with respect to this *Order*; and

(4) Proofs of Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties in Case No. 15-26033 shall be deemed withdrawn by the King Parties effective as of the date that this *Order* becomes final and non-appealable.

**END OF ORDER**

(Emphasis original).

## III.    MEMORANDUM OF LAW

51.    Motions for stays pending appeal are governed by Bankruptcy Rule 8007. Because all of the factors supporting a Rule 8007 discretionary stay are present in this case and there is no risk of default, the Court should grant the stay without requiring a bond.

52.    The Court considers four factors in determining whether to issue a discretionary stay pending appeal pursuant to Rule 8007.

53.    "A party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *In re Skinner*, 202 B.R. 867, 868–69 (W.D. Va. 1996), quoting *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970); *see also In re Howe*, 2016 U.S. Dist. LEXIS 126128 (D. Md. Sept.

19

15, 2016). These four factors are identical to those that determine whether a preliminary injunction should issue, and are analyzed under the same framework. *See Real Truth About Obama, Inc. v. Federal Election Commission,* 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds,* 559 U.S. 1089 (2010); *Continental Securities v. Shenandoah Nursing Home,* 188 B.R. 205 (W.D.Va.1995); *Coler v. Draper,* Civil No. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) ("In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction.").

54.    Each of these factors is satisfied here, especially given that these factors are considered "in light of the importance of the right of appeal and preservation of the status quo during the appeal." *In re Howley,* 38 B.R. 314, 315 (Bankr. D. Minn. 1984).

55.    In considering the factors, which are identical to those in considering a preliminary injunction, the court should first determine whether the plaintiff will suffer irreparable injury if he does not receive injunctive relief. If the balance of harms clearly favors the plaintiff, the court need only find that the plaintiff has raised substantial and serious questions on the merits for preliminary relief to issue; if the potential harm to the parties is more evenly balanced, the plaintiff must make a stronger showing of success on the merits. *In re Skinner,* 202 B.R. 867, 868–69 (W.D. Va. 1996).

**A. Substantial Likelihood of Success on the Merits**

56.    The Debtor has a substantial likelihood of success on the merits.[1]

---

[1] The Debtor intends to file a Notice of Appeal pursuant to Federal Rule of Bankruptcy Procedure 8001 and 28 U.S.C. § 158(a)(1).

57.     The Settlement Order (Doc 61) rests on the resolution of serious legal questions, most or all which are not addressed in the Settlement Order.[2] For example:

58.     **There is no final judgment in the State Action**. This Court's attempt to characterize the January 12, 2023 non-final order entered by the State Court is wholly unsound. First, it is of no moment that the King Parties' counsel (VerStanding), in a failed effort to manufacture some *illusion* of finality, prepared the non-final order and *designated* it a "non-final *judgment*" is irrelevant. As Md Rule 2-602(a) clearly states, "an order or other form of decision, *however designated*, ..." Moreover, the State Court's January 12, 203, interlocutory order is not an order "for the payment of money." See *Anthony Plumbing of Maryland, Inc. et al. v. Attorney General of Maryland et al.*, 298 Md. 11 (1983). "The characteristics of a traditional equity order for the payment of money differ markedly from those of a typical judgment at law for the payment of money. The latter type of judgment 'does not purport to order anyone to do anything.'" *Della Ratta v. Dixon,* 422 A.2d 409,47 Md.App. 270 (1980). And, relevant here, it is "**not immediately enforceable**." *id.* at 286, 422 A.2d 409. Accordingly, this Court does not have jurisdiction over the King Parties' claims which involves property titled in the name of a non-debtor (i.e. Serv Trust), so this Court would thus not have subject matter jurisdiction over any issue with regard to that property. Nor could Serv Trust's property be brought into Myers's bankruptcy estate via a claim by the Chapter 7 Trustee because the period of limitations to do that has expired. See 11

_____

[2] Both the Settlement Procedures Order [Case 15-26033; Doc 1029] and the Settlement Order (Doc 61) erroneously state "[t]he material facts are undisputed" when, to be sure, all of the facts in this case, material or otherwise, are hotly contested.

U.S.C. § 546. See also *Maiz v. Virani*, 311 F.3d 334 (5th Cir. 2002) (turnover proceeding may not be used to adjudicate whether a corporation is an individual judgment debtor's alter ego).

59.     The King Parties lack statutory authority to file the Adversary Complaint. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014), and the Chapter 7 Trustee has conceded that he is barred under Bankruptcy Rule 9027(a)(3) from removing the State Action to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Notwithstanding that jurisdictional bar, the Chapter 7 Trustee and the King Parties (VerStandig) have conspired, with the Court's help, "to establish a ***procedural mechanism*** for resolving litigation pending in state court among [the King Parties], Serv Trust, and the Trustee (who was named as a nominal defendant)" — i.e., a faux removal to *force* their way back into this Court (Judge Shopping) so that Judge Ruark can turn a blind-eye and "rubber stamp" their fraudulent Settlement Motion.

60.     The record reflects that the King Parties, Goldsboro, and the Chapter 7 Trustee represented to the Appellate Court of Maryland (ACM) that "[t]he order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter." Furthermore, as Judge Lease said, Maryland adheres to the *Frow Doctrine*. *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants;

22

and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id.* See also *Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

61.     A declaratory judgment in a bankruptcy adversary proceeding must be rooted in the specific legal framework of the Bankruptcy Code itself (i.e., it must be tied to a substantive provision of the Bankruptcy Code). Pursuant to the Declaratory Judgment Act of 1934, the Court is authorized to "declare the rights and other legal relations of any interested party seeking such declaration" when there is a "case of actual controversy." 28 U.S.C. § 2201(a). Congress also delegated to the Supreme Court the power to make rules of practice and procedure that govern bankruptcy proceedings. 28 U.S.C. § 2075. Such rules, though, can't "abridge, enlarge, or modify any substantive right." Id. Here, the Adversary Complaint is premature (i.e., *not* ripe) because it requires the assumption of future, hypothetical events that have yet to occur (i.e., a final judgment being entered in the State Action). *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002) ("In cases where a plaintiff seeks . . . declaratory relief . . . standing will not lie if adjudication . . . rests upon contingent future events that may not occur as anticipated or indeed may not occur at all."). Because the Adversary Complaint does not allege an actual "case of actual controversy," the Adversary Complaint must be dismissed for lack of jurisdiction.

62.     The Chapter 7 Trustee failed to submit a copy of the actual signed settlement agreement to the Court and all parties in interest. This Court cannot "rubber stamp" a trustee's proposal. Rather as mandated by the Supreme Court in T.M.T. a Court must be apprised of the

'acts necessary for an intelligent and objective opinion, the probabilities of ultimate success should the claim be litigated'" The purpose of Rule 9019 is to prevent "concealed agreements which are unknown to the creditors and unevaluated by the court." *United Shipping Co.,* 1989 WL 12723 at *5 (Rule 9019's purpose "is to protect other creditors against bad deals made between one creditor and the debtor."). This requires the Court to have access to all facts necessary for an intelligent and objective opinion. The Court cannot make an informed decision about the fairness and equitability of the settlement, i.e., a determination that a proposed settlement is fair to the debtor's estate and the paramount interest of creditors, without the Court having first reviewed a copy of the actual signed settlement agreement. Therefore, although Rule 9019 doesn't explicitly mention signed settlement agreements, the practical requirements of seeking and obtaining court approval make providing a copy of the agreement to the court and interested parties a standard and necessary step. All parties in interest need to review the the signed settlement agreement itself to determine if they are prejudiced. This assessment requires the Court reviewing the signed settlement agreement itself. This enables the court to fulfill its duty of ensuring the fairness and equity of the settlement. In essence, the court cannot approve a settlement agreement it hasn't seen. The court needs to examine the details of the agreement to ensure it is fair and equitable to all parties involved, including creditors Without the actual settlement agreement, the court lacks the necessary information to make a determination regarding the fairness and appropriateness of the compromise. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 4 I 4, 424 (1968). *See* Fed. R. Bankr. P. 90 I 9(a); 11 U.S.C. § 102(a) (defining "notice and a hearing"); Fed. R: Bank. P. 2002(a)(3) (requiring 21 days' notice for hearing to approve settlement).

63.     The Chapter 7 Trustee's proposed "settlement" with the King Parties constitutes fraud. The Chapter 7 Trustee is *purportedly* agreeing to transfer Serv Trust's interest in Goldsboro (i.e., *non-estate property*) in exchange for a $150,000 payment to the Chapter 7 Trustee and, therefore, a violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner. See *In re Anderson,* 377 B.R. 865 (2007).3 See *In re Anderson,* 377 B.R. 865 (2007).

64.     The King.Parties have filed sham or fraudulent proofs of claim against the estate in an attempt to manufacture standing where none exists. If an objection has been filed against the claim, the creditor cannot withdraw the claim as of right. Instead, they must file a motion to withdraw the claim and seek an order from the court after a hearing where they have provided notice of the hearing to the trustee and all creditors and parties in interest. If a creditor attempts to withdraw their claim after an objection has been filed without obtaining the necessary court order, the debtor's objection to the claim must be sustained. This is because, under the rules, the attempted withdrawal would be **invalid**, leaving the objection unresolved and necessitating a ruling from the court. The King Parties cannot withdraw their claims in a strategic attempt to avoid an adverse ruling(s) or impact the bankruptcy process in an unfair way.

65.     See *Bath Iron Works Corp. v. Congoleum Corp. (In re Congoleum Corp.)*, 2021 Bankr. LEXIS 10, 2021 WL 28396 (Bankr. D.N.J. Jan. 4, 2021), where the Bankruptcy Court for the District of New Jersey denied a motion by Congoleum Corporation (the "Debtor") for approval pursuant to Bankruptcy Rule 9019 of a settlement agreement, (the "Settlement") between the

25

Debtor and Bath Iron Works Corporation ("BIW"). The Court declined to approve the Settlement, which was conditioned on the Court making findings that could impact litigation in another court, because the Court was' unwilling to make all the requested findings. However, instead of explaining why it was denying approval of the Settlement or issuing partial findings, the Court denied the motion in its entirety, because to do otherwise while related pending litigation existed would, in the Court's view, amount to little more than an inappropriate advisory opinion.

66.     A bankruptcy court cannot approve a trustee's transfer of property that is not part of the bankruptcy estate as part of a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. Non-Estate Property Not Subject to Trustee's Transfer Powers: Property that falls outside the definition of the bankruptcy estate is generally not under the control of the trustee and therefore not subject to their power to transfer or liquidate. Moreover, there is no Basis for Court Approval: If the property isn't part of the estate, the bankruptcy court lacks the statutory authority to approve its transfer within the context of a Rule 9019 settlement.

67.     "In evaluating a settlement, '[t]he court may give weight to the trustee's opinion that the settlement is fair and equitable,' but may not simply adopt the [t]rustee's position without making its own independent inquiry." *In re Soup Kitchen Int'l Inc.*, 506 B.R. 29, 37 (Bankr. E.D.N.Y. 2014) (quoting *In re Copperfield Invs., LLC*, 401 B.R. 87, 92 (Bankr. E.D.N.Y. 2009)); see also *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009) ("A court may not simply defer to a [trustee's] judgment, but must independently evaluate the reasonableness of the settlement.")

68.     It is axiomatic that, to approve a settlement, the terms of the settlement must be lawful. See *Arrowsmith v. Mallory (In re Health Diagnostic Lab'y, Inc.)*, 588 B.R. 154, 162

(Bankr. E.D. Va. 2018) (stating that "courts will not approve settlement agreements that are 'illegal, a product of collusion, or against the public interest'' (quoting *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999))); *In re Christensen*, 561 B.R. 195, 215 (Bankr. D. Utah 2016) ("[S]tipulations cannot be approved if they violate the law."), *aff'd sub nom. In re Bird*, 577 B.R. 365 (B.A.P. 10th Cir. 2017); *In re Telcar Grp., Inc.*, 363 B.R. 345, 357 (Bankr. E.D.N.Y. 2007) ("To the extent a proposed settlement includes provisions, the enforcement of which would be illegal or against public policy, it matters not whether the settlement is in the best interests of the estate."). Rather, before entering a consent decree the court must satisfy itself that the agreement "is fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir.1991). Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest.

69.    Additionally, the Settlement Motion purports to decide rights and to distribute property owned by a non-debtor, non-party (i.e., Serv Trust). The Bankruptcy Code does not authorize a bankruptcy court to eliminate rights with respect to a non-debtor's interest in property. Nor does it authorize a trustee to compromise someone else's claims. The Court did not decide those rights, but approved a settlement by a Chapter 7 Trustee who has no duty or authority to bind the non-debtor, non-party (i.e., Serv Trust).

70.    The Appellant also has a likelihood of success on a number of evidentiary issues.

71.    Additional errors subject to correction on appeal will be set forth in the statement of issues and designation of the record on appeal included in the Debtor's Notice of Appeal.

**B. The Debtor will Suffer Irreparable Harm Absent a Stay**

72.     Debtor will suffer irreparable injury if the stay is not granted.

**C. Granting the Stay will not Substantially Harm Any Other Parties.**

73.     In contrast to the substantial harm to the Debtor, there is no substantial harm to the Chapter 7 Trustee or the King Parties (or any other party) if the Court grants a stay pending the appeal.

**D. The Public Interest is Met by a Stay.**

74.     The final factor for the court to consider is the public interest. *Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.,* 22 F.3d 546, 551 (4th Cir.1994) (quoting *Direx Israel Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 812–13 (4th Cir.1991)). The case law signals a preference in favor of maintaining the status quo. *Feller v. Brock,* 802 F.2d 722, 727 (4th Cir.1986).

75.     The Court need only address the "public interest" element in "circumstances where the public interest is implicated." *In re Charter Co.,* 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987). To whatever extent this motion presents such circumstances, this factor is satisfied because it only need be shown that "the injunction will not disserve the public interest." *Texas Democratic Party v. Benkiser,* 459 F.3d 582 (5th Cir. 2006). There is no public interest that would be disserved by a stay pending appeal. Indeed, issuing a stay would serve the public interest.

**E. No Bond is Required**

76.     The primary duty of the court in considering the appropriateness of requiring a bond is to "'preserve the status quo while protecting the nonappealing party's rights pending appeal.'" *Willcox v. Stroup,* 358 B.R. 835, 839 (D.S.C. 2006), quoting *Connecticut General Life Ins. Co. v.*

28

*Riner,* 2005 WL 151933, *1 (W.D. Va. 2005). Requiring a bond is unnecessary here given that the order does not constitute a money judgment against the Debtor. Thus, the Court should not require a bond.

### III. CONCLUSION

77.    For the above-stated reasons, the Court should enter an order staying the effectiveness of its Order, pending completion of the Debtor's appeal.

RESPECTFULLY SUBMITTED on this 15th day of July, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

29

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 15, 2025, a copy of the foregoing was furnished to the

following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*