**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| BRIAN KING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Case No. 24-00007-MCR |
| v. | ) | |
| | ) | |
| ROGER SCHLOSSBERG, in His | ) | |
| Official Capacity as Chapter 7 Trustee | ) | |
| of the Bankruptcy Estate of Gregory B. | ) | |
| Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**OPPOSITION TO MOTION FOR DINAL SUMMARY JUDGMENT AS TO**
**COUNT I OF THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Come now Brian King, Cristina King and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), by and through undersigned counsel, in opposition to the Motion for Final Summary Judgment as to Count I of Third Party Complaint and Demand for Trial by Jury (the "Motion," as found at DE #78), and state as follows:

Gregory Myers ("Mr. Myers" or the "Debtor") appears to be moving for summary judgment on a third party complaint that does not exist. The Motion seeks adjudication of a claim set forth at docket entry 43-1 but, upon review, no such docket entry exists. And this is not a defense smugly pegged to a typographical error or founded upon a technicality; upon review of the docket in this case, there does not appear to have ever been docketed a third party complaint.

1

Axiomatically, one cannot seek summary judgment—or any other recognized variety of judgment—on a pleading that does not exist. While the King Parties do not have an on-point citation for this proposition, it is respectfully suggested such may be because there simply does not exist any reported precedent stemming from efforts to obtain summary judgment on a pleading that does not exist. *See, e.g.*, *Richfield Oil Corp. v. NLRB*, 231 F.2d 717, 723 (D.C. Cir. 1956). ("It requires no citation of authority to support the obvious…").

Equally, even if Mr. Myers were to docket a third party complaint, he would be without the ability to secure summary judgment thereupon for the simple reason that prosecution of a third party complaint requires one to already be a party to litigation. *See* Fed. R. Civ. P. 14 (noting that only "[a] defending party" may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."); Fed. R. Bankr. P. 7014 (incorporating Rule 14 in adversary proceedings).

Mr. Myers is, of course, not a party to this adversary proceeding. And, even if Mr. Myers were to become a party hereto, he still would not be a "defending party," insofar as no claims have been brought against him.

To be sure, other issues abound—not the least of which being that this litigation is subject to a compromise that has been approved by this Honorable Court. *See* DE #61. There is neither a case nor a controversy left to adjudicate herein.

At bottom, the Motion is a request for summary judgment filed by a non-party, premised on a non-existent pleading, in a case that no longer contains a live controversy. Suffice it to posit, the Motion is accordingly well meritorious of denial.

WHEREFORE, the King Parties respectfully pray this Honorable Court deny the Motion and afford such other and further relief as may be just and proper.

                                          Respectfully submitted,

Dated: July 31, 2025                 By: /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig, Esq.
                                            Bar No. 18071
                                            The VerStandig Law Firm, LLC
                                            9812 Falls Road, #114-160
                                            Potomac, Maryland 20854
                                            Phone: (301) 444-4600
                                            Facsimile: (301) 576-6885
                                            mac@mbvesq.com
                                            *Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all counsel in this adversary proceeding.

I DO FURTHER CERTIFY that on this 31st day of July, 2025, a copy of the foregoing was served via First Class Mail, postage prepaid, upon:

    Gregory Myers
    700 Gulf Shore Blvd. N
    Naples, Florida 34102
    *Debtor*

                                                /s/ Maurice B. VerStandig
                                              Maurice B. VerStandig