IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| BRIAN KING, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Case No. 24-00007-MCR |
| v. | ) | |
| | ) | |
| ROGER SCHLOSSBERG, in His | ) | |
| Official Capacity as Chapter 7 Trustee | ) | |
| of the Bankruptcy Estate of Gregory B. | ) | |
| Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**SUPPLEMENTAL OPPOSITION TO MOTION
FOR DINAL SUMMARY JUDGMENT AS TO COUNT I
OF THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Come now Brian King, Cristina King and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), by and through undersigned counsel, in supplementation to their prior opposition to the Motion for Final Summary Judgment as to Count I of Third Party Complaint and Demand for Trial by Jury (the "Motion," as found at DE #78, with the prior opposition being known as the "Opposition," as found at DE #90), and state as follows:

The Opposition urged the Motion should be denied because (i) the underlying third party complaint (the "Third Party Complaint") does not exist; (ii) Gregory Myers ("Mr. Myers") is not a party to this proceeding; (iii) Mr. Myers is not a "defending party;" (iv) this case has been settled; and (v) there is no case or controversy.

1

Subsequent to filing the Opposition, it came to undersigned counsel's attention that the Third Party Complaint actually was docketed. The mechanics of this are unusual. It appears a motion to intervene was filed at docket entry 43 on June 27, 2025, without any accompanying proposed form of pleading. It also appears that items were then appended to that docket entry on July 3, 2025 and July 21, 2025. A docket notation suggests the Third Amended Complaint was filed on July 2, 2025—five days after the motion to intervene was docketed—and appended to the motion thereafter.

This anomaly, while certainly unusual for myriad reasons, does call into somewhat sharper relief the eccentricities of a non-party seeking summary judgment on a pleading for which a summons has never been issued and for which service of a summons has thusly never occurred. Such a procedural maneuver is neither contemplated nor countenanced by applicable rules and ought to be accordingly rejected. The Motion also merits denial for the other reasons set forth in the Opposition.

WHEREFORE, the King Parties respectfully pray this Honorable Court deny the Motion and afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 4, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com
*Counsel for the King Parties*

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to all counsel in this adversary proceeding.

I DO FURTHER CERTIFY that on this 4th day of August, 2025, a copy of the foregoing was served via First Class Mail, postage prepaid, upon:

>Gregory Myers
>700 Gulf Shore Blvd. N
>Naples, Florida 34102
>*Debtor*

>/s/ Maurice B. VerStandig
>Maurice B. VerStandig