IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.
_____/

BRIAN KING, et al.,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.
_____/

Case No. 15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

### APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS

Debtor, GREGORY B. MYERS ("Mr. Myers" or "Debtor" or "Appellant"), *pro se*, pursuant to the applicable Federal Rules of Bankruptcy Procedure, hereby files *Appellant's Designation of Items to be Included in the Record on Appeal, Statement of the Issues to be Presented on Appeal, and Appellant's Certification of Ordering Transcripts* (the "Designation") in connection with Debtor's appeal filed on June 25, 2025 (Adv. No. 24-00007; Doc. 37), as now docketed in the United States District Court for the District of Maryland, Case **8:25-cv-02103-TDC** (the "Appeal").

1

Appellant filed his Notice of Appeal on June 25, 2025 (Adv. No. 24-00007; Doc. 37), appealing from the following orders, memorandums, notices, and rulings entered by the United States Bankruptcy Court for the District of Maryland in Adversary Case No. 24-00007:

1. *Order To Show Cause Why Complaint Should Not Be Dismissed For Want Of Prosecution* (Adv. No. 24-00007; Doc. 4).

2. *Order Granting Stipulation And Motion To Extend Time* (Adv. No. 24-00007; Doc. 7).

3. *Scheduling Order* (Adv. No. 24-00007; Doc. 15).

4. *Memorandum To Parties* (Adv. No. 24-00007; Doc. 27).

5. *Notice Of Evidentiary Hearing* (Adv. No. 24-00007; Doc. 29).

6. *Order Dissolving Show Cause Order After Response* (Adv. No. 24-00007; Doc. 32).

7. *Notice Of Evidentiary Hearing* (Adv. No. 24-00007; Doc. 33).

### Designation of Items to be Included in the Record on Appeal

**Administrative Case No. 15-26033-MCR**

Admin. Case Docket; CLAIM 21-1; CLAIM 22-1; CLAIM 23-1; Doc. 6; Doc. 319; Doc. 322; Doc. 1005; Doc. 1010; Doc. 1013; Doc. 1015; Doc. 1016; Doc. 1018; Doc. 1020; Doc. 1027; Doc. 1028; Doc. 1029; Doc. 1039; Doc. 1046-1; Doc. 1051; Doc. 1052; Doc.1053; Doc. 1055; Doc. 1060; Doc. 1061; Doc. 1062; Doc. 1069; Doc. 1070; Doc. 1071; Doc. 1072; and Doc. 1077.

**Adversary No. 24-00007**

Adversary Case Docket; Doc. 1; Doc. 8; Doc. 9; Doc. 12; Doc. 13; Doc. 14; Doc. 15; Doc. 17; Doc. 19; Doc. 22; Doc. 23; Doc. 25; Doc. 27; Doc. 28; Doc. 29; Doc. 33; Doc. 36; Doc. 37; Doc. 43; Doc. 45; Doc. 47; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 56; Doc. 57; Doc. 59; Doc. 60; Doc. 61; Doc. 67; Doc. 68; Doc. 69; Doc. 70; Doc. 71; Doc. 72; Doc. 73; Doc. 74; Doc. 75; Doc. 76; Doc. 77; Doc. 78; Doc. 79; Doc. 83; Doc. 84; and Doc. 89.

## Preliminary Statement of the Issues to be Presented on Appeal

1. Did the Bankruptcy Court err by entering the *Order To Show Cause Why Complaint Should Not Be Dismissed For Want Of Prosecution* (Adv. No. 24-00007; Doc. 4); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 4), resulting in said *Order* (Adv. No. 24-00007; Doc. 4) being void.

2. Did the Bankruptcy Court err by entering the *Order Granting Stipulation And Motion To Extend Time* (Adv. No. 24-00007; Doc. 7); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 7), resulting in said *Order* (Adv. No. 24-00007; Doc. 7) being void.

3. Did the Bankruptcy Court err by entering the *Scheduling Order* (Adv. No. 24-00007; Doc. 15); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 15), resulting in said *Order* (Adv. No. 24-00007; Doc. 15) being void.

4. Did the Bankruptcy Court err by entering the *Memorandum To Parties* (Adv. No. 24-00007; Doc. 27); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 27), resulting in said *Order* (Adv. No. 24-00007; Doc. 27) being void.

5. Did the Bankruptcy Court err by entering the *Notice Of Evidentiary Hearing* (Adv. No. 24-00007; Doc. 29); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 29), resulting in said *Order* (Adv. No. 24-00007; Doc. 29) being void.

6. Did the Bankruptcy Court err by entering the *Order Dissolving Show Cause Order*

*After Response* (Adv. No. 24-00007; Doc. 32); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 32), resulting in said *Order* (Adv. No. 24-00007; Doc. 32) being void.

7. Did the Bankruptcy Court err by entering the *Notice Of Evidentiary Hearing* (Adv. No. 24-00007; Doc. 33); and, in particular, did the bankruptcy court err by failing to establish its own subject matter jurisdiction before entering said *Order* (Adv. No. 24-00007; Doc. 33), resulting in said *Order* (Adv. No. 24-00007; Doc. 33) being void.

### Certification Transcripts Have Been Ordered

Appellant certifies that transcripts for the June 30 - July 1, 2025, hearing in Adversary Case No. 24-00007 have been ordered in connection with this appeal.

### Reservation of Rights

Appellant reserves the right to amend and/or supplement the foregoing Designation.

RESPECTFULLY SUBMITTED on August 5, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2025, APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

                                                    Gregory B. Myers, pro se