**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS,                                Case No.  15-26033-MCR
                                                              (Chapter 7)

    Debtor.

_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.                                                              Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

### APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS

Debtor, GREGORY B. MYERS ("Mr. Myers" or "Debtor" or "Appellant"), *pro se*,

pursuant to the applicable Federal Rules of Bankruptcy Procedure, hereby files *Appellant's*

*Designation of Items to be Included in the Record on Appeal, Statement of the Issues to be*

*Presented on Appeal, and Appellant's Certification of Ordering Transcripts* (the "Designation")

in connection with Debtor's appeal docketed in the United States District Court for the District of

Maryland, as Case **8:25-cv-02635-TDC** (the "Appeal").

Appellant filed his Notice of Appeal on July 31, 2025 (Doc. 92), appealing from: (i) the

July 18, 2025, Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal*;

and (ii) the July 18, 2025, Order (Doc. 84) denying Mr. Myers's *Motion To Shorten Time To*

1

*Respond To Emergency Motion For Stay Pending Appeal (Requesting Shortened Period of Wednesday, July 16, 2025 at 3:00 p.m.)*, entered by the United States Bankruptcy Court for the District of Maryland in Adversary Case No. 24-00007, together with all interim orders merged into said Orders.

### Designation of Items to be Included in the Record on Appeal

### Administrative Case No. 15-26033-MCR

Admin. Case Docket; CLAIM 21-1; CLAIM 22-1; CLAIM 23-1; Doc. 6; Doc. 319; Doc. 322; Doc. 1005; Doc. 1010; Doc. 1013; Doc. 1015; Doc. 1016; Doc. 1018; Doc. 1020; Doc. 1027; Doc. 1028; Doc. 1029; Doc. 1039; Doc. 1046-1; Doc. 1051; Doc. 1052; Doc.1053; Doc. 1055; Doc. 1060; Doc. 1061; Doc. 1062; Doc. 1069; Doc. 1070; Doc. 1071; Doc. 1072; and Doc. 1077.

### Adversary No. 24-00007

Adversary Case Docket; Doc. 1; Doc. 8; Doc. 9; Doc. 12; Doc. 13; Doc. 14; Doc. 15; Doc. 17; Doc. 19; Doc. 22; Doc. 23; Doc. 25; Doc. 27; Doc. 28; Doc. 29; Doc. 33; Doc. 36; Doc. 37; Doc. 43; Doc. 45; Doc. 47; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 56; Doc. 57; Doc. 59; Doc. 60; Doc. 61; Doc. 67; Doc. 68; Doc. 69; Doc. 70; Doc. 71; Doc. 72; Doc. 73; Doc. 74; Doc. 75; Doc. 76; Doc. 77; Doc. 78; Doc. 79; Doc. 83; Doc. 84; Doc. 89; Doc. 90; Doc. 92; and Doc. 98.

### Preliminary Statement of the Issues to be Presented on Appeal

1.      Did the bankruptcy court err by entering the Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal*;

2.      Did the bankruptcy court err by entering the Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal* when the bankruptcy court (Ruark, J) lacked subject matter jurisdiction over the claims and causes of action in in Adversary Case No. 24-00007.

3.      Did the bankruptcy court err by entering the Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal* when multiple motions to disqualify Judge Maria Elena Chavez-Ruark (Doc. 47; Doc. 57) remained pending and unresolved.

4.      Did the bankruptcy court err by entering the Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal* when Mr. Myers's THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY filed in Adversary Case No. 24-00007 (Doc. 43-1) remained pending and unresolved such that there was no final order or judgment resolving all claims against all parties in Adversary Case No. 24-00007.

5.      Did the bankruptcy court err by entering the Order (Doc. 83) denying Mr. Myers's *Emergency Motion For Stay Pending Appeal* when Mr. Myers's MOTION FOR FINAL SUMMARY JUDGMENT AS TO COUNT I OF THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY filed in Adversary Case No. 24-00007 (Doc. 78) remained pending and unresolved such that there was no final order or judgment resolving all claims against all parties in Adversary Case No. 24-00007.

6.      Did the bankruptcy court err by entering the Order (Doc. 84) denying Mr. Myers's *Motion To Shorten Time To Respond To Emergency Motion For Stay Pending Appeal (Requesting Shortened Period of Wednesday, July 16, 2025 at 3:00 p.m.)*, including for the reasons set forth in paragraphs 2, 3, 4, and 5, supra.

**Certification Transcripts Have Been Ordered**

Appellant certifies that transcripts for the June 30 - July 1, 2025, hearing in Adversary Case No. 24-00007 have been ordered in connection with this appeal.

**Reservation of Rights**

Appellant reserves the right to amend and/or supplement the foregoing Designation.

RESPECTFULLY SUBMITTED on August 29, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2025, APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*

4