**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

In re:

GREGORY B. MYERS,

    Debtor.

_____/

BRIAN KING, *et al.*,

    Plaintiffs,

v.

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

_____/

Case No.  15-26033-MCR
(Chapter 7)

Adv. No. 24-00007

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD
ON APPEAL, STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL,
AND CERTIFICATION REGARDING TRANSCRIPTS**

Appellant Gregory B. Myers, proceeding pro se, pursuant to Federal Rule of Bankruptcy

Procedure 8009, files this Designation of Items to Be Included in the Record on Appeal, Statement

of Issues to Be Presented on Appeal, and Certification Regarding Transcripts in connection with

Appellant's Notice of Appeal filed June 1, 2026 in Adv. Proc. No. 24-00007-MCR, appealing from

the Bankruptcy Court's May 26, 2026 Order entered at Adv. Dkt. No. 131.

This appeal has been docketed in the United States District Court for the District of

Maryland as Civil Action No. 8:26-cv-02175-TDC.

**I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Appellant designates the following items from Adv. Proc. No. 24-00007-MCR:

1

1. Adversary Proceeding Docket Sheet.

2. Adv. Dkt. No. 116 — Order Denying Motion to Intervene in Adversary Proceeding, entered April 15, 2026.

3. Adv. Dkt. No. 117 — Order Denying Motion to Dismiss for Failure to Join Indispensable Party, entered April 15, 2026.

4. Adv. Dkt. No. 118 — Order Denying Motion to Disqualify Judge, entered April 15, 2026.

5. Adv. Dkt. No. 119 — Order Denying Debtor's Motion to Disqualify Counsel, entered April 15, 2026.

6. Adv. Dkt. No. 120 — Order Denying Second Motion to Disqualify Judge, entered April 15, 2026.

7. Adv. Dkt. No. 121 — Order Denying Motion for Summary Judgment, entered April 15, 2026.

8. Adv. Dkt. No. 128 — Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, filed May 20, 2026, including Declaration and Exhibits.

9. Any certificate(s) of mailing or notice relating to Adv. Dkt. Nos. 116, 117, 118, 119, 120, and 121, including any BNC Certificates of Mailing relied upon by the Bankruptcy Court in Adv. Dkt. No. 131.

10. Adv. Dkt. No. 131 — Order Denying Debtor's Omnibus Protective Motion for Extension of Time to Appeal April 15, 2026 Orders, to Vacate Orders as Void, or Alternatively for Indicative Ruling Under Rule 8008, entered May 26, 2026.

11. Adv. Dkt. No. 133 — Notice of Appeal from Adv. Dkt. No. 131, filed June 1, 2026, including any attachment.

12. Adv. Dkt. No. 141 — United States Bankruptcy Court Transmittal Sheet to United States District Court, dated June 16, 2026.

13. Any docket entry, notice, or transmittal reflecting the filing, docketing, or transmission of the present appeal to the United States District Court for the District of Maryland.

Appellant further designates the following items from the main bankruptcy case, Case No. 15-26033-MCR, to the extent not already included in the adversary record:

14. Main Bankruptcy Case Docket Sheet.

15. Main Case Dkt. No. 1029 — Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, entered December 11, 2023.

16. Main Case Dkt. No. 1072 — Order or related docket entry concerning the Trustee's compromise/settlement with the King Parties, entered July 3, 2025, if applicable.

17. Notices of Appeal, docket entries, and transmittal sheets reflecting related pending appeals before the United States District Court for the District of Maryland assigned to Judge Theodore D. Chuang, including Case Nos. 8:25-cv-02042-TDC, 8:25-cv-02103-TDC, 8:25-cv-02337-TDC, 8:25-cv-02338-TDC, and 8:25-cv-02635-TDC, to the extent relevant to the Bankruptcy Court's jurisdiction under Griggs and the functional test.

Appellant reserves the right to supplement this designation if Appellees contend additional docket entries are necessary or if the Bankruptcy Clerk identifies related docket entries necessary to complete the record.

## II. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court erred as a matter of law by denying Appellant's Rule 8002(d) motion as untimely where the motion was filed 35 days after entry of the

challenged April 15, 2026 orders, i.e., within the 14-day appeal period plus the additional 21-day excusable-neglect period provided by Federal Rule of Bankruptcy Procedure 8002(d)(1)(B).

2. Whether the Bankruptcy Court abused its discretion or otherwise erred by failing to conduct the required excusable-neglect analysis under Federal Rule of Bankruptcy Procedure 8002(d) after Appellant filed a timely motion for extension of time to appeal.

3. Whether the Bankruptcy Court erred by relying on service at Appellant's address of record and BNC Certificates of Mailing to deny the Rule 8002(d) request without addressing Appellant's declaration that he did not discover the April 15, 2026 orders until May 13, 2026 and acted promptly thereafter.

4. Whether the Bankruptcy Court erred in concluding, under the "functional test," that it had jurisdiction to enter the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 while related adversary and settlement/jurisdictional issues were already pending on appeal before the United States District Court.

5. Whether the April 15, 2026 orders at Adv. Dkt. Nos. 116 through 121 were void, ineffective, or without preclusive effect because they were entered after the filing of notices of appeal that divested the Bankruptcy Court of jurisdiction over the relevant aspects of the adversary proceeding under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

6. Whether the Bankruptcy Court erred by denying Appellant's request for vacatur of the April 15, 2026 orders under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4).

7. Whether the Bankruptcy Court erred by denying, or failing to meaningfully address,

4

Appellant's alternative request for an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.

8. Whether the Bankruptcy Court's May 26, 2026 Order should be reversed, vacated, or remanded with instructions to consider Appellant's Rule 8002(d) request under the correct legal standard and/or to address the Rule 9024/Rule 60(b)(4) and Rule 8008 issues.

## III. CERTIFICATION REGARDING TRANSCRIPTS

Appellant certifies that no additional transcript is presently required for this appeal because the order appealed from, Adv. Dkt. No. 131, was entered without a hearing. Appellant reserves the right to request supplementation if Appellees designate or rely upon any hearing transcript or if the Court determines that any transcript is necessary.

## IV. RESERVATION OF RIGHTS

Appellant reserves the right to amend or supplement this designation and statement of issues as permitted by the Federal Rules of Bankruptcy Procedure, order of the Court, or agreement of the parties.

RESPECTFULLY SUBMITTED on June 24, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2025, the foregoing Designation was filed with the

Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties

registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012


_____
Gregory B. Myers, *pro se*

6