# Exhibit C



Dominic J. Souza, Esquire
Managing Principal

Email: dsouza@souzalaw.com

June 7, 2018

<u>Via Email and UPS Ground Delivery</u>

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

Re:  <u>NOTICE OF CONFLICT OF INTEREST AND INTENT TO FILE MOTION
      TO DISQUALIFY</u>
      S File No.:    64900-0003

Dear Mr. VerStandig:

As you know, this office represents Serv Trust, a member in 6789 Goldsboro, LLC (hereinafter the "LLC").

We understand that you represent Cristina King, Brian King and the Cristina and Brian King's Children's Trust (the "King Parties") and that you are counsel of record for the King Parties in litigation against Serv Trust currently pending in the Circuit Court for Montgomery County, Maryland; Case No. 436977V (the "King Litigation"). We also understand that you represent the LLC and that you are counsel of record for the LLC in litigation against Serv Trust pending in the Circuit Court for Garett County, Maryland; Case No. C-11-CV-18-000018 (the "LLC Litigation"). As you know, the King Parties own 50% of the LLC as Class A Members, and Serv Trust owns 50% of the LLC as the sole Class B Member.

As further set forth below, this letter is intended to advise you that certain facts and circumstances have come to our attention which lead us to believe that your representation of the LLC and the King Parties in the LLC Litigation and the King Litigation, and for that matter your representation of any party in a dispute against Serv Trust, constitutes a conflict of interest in violation of the Maryland Lawyer's Rules of Professional Conduct (the "Rules").

**First, it has come to our attention that you have represented Mr. Gregory B. Myers and his wife both when you were at the law firm of Ofitt Kurman and at your current law firm, The Verstandig Law Firm, LLC, and that your representation of the plaintiffs in the King Litigation and the LLC Litigation represents a clear conflict of interest.**

Indeed, a review of Maryland's judicial records shows that you and your current firm were counsel of record for Mr. Myers in two cases before the Circuit Court for Montgomery County, Maryland: Case No. 408746-V filed in September of 2015, and Case No. 393231-V filed in July of 2014. As we understand it, there are many more matters on which you acted as legal counsel to Mr. Myers and/or his wife.

Maurice B. VerStandig, Esq.
June 7, 2018
Page 2 of 4

We further understand that you and Offit Kurman represented the LLC in various matters, including matters relating to the property that is the subject of the King Litigation.

As you are obviously aware, you are now counsel of record for the plaintiff in two more matters, the King Litigation and the LLC Litigation, both against Serv Trust, and both involving Serv Trust's interests in the LLC.

Rule 1.9 of the Rules states as follows:

(a)      A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b)      A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) from whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c)      A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Of particular note, Comment (3) to Rule 1.9 provides in pertinent part that "Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."

Among other facts, below are a few facts that make the violation of the Rules abundantly clear:

1. Your representation of Mr. Myers both at Ofitt Kurman and your current firm undoubtedly provided you with access to detailed and comprehensive information concerning his personal and financial affairs and business interests. Given your representation of Mr. Myers in numerous matters relating to his personal and financial interests, including his interests in the entities and organizations he owns

Maurice B. VerStandig, Esq.
June 7, 2018
Page 3 of 4

and/or controls, it is exceedingly difficult to imagine that you did not acquire knowledge and/or information regarding Mr. Myers and Serv Trust that already has (or at least almost certainly will be) used to the advantage of the King Parties and/or the LLC and to the detriment of Mr. Myers and Serv Trust in the actions at issue. In other words, there is clearly a substantial risk that confidential factual information as would normally have been obtained in your prior representation of Mr. Myers would, and likely already has, materially advanced the King Parties and the LLC's position in the King Litigation and the LLC Litigation. This is a clear violation of Rule 1.9.

2. Mr. Myers personally guaranteed the alleged debt on which the LLC Litigation is based. This means that the LLC is, in effect, taking adverse action against Mr. Myers because he would be responsible for any default under the note pursuant to the guaranty. Thus, in clear violation of Rule 1.9, you are representing the LLC in claims against a former client in a substantially related matter who of course has not provided his informed consent. Indeed, the LLC Litigation is a debt collection action, so it's hard to see how the knowledge and information you previously acquired in connection with your representation of Mr. Myers, much of which was related to Mr. Myers' and his families' financial interests, wouldn't advance the LLC's interests in the LLC Litigation—again, a clear violation of the Rules.

**Second, it seems abundantly clear to us that your representation of the LLC and the Class A Members of the LLC individually represents a conflict of interest.**

Based on the information we have available to us at this time, it appears highly likely that the LLC has adverse claims against the King Parties (primarily Brian King as the manager of the LLC) and that it is in the LLC's best interests to pursue those claims. The facts and circumstances giving rise to those claims include, without limitation, the following:

1. Upon information and belief, Mr. King deliberately sought to keep the value of the real property owned by the LLC (the "Property") artificially low, presumably in an attempt to trigger the redemption procedures in the LLC's operating agreement to the detriment of the Class B member of the LLC. As we understand it, virtually all efforts to entitle the Property (as that term is defined in the LLC's operating agreement) came to an abrupt halt after Mr. Myers was terminated as the Manager of the LLC and Mr. King was appointed as Manager. Mr. King's subsequent failure to pursue any development efforts went beyond neglect, and represented an intentional and deliberate attempt to lower the value of the Property which clearly was not in the best interests of the LLC. Such actions constitute, at a minimum, a breach of his fiduciary duties to the LLC. [1]

2. Upon information and belief, the King Parties made loans to the LLC in excess of the amounts authorized by the members of the LLC, and this gives rise to claims by the LLC against the King Parties.

3. Upon information and belief, the King Parties, and specifically Brian King, have otherwise failed to act in the best interests of the LLC.

---

[1] Please note that, through Serv Trust's Interrogatories to Mr. King, Serv Trust gave Mr. King the opportunity to expound upon any efforts to develop the Property but Mr. King neglected or refused to do so in response to Serv Trust's Interrogatories.

Maurice B. VerStandig, Esq.
June 7, 2018
Page 4 of 4

Rule 1.7(a)(2) of the Rules states that a conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Moreover, per Rule 1.7(b)(3) of the Rules, such a conflict cannot be waived where the representation involves the assertion of a claim by one client against another client in the same litigation or other proceeding.

It is clearly in the LLC's best interests to advance claims against the Class A Members and given that the Rules expressly prohibit you from doing so while representing the King Parties and the LLC, your representation of the LLC and the King Parties individually represents a conflict of interest that has not, and cannot, be waived.

In sum, given yours and your prior law firm's representation of Mr. Myers, your representation of the King Parties and the LLC in the subject actions against Serv Trust is rife with potential and actual conflicts of interest in violation of the Rules. Given all of the foregoing, the Rules do not permit you to represent the LLC and the King Parties in the LLC Litigation or the King Litigation, and you must immediately withdrawal your representation of the LLC and King Parties accordingly.

**If you fail to withdrawal, then Serv Trust will have no choice but to move the Court to disqualify you as counsel of record in the LLC Litigation and the King Litigation.**

Please be further advised that our evaluation of your potential and actual conflicts is still underway, and to the extent that we discover new facts or circumstances that give rise to additional violations of the Rules, any such violations will be made a part of any Motion to Disqualify.

To the extent that you disagree with the foregoing or have countering facts, please provide your position to us for our consideration. However, please note that if we do not hear from you within one (1) week of the date of this letter, or on or before June 14, 2018, we will proceed with petitioning the Court to disqualify you as counsel. Thank you.

Very truly yours,

Dominic J. Souza

cc:    Client                                  *Via First Class Mail*

DJS/sk