# Exhibit D



Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

June 13, 2018

**VIA ELECTRONIC MAIL**
Dominic J. Souza, Esq.
Souza LLC
2543 Housley Road
Annapolis, Maryland 21401
dsouza@souzalaw.com

Re:   Serv Trust

Dear Mr. Souza:

I am in receipt of your correspondence of June 7, 2018 (the "Letter"), wherein you assert, *inter alia*, that my representation of 6789 Goldsboro LLC ("Goldsboro LLC"), Brian King ("Mr. King") and Cristina King ("Ms. King") in cases against Serv Trust ("Serv Trust") represents a conflict of interest in contravention of the Maryland Rules. While I appreciate that you have sent the Letter in advance of filing any motions or furthering the claims set forth therein, I respectfully disagree with your missive's premise and would urge that you refrain from seeking my disqualification.

As you properly note, there are two cases in which I represent a party adverse to Serv Trust: a collection proceeding pending in Garrett County, Maryland (the "Collection Case") and a declaratory judgment suit pending in Montgomery County, Maryland (the "Declaratory Judgment Case"). I represent Goldsboro LLC in the Collection Case; I represent Mr. King and Ms. King in the Declaratory Judgment Case.

Your letter suggests I have a conflict for three reasons: (i) I have previously represented Gregory Myers ("Mr. Myers") during my time at Offit Kurman, P.A. ("Offit Kurman") and he is a trustee of Serv Trust; (ii) my representation of Goldsboro LLC is adverse to my representation of Mr. King since you posit Goldsboro LLC may have one or more claims against Mr. King; and (iii) I previously represented Goldsboro LLC while at Offit Kurman. I will address each such assertion below:

**I.    There is No Conflict Posed by the Two Present Cases**

First, my representation of Goldsboro LLC is presently limited to the Collection Case, which is a suit where claims are brought against Serv Trust based on its failure to pay a promissory note on which Serv Trust is obliged. I do *not* represent Goldsboro LLC in the Declaratory Judgment Case and, to the contrary, Goldsboro LLC is actively represented by separate counsel in the Declaratory Judgment Case.



While I do not believe Goldsboro LLC has any claim against Mr. King for breach of fiduciary duty, this is an analysis that need not be undertaken as of present since I do not represent Goldsboro LLC in the proceeding where this claim has been introduced by your client.

Should there come a time when my representation were to extend to that of Goldsboro LLC in the Declaratory Judgment case, however, I would need more information on why Serv Trust maintains a fiduciary duty to have been breached. Without being unduly adversarial (this letter does not seem an appropriate forum to litigate the merits, *vel non*, of the cases), the theory of a breach of fiduciary duty advanced by Serv Trust in its counterclaim is genuinely not one that seems viable. The motion to dismiss filed by Mr. and Ms. King speaks more fully to this, and I'll refrain from rehashing its arguments herein.

I would need a better understanding of what fiduciary duty has been seemingly violated, how and when it was violated, and what damages flow therefrom, to apprise this contention, since my own analysis has been that no such duty was violated by Mr. King. But, again, this is a moot point as of present.

## II. I Have Never Represented Serv Trust or Mr. Myers in His Capacity as a Trustee of Serv Trust

Second, my representing of parties adverse to Serv Trust is not prohibited by my previous representation of Mr. Myers. To be absolutely clear, I have not served as counsel to Serv Trust at any point in time, nor have I ever counseled Mr. Myers in his capacity as a trustee of Serv Trust – period.

While at Offit Kurman, I acted as Mr. Myers' counsel in the following matters in Maryland and Florida:

a. *Myers, et al. v. Wittstadt, et al.*, Case No. 408746-V (Montgomery County Circuit Court 2015) – A counterclaim against parties prosecuting a foreclosure proceeding against Mr. Myers;

b. *Kelly, et al. v. JPMorgan Case Bank, N.A.*, Case No. 401247-V (Montgomery County Circuit Court 2015) – A third party complaint against a bank correlative to a foreclosure proceeding against Mr. Myers, which was removed to the United States District Court for the District of Maryland and there assigned the designation *Kelly, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 8:15-cv-1115-TDC (D. Md. 2015);

c. *Brown, et al. v. Myers, et al.*, Case No. 394829-V (Montgomery County Circuit Court 2014) – A foreclosure action to which Mr. Myers was a defendant, from which the foregoing two matters spring (pursuant to a standing order in the Circuit Court for Montgomery County, counterclaims and third party claims in foreclosure proceedings are separated and regarded as their own case);



d.  *Myers, et al. v. Regions Bank*, Case No. 393231-V (Montgomery County Circuit Court 2014) – A proceeding where a foreign judgment was enrolled against Mr. Myers;

e.  *US Bank, NA v. Myers, et al.*, Case No. 11-2009-CA-10813 (Collier County Circuit Court 2009) – A foreclosure action to which Mr. Myers was a defendant;

f.  *Regions Bank v. Myers, et al.*, Case No. 66-2010-CA-1162 (Walton County Circuit Court 2010) – A foreclosure action to which Mr. Myers was a defendant;

g.  *Bank of America v. Kelly, at al.*, Case No. 66-2010-CA-660 (Walton County Circuit Court 2010) – A foreclosure action to which Mr. Myers was a defendant;

h.  *Kelly, et al. v. Regions Bank*, Case No. 3:11-cv-252 (N.D. Fla. 2011) – A suit concerning certain practices of Regions Bank; and

i.  Various appellate matters stemming from the foregoing cases.

By design, I have summarized each of these cases in a broad manner, using details no greater than what a lay member of the public could rapidly deduce from fleetingly glancing at any of the correlative files in a clerk's office or online. However, from even these summaries, it should be apparent that my work as Mr. Myers' counsel concerned only (i) defense of foreclosure actions; and (ii) disputes with banks claiming to be creditors of his.

Those cases have nothing whatsoever to do with the Collection Case or the Declaratory Judgment Case. I not once represented Mr. Myers as a trustee of Serv Trust, I did not counsel him in connection with anything related to Serv Trust, I gained no knowledge of any of Serv Trust's confidential dealings, I gained no knowledge of Serv Trust's finances, and I took with me no privileged information that is even remotely close to being relevant to the Collection Case or the Declaratory Judgment Case.

To the contrary, I never once reviewed the promissory note on which the Collection Case is based until *after* I was approached by Goldsboro LLC; I never once reviewed the operating agreement on which the Declaratory Judgment case is based until *after* I was approached by Mr. and Ms. King; and to this day I have never read Serv Trust's actual trust agreement (though I was once in the same room as the document – long after I stopped representing Mr. Myers – when I attended an examination of Mr. Myers taken in his bankruptcy proceedings).

With regard to the portion of your claim that Mr. Myers' guarantee of the debt in the Collections Case creates a conflict, I would note that (i) he has not been personally made a party to that case; (ii) he is presently a debtor in bankruptcy; and (iii) no effort to obtain relief from the automatic stay has been taken. I do not believe his guarantee is of any relation to my previous representation of Mr. Myers, and he is not presently a client of mine, so I would be free to represent Goldsboro LLC in a proceeding to collect upon the guarantee – but that is also a hypothetical construct which will remain moot unless and until Mr. Myers' discharge is revoked.

**9812 Falls Road | #114-160 | Potomac, Maryland 20854**



### III.   My Previous Representation of Goldsboro LLC is Immaterial

Your Letter also suggests that while at Offit Kurman, I represented Goldsboro LLC, and that somehow creates a conflict of interest presently. This simply does not make sense for two reasons.

First, it is difficult to make sense of this point, since you never extrapolate upon it in the Letter. However, it is necessarily difficult to understand how a previous representation of an entity would presently preclude my representation of the same entity in one case, or its members in another case.

Second, though, the suggestion that I represented Goldsboro LLC at Offit Kurman is contextually misleading. I have absolutely no recollection of doing any work for Goldsboro LLC at my previous firm, have no files related to any such work, and – as intimated above – knew almost nothing about the entity until I was approached to handle these cases.

However, when Mr. Myers suggested I had a conflict of interest on September 13, 2017, and threatened to personally sue me and my law firm in the letter I am enclosing herewith, he asserted I had previously been Goldsboro LLC's counsel, which led me to investigate the matter. It appears that as an associate I billed 2.0 hours of time, on February 5, 2014, to a research of a purely legal question, after which I wrote an e-mail memorandum to a partner based on my findings, and that this is the only occasion, of which I am presently aware, on which I did any work for the entity before the present Collection Case. Upon a review of the billable entry, it is clear that the research assignment in question has absolutely nothing to do with my present representation.

### IV.   Mr. Myers' Financial Affairs are Revealed in his Bankruptcy

I am not sure I appreciate why knowledge of Mr. Myers' financial affairs would impact my ability to represent parties adverse to Serv Trust, unless Mr. Myers is suggesting Serv Trust is his alter ego or that he has somehow not maintained proper formalities in dealing with the trust (and, even then, per the rules you cite, my sole obligation would be to not use such information against Mr. Myers; not to forbear from taking on a case). And thus I am perplexed by the portion of your letter suggesting any knowledge of Mr. Myers' finances I gained during my representation of him would create a conflict here.

However, even if, somehow, this were a point meritorious of address, it would be moot. Mr. Myers is presently a debtor in bankruptcy. *See, e.g., In re: Myers,* Case No. 15-26033 (Bankr. D. Md. 2015). Pursuant to controlling law, Mr. Myers' financial dealings are to be fully and publicly revealed in his bankruptcy proceedings. *See, generally,* 11 U.S.C. § 521 (setting forth the scheduling requirement of debtors).

If Mr. Myers is asserting that he has not honored his obligations as a debtor in bankruptcy, and that there is some material piece of information about his financial affairs to which I am privy but which he has declined to disclose to the United States Bankruptcy Court for the District of



Maryland, or if he is suggesting that Serv Trust is a personal asset of his and not a trust for which he merely serves as trustee, such would be immensely concerning. But if that is Mr. Myers' contention, please let me know, and while I will not commit to withdrawing as counsel in the Declaratory Judgment Case or the Collection Case, I will certainly take the detailed answer you furnish and use it to run a revised ethical analysis in conformity with the Maryland Rules.

### V.      Absolutely No Privileged Information Has Been – or Will Be – Divulged

Finally, to be absolutely clear: No privileged information obtained during my representation of Mr. Myers has been shared with Goldsboro LLC, Mr. King or Ms. King – period.

Mr. King has been made aware (i) that I was previously Mr. Myers' counsel; (ii) that Mr. Myers is not an active client of myself or my firm; and (iii) that I will not, under any circumstances, discuss any privileged information stemming from my representation of Mr. Myers. Without waiving privilege owed to my present clients, I can indicate that Mr. King has never asked me to breach the confidences of any previous client of mine, and that at no time have I been placed in a compromising situation in the Collection Case or the Declaratory Judgment Case.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

*Nota Bene:* While I have endeavored to set forth sufficient information and argument in this letter to show the absence of a conflict of interest, there are additional factual and legal points upon which I would likely rely if you were to seek my disqualification. Please regard this letter as thorough, but not comprehensive.

cc:     Brian King

Enc.

## Mac VerStandig

| | |
|---|---|
| **From:** | Greg Myers <gregbmyers@verizon.net> |
| **Sent:** | Wednesday, September 13, 2017 3:44 PM |
| **To:** | Mac VerStandig |
| **Cc:** | 'Brian King'; 'Dan Ring'; gregbmyers@verizon.net |
| **Subject:** | 6789 Goldsboro LLC |

Mr. VerStandig,

Serv Trust has received correspondence from you and the VerStandig Law Firm dated August 23, 2017, wherein you state that you and the VerStandig Law Firm represent Brian King ("Mr. King"), Cristina King ("Ms. King"), and the Cristina and Brian King Children's Trust (the "King Trust") in their capacity as the collective Class A Members of 6789 Goldsboro LLC (collectively, the "Class A Members").

As you already know, when you were previously employed as an attorney with Offit Kurman, P.A. ("Offit Kurman"), you and Offit Kurman represented the interests of 6789 Goldsboro LLC, which derivatively include the interests of the Class A Members and the interests of the Class B Member, Serv Trust. In fact, if you take the time to check, you will find there is an invoice dated March 10, 2014 for services rendered by Offit Kurman to 6789 Goldsboro LLC, with a time entry for "Maurice B. VerStandig."

Notwithstanding that you may no longer be employed by Offit Kurman, you and the VerStandig Law Firm cannot now represent the Class A Members' interests in 6789 Goldsboro LLC, which interests are adverse to the Class B Member's (Serv Trust's) interests in 6789 Goldsboro LLC. You and the VerStandig Law Firm have never informed Serv Trust of the relevant circumstances and the reasonably foreseeable ways that a conflict could have an adverse impact upon Serv Trust's interests in 6789 Goldsboro LLC. Notwithstanding, Serv Trust did not consent to you or the VerStandig Law Firm representing the Class A Members' interests in 6789 Goldsboro LLC.

You and the VerStandig Law Firm's representation of the Class A Members' interests in 6789 Goldsboro LLC has harmed Serv Trust in a number of ways, some of which Serv Trust may not yet know. Serv Trust also has no way of knowing the extent to which you and other members of the VerStandig Law Firm have shared with third parties - without Serv Trust's consent - confidential information developed or obtained in the course of your prior representation of 6789 Goldsboro LLC and while employed at Offit Kurman.

I believe that you and the VerStandig Law Firm have violated the Maryland Rules of Professional Conduct, and I also believe that you and the VerStandig Law Firm have committed legal malpractice. Serv Trust fully intends to take all action necessary to protect its interests, and Serv Trust reserves its rights against you and the VerStandig Law Firm in this regard.

Lastly, as I am sure you are aware, the Class A Members are in continuing breach of the Memorandum of Understanding (the "Agreement") dated September 12, 2016, which sets forth the terms of an agreement by which the Class A Members of 6789 Goldsboro LLC agreed to purchase all of the interests of the Class B Member in 6789 Goldsboro LLC for a "Purchase Price" of $2,000,000.00.

Please proceed accordingly.

Serv Trust

/s/ Gregory B. Myers, Trustee
Gregory B. Myers, Trustee


Cc: Daniel J. Ring, Trustee of Serv Trust

1